**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**-------------------------------------------------------------X**
**CELINA ROBERTS and ANTHONY SCIOTTO, on behalf of themselves and others similarly situated;**

**Plaintiffs,**

**v.**

**COMPLAINT**

**THE TJX COMPANIES, INC., a Delaware Corporation; MARSHALLS OF MA, INC., a Massachusetts Corporation; MARMAXX OPERATING CORP., a Delaware Corporation, d/b/a MARSHALLS HOMEGOODS, d/b/a MARSHALLS, d/b/a T.J. MAXX HOMEGOODS; HOMEGOODS, INC., a Delaware Corporation; JOHN DOE CORPORATIONS 1-10, inclusive; JOHN DOE ENTITIES 1-10, inclusive; and JOHN and JANE DOES 1-10, inclusive;**

**JURY TRIAL REQUESTED**

**Defendants.**
**-------------------------------------------------------------X**

Plaintiffs Celina Roberts ("Roberts") and Anthony Sciotto ("Sciotto"), by and through their attorneys at Valli Kane & Vagnini LLP and Smith Lee Nebenzahl LLP, bring this action for damages and other legal and equitable relief from the Defendants' violations of Federal and State wage and hour laws stating the following as Plaintiffs' claims against The TJX Companies Inc. ("TJX"); Marshalls of MA, Inc. ("Marshalls"); Marmaxx Operating Corp., d/b/a Marshalls HomeGoods, d/b/a Marshalls, d/b/a T.J. Maxx HomeGoods ("Marmaxx"); HomeGoods, Inc., ("HomeGoods"); John Doe Corporations 1-10; John Doe Entities 1-10; and John and Jane Does 1- 10 (collectively "Defendants"):

## INTRODUCTION

1. This is an action brought by Plaintiffs challenging acts committed by Defendants against Plaintiffs amounting to wage and hour violations, as well as collective and class claims of violations of Federal and State wage and hour laws.

2. Plaintiffs also bring this action on their own behalf and on behalf of those similarly situated pursuant to the Fair Labor Standards Act, 20 U.S.C. §§ 201 *et seq*. ("FLSA") and N.Y. Lab. Law §§ 190 *et seq.* & §§ 650 *et seq.* ("NYLL").

3. The Defendants committed violations of these statutes by engaging in a systematic scheme of failing to compensate Plaintiffs and similarly situated employees for their statutorily required overtime pay.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the FLSA, 29 U.S.C. §§ 201 *et. seq.* This Court has supplemental jurisdiction for all claims asserted under the New York Labor Law in that the claims under these laws are part of the same case and controversy as the FLSA claims, the state and federal claims derive from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. This Court has personal jurisdiction because Defendants conduct business within this District and maintain their principle place of business in this District.

6. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(a), in that Defendants are subject to personal jurisdiction in this Court at the time this action was commenced and pursuant to 28 U.S.C. §§ 1391(b)(c), because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and Defendants maintain corporate offices, conduct business and reside in this District.

## PARTIES

7. Plaintiff Celina Roberts is a person who has been aggrieved by Defendants' actions. She is and has been, at all relevant times, a female citizen of the United States and a resident of the State of Texas.

8. Plaintiff Anthony Sciotto is a person who has been aggrieved by Defendants' actions. He is and has been, at all relevant times, a male citizen of the United States and a resident of the State of New York.

9. Defendant The TJX Companies Inc. ("TJX") is a Delaware corporation with a principal place of business and headquarters located at 770 Cochituate Road, Framingham, Massachusetts 01701, and employs individuals in Texas, New York and throughout the country.

10. Defendant Marmaxx Operating Corp. ("Marmaxx") is a Delaware corporation with a principal place of business and headquarters located at 770 Cochituate Road, Framingham, Massachusetts 01701. Marmaxx does business in the State of Texas under the assumed store names of Marshalls HomeGoods, Marshalls, and T.J. Maxx HomeGoods.

11. Defendant Marshalls of MA, Inc. ("Marshalls") is a Massachusetts corporation with a principal place of business and headquarters located at 770 Cochituate Road, Framingham, Massachusetts 01701.

12. Defendant HomeGoods, Inc. ("HomeGoods") is a Delaware corporation with a principal place of business and headquarters located at 770 Cochituate Road, Framingham, Massachusetts 01701.

13. Plaintiffs are unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein of the Defendants sued as John Doe Corporations 1-10; John Doe Entities 1-10; and John and Jane Does 1- 10, inclusive, but are informed and believe that said Defendants are legally responsible for the conduct alleged herein and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

14. Plaintiffs are informed and believe that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants; carried out a joint scheme, business plan or policy in all respects pertinent to; and the acts of each Defendant are legally attributable to each of the other Defendants.

15. At all relevant times, Defendants have been, and continue to be, an employer engaged in the interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, and/or continue to employ, employees, including Plaintiffs, and the putative Class Members. At all times relevant herein, Defendants have had gross operating revenues in excess of the $500,000.00 threshold test for the "enterprise" requirement under the FLSA.

## FLSA COLLECTIVE ACTION CLAIMS

16. Plaintiffs bring Count I, as set forth below, as a collective action pursuant to FLSA § 16(b), 29 U.S.C. § 216(b) on behalf of all Assistant Managers of Defendants ("Collective Plaintiffs").

17. Plaintiffs define the FLSA Collective Class as follows:

> All individuals classified as exempt from the FLSA's overtime pay provisions and employed as salaried Assistant Store Managers who have worked in excess of 40 hours per week during any work week within the previous three years in any Marshalls' and/or HomeGoods' stores owned and/or operated by The TJX Companies Inc. ("TJX"); Marshalls of MA, Inc. ("Marshalls"); Marmaxx Operating Corp., d/b/a Marshalls HomeGoods, d/b/a Marshalls, d/b/a T.J. Maxx HomeGoods ("Marmaxx"); HomeGoods, Inc., ("HomeGoods"); John Doe Corporations 1-10; John Doe Entities 1-10; and John and Jane Does 1 - 10 (collectively "Defendants").

18. During the time in question, Plaintiffs have been similarly situated to all Assistant Store Managers of Defendants and have been subjected to illegal terms and conditions of employment, including failure and refusal to compensate Plaintiffs and all similarly situated Assistant Store Managers for overtime hours worked during their employment with Defendants.

19. Plaintiffs' claims under the FLSA herein are essentially the same as those of all Assistant Store Managers in Defendants' employ in that it is Defendants' policy to require Assistant Store Managers to work in excess of forty hours per week, without proper compensation of overtime pay.

20. The Collective Plaintiffs under Plaintiffs' FLSA claim are readily discernable and ascertainable. All Collective Plaintiffs' contact information is readily available in Defendants' records. Notice of this collective action can be offered by first class mailings to the last known address in Defendants' possession as well as postings within the stores where these individuals are employed.

21. All collective class questions relating to Defendants' violations of the FLSA share a common factual basis with the Plaintiffs. No claims under the FLSA relating to the failure to compensate for overtime are specific to Plaintiffs and the claims are typical of the violations of the FLSA perpetrated by Defendants.

22. Plaintiffs will fairly and adequately represent the interests of the collective class and have no interests conflicting with the class.

23. A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

24. Plaintiffs' attorneys are familiar and experienced with collective and class action litigation as well as employment and wage and hour litigation.

25. The case being brought as a collective action has the public benefit of saving the Court time and effort by reducing the multitude of claims to a single litigation. Prosecution of separate actions by individual Collective Plaintiffs creates a risk for varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

26. The questions of law and fact are nearly identical for all Collective Plaintiffs and therefore proceeding as a collective action is ideal. Without this method, continued violations of the FLSA will undoubtedly continue.

**FRCP RULE 23 CLASS ACTION--NEW YORK STATE CLAIMS**

27. Plaintiff Sciotto brings Count II, as set forth below, as a class action pursuant to FRCP Rule 23 on behalf of himself as well as on behalf of all Assistant Store Managers of classified as exempt by Defendants in the State of New York ("New York State Plaintiffs").

28. Plaintiff Sciotto defines the New York State Class as follows:

> All individuals classified as exempt from the New York Labor Law's overtime pay provisions and employed as salaried Assistant Store Managers who have worked in excess of 40 hours per week during any work week within the previous six years in any Marshalls' and/or Homegoods' stores owned and/or operated by The TJX Companies Inc. ("TJX"); Marshalls of MA, Inc. ("Marshalls"); Marmaxx Operating Corp., d/b/a Marshalls HomeGoods, d/b/a Marshalls, d/b/a T.J. Maxx HomeGoods ("Marmaxx"); HomeGoods ("HomeGoods"); John Doe Corporations 1-10; John Doe Entities 1-10; and John and Jane Does 1 - 10 (collectively "Defendants").

29. The number of class members protected by the New York State Labor Law who have suffered under Defendants' violation of the labor law, as set forth herein, are too numerous to join in a single action, necessitating class recognition. Upon information and belief, Defendants employ several Assistant Store Managers at each store and have hundreds of stores throughout New York State carrying the name "Marshalls" "Homegoods" or "Marshalls/Homegoods."

30. All questions relating to Defendants' violation of the New York State Labor Law share the common factual basis with the class representative, Plaintiff Anthony Sciotto, including but not limited to: (a) The New York Class Plaintiffs were scheduled to work and/or required to work more than forty hours in a workweek; (b) The New York Class Plaintiffs were not compensated for overtime pay pursuant to Defendants' policies; (c) The New York Class Plaintiffs were not paid for hours worked in excess of forty per workweek; and (d) Defendants did not keep accurate records of the hours worked by the New York Class Plaintiffs.

31. No claims under the New York Labor Law relating to the denial of overtime pay are specific to Plaintiff Sciotto or any class member and the claims are typical of the violations of the New York State Labor Law perpetrated by Defendants and alleged in Count II.

32. Plaintiff Sciotto is able to and will fairly and adequately represent and properly protect the interests of the class and all class members because (1) he is willing and able to represent the proposed class and has every incentive to pursue this action to a successful conclusion; (2) his interests are not antagonistic to those of the other class members; and he is represented by counsel experienced in litigating major class actions in the field of wage and hour claims.

33. A class action is superior to all other methods and is necessary in order to fairly and completely litigate the violations of the New York State Labor Law which have occurred. Specifically, the violation of the Labor Law's requirements for overtime pay is at issue.

34. The list of putative class members included in Plaintiff Sciotto's New York State Labor Law claim is readily discernible and ascertainable from Defendants. Notice of this class action can be offered by any means permissible under the FRCP Rule 23 requirements.

35. The case being brought as a class action has the public benefit of saving the Court time and effort by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual class members creates a risk for varying results based on identical fact patterns as well as disposition of the classes' interests without their knowledge or contribution.

36. Because of the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff' Sciotto's willingness to proceed against Defendants. The anonymity inherent in a class action suit further provides safety against retaliation and/or undue stress and fear for the class members' jobs and continued employment.

37. Class certification is appropriate because common questions of law and fact predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**PLAINTIFF ROBERTS' CLAIMS**

38. Ms. Roberts is a 39 year old female.

39. Ms. Roberts was hired by Defendants on or about May 2008 as a Back Room Coordinator at the Marshall's store located at 7601 San Dario Avenue, Laredo, Texas. On or about June 2008, Ms. Roberts was promoted to an Assistant Store Manager.

40. As an Assistant Store Manager, Ms. Roberts worked approximately sixty (60) to seventy (70) hours per week. She was required to work five (5) days per week and often worked

six (6) or seven (7) days per week, particularly during various holiday times. She never received overtime wages for working in excess of forty (40) hours per week.

41. Ms. Roberts' duties were largely unrelated to the management of the store. On a near daily basis, Ms. Roberts was required to and did in fact perform tasks including stocking and running merchandise, cleaning the store and the bathrooms, ringing the register, unloading the delivery trucks three (3) times per week, marking down the merchandise, store recovery, trash disposal, gathering shopping carts in the parking lot, and handling layaway orders.

42. During her employment, Ms. Roberts complained to District Manager Mark Fouts that she worked too many hours without being compensated for doing so.

43. During her employment, Ms. Roberts also complained to Store Manager Roberto Cavazos that she was being paid less than minimum wage based on the number of hours she was working and the salary she was receiving.

44. Specifically at that time, Ms. Roberts complained to Mr. Cavazos that she was working too many hours and this had to stop. Ms. Roberts told Mr. Cavazos that if she knew that she would be working this number of hours as an Assistant Store Manager, she would have remained the Back Room Coordinator, performing almost identical duties, and receiving overtime pay.

45. In response, Mr. Cavazos and interim District Manager Diego Medina told Ms. Roberts that if "you need a job, you work. That's what you get paid for." Mr. Cavazos and Mr. Medina also told Ms. Roberts that she was required to work that many hours because the store did not have enough payroll to hire additional associates who could perform non-managerial duties.

46. During her employment, Ms. Roberts complained to another District Manager known as "Mark B." about working too many hours without being properly compensated to which the District Manager responded, "either you need the job or you don't."

**PLAINTIFF SCIOTTO'S CLAIMS**

47. Plaintiff Sciotto was hired by Defendants in and around June 2010 as an Operations Assistant Store Manager. Mr. Sciotto attended a five week training session for Assistant Store Managers at Marshalls stores in Elmont, New York and East Meadow, New York.

48. During his training, Mr. Sciotto primarily performed work that would typically be expected of hourly employees, including re-stocking the queue line, ringing registers, and flowing goods to the sales floor.

49. Mr. Sciotto was then placed at the Marshalls's store located at 1240 Old Country Road in Westbury, New York until in and around June 2012. In and around June 2012, Mr. Sciotto was moved to the Marshalls store located at 600 Hempstead Turnpike in Elmont, New York until February 2013. In February 2013, Mr. Sciotto became a Store Manager at the Marshalls store located at 168-23 Jamaica Avenue in Jamaica, New York. He remained employed with Marshalls in that capacity until November 30, 2013.

50. As an Assistant Store Manager, Mr. Sciotto worked approximately fifty (50) to sixty (60) hours per week. He was required to work a minimum of ten hours a day, five (5) days per week. In preparation for corporate visits, Mr. Sciotto and his similarly situated Assistant Store Managers worked seventy (70) hour weeks. Corporate visits occurred once every two

months and sometimes once per month. Mr. Sciotto never received overtime wages for working in excess of forty (40) hours per week.

51. Mr. Sciotto's duties were largely unrelated to the management of the store. On a daily basis, Mr. Sciotto was required to and did in fact perform tasks including stocking and running merchandise, processing merchandise in the backroom, unwrapping merchandise, cleaning the store, ringing the register, unloading the delivery trucks, marking down the merchandise, store recovery, trash disposal, and other duties typically expected of hourly employees.

52. Mr. Sciotto and his similarly situated Assistant Store Managers at the Westbury and Elmont locations had to perform such non-exempt duties because there were an insufficient number of hourly employees available to perform such tasks.

53. Mr. Sciotto's Store Managers and District Manager were aware that Mr. Sciotto and the other ASM's were performing primarily non-managerial duties.

54. Mr. Sciotto's Store Managers would also specifically assign non-exempt tasks to Mr. Sciotto and other Assistant Store Managers, such as processing goods in the backroom. These assignments were given mainly due to the pressure that the Store Managers received from the District Managers to complete such tasks.

55. Even after Mr. Sciotto became a Store Manager, he observed that there were still an insufficient number of hourly employees to complete the non-exempt duties that were required to be completed, which resulted in Assistant Store Managers regularly fulfilling these duties.

**CLASS/COLLECTIVE ACTION ALLEGATIONS**

56. Marshalls' and HomeGoods' stores owned and/or operated by Defendants operate under the same corporate policies, procedures, and programs.

57. All Assistant Store Managers at Marshalls and HomeGoods share the same uniform job descriptions.

58. Upon information and belief, well over fifty (50) percent of all of Defendants' Assistant Store Managers' time was spent performing duties such as stocking and running merchandise, processing merchandise in the backroom, cleaning the store, ringing the registers, unloading the delivery trucks, performing markdowns, store recovery, trash disposal, as well as other duties typically expected of hourly employees.

59. Rather than increase staff or hours worked by non-exempt employees in order to assure the proper functioning of a store, upper management required Assistant Store Managers to work longer hours and fulfill tasks expected of hourly employees.

60. As a result, Assistant Store Managers have worked excessive amounts of overtime hours in order to perform the duties of hourly positions. Plaintiffs and other similarly situated Assistant Managers were required to work up to seventy hours a week and/or six days each week.

61. Plaintiffs and similarly situated Assistant Store Managers were assigned additional duties outside the scope of their responsibilities as Assistant Store Managers. These acts were performed on company time and were not compensated through the legally required overtime wages.

62. This type of forced overtime without pay is common-place within Defendants' stores. The potential putative class/collective Plaintiffs have worked and continue to work overtime hours without statutorily required compensation.

63. In order to effectuate this scheme and practice, upper management dissuaded employees from asking questions about overtime pay.

## CAUSES OF ACTION

### Count I
### Violation of Fair Labor Standards Act
### (Plaintiffs Sciotto and Roberts on Behalf of All FLSA Collective Plaintiffs)

64. Plaintiffs repeat and reallege the allegations contained in the paragraphs above, as if fully set forth herein.

65. The conduct alleged herein violates the Fair Labor Standards Act as Defendants have failed to compensate Plaintiffs for overtime hours worked.

66. Plaintiffs' requests for relief are set forth below.

### Count II
### Violation of New York State Labor Law
### ( Plaintiff Sciotto on Behalf of All New York State Plaintiffs)

67. Plaintiff Sciotto repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

68. The conduct alleged herein violates the New York State Labor Law as Defendants have failed to compensate Plaintiffs, and other similarly situated Assistant Store Managers for overtime hours worked.

69. Plaintiff Sciotto's requests for relief are set forth below.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and the New York State Plaintiffs, pray for the following relief:

70. That this case be maintained and certified as a collective action on behalf of the proposed FLSA Collective Class, that the Plaintiffs be designated as representatives of the class, and that their counsel of record be designated as Class Counsel;

71. That this case be maintained and certified as a Class Action pursuant to FRCP Rule 23 on behalf of the proposed New York State class, that the Plaintiff be designated as the representative of the class, and that counsel of record be designated as Class Counsel for the Rule 23 class;

72. Order Defendants to file with this Court and furnish to counsel a verified list of names and addresses of all exempt Assistant Store Managers, and any other similarly situated employees who were employed by the Defendants nationwide three years prior to the date of filing this Complaint to the present and in New York, six years prior to the date of filing this Complaint to the present;

73. That the practices of the Defendant complained of herein be determined and adjudged to be in violation of the rights of the Plaintiffs and members of the Class under the FLSA and New York Labor Law;

74. That an injunction be issued prohibiting Defendant and its officers, agents, employees, and successors from engaging in the practices complained of herein and requiring the adoption of appropriate policies and programs consistent with Defendants' legal obligations to properly compensate all Assistant Store Managers.

75. All compensation which Plaintiffs and Class Members are entitled to due to Defendants' failure to compensate them for overtime hours worked, in violation of the Fair Labor Standards Act, including, but not limited to unpaid overtime and liquidated damages;

76. All compensation which Plaintiffs and the New York State Class Members are entitled due to Defendants' failure to compensate them for overtime hours worked which is in violation of the New York State Labor Law, including, but not limited to unpaid overtime and liquidated damages;

77. That the Plaintiffs and the members of the Class be awarded exemplary and punitive damages;

78. That the Plaintiffs and the Class be awarded the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

79. That the Plaintiffs and the members of the Class be awarded pre and post-judgment interest, as provided by law; and

80. That the Plaintiffs and the members of the Class be awarded such other and further legal and equitable relief as may be found appropriate and as this Court may deem necessary and proper.

Dated: December 11, 2013
Sharon, Massachusetts

Respectfully submitted,
ATTORNEYS FOR PLAINTIFFS

_/s/ Emily E. Smith-Lee________________

Emily Smith-Lee
Smith Lee Nebenzahl LLP
One Post Office Square
Sharon, MA 02067
(781) 784-2322

*Of Counsel*
James A. Vagnini
Deborah L. Rubin
Sara Wyn Kane
Robert J. Valli, Jr.
**Valli Kane & Vagnini, LLP**
600 Old Country Road, Suite 207
Garden City, New York 11530
(516) 203-7180
(516) 706-0248 (fax)