UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------X
CELINA ROBERTS, ANTHONY SCIOTTO,
ERIC BURNS, KERI DICKEY, ANGELA
RAMIREZ, DIANA SANTILLAN, CAMILLE
GHANEM, ARNOLD WILLIAMS,
OLUWATOSIN BABALOLA, TOMMY
ZAHTILA, TODD JUSTICE, GIANFRANCO
PIROLO, MICHAEL O'GRADY, AND JASON
FOSTER, individually, and on behalf of other
persons similarly situated,

    Plaintiffs

                 CIVIL ACTION NO. 1:13-CV-13142

v.

THE TJX COMPANIES, INC., a Delaware
Corporation; MARSHALLS OF MA, INC.,
a Massachusetts Corporation; MARMAXX
OPERATING CORP., a Delaware Corporation,
d/b/a MARSHALLS HOMEGOODS, d/b/a
MARSHALLS, d/b/a T.J. MAXX HOMEGOODS;
HOMEGOODS, INC., a Delaware Corporation;

    Defendant.
---------------------------------------------------------------X

**ORDER ON UNOPPOSED MOTION
FOR FINAL APPROVAL OF CLASS AND
COLLECTIVE ACTION SETTLEMENT AND JUDGMENT**

  This matter comes before the Court on Plaintiffs' Unopposed Motion For Final Approval of Class and Collective Action Settlement, by and through their counsel, Fran L. Rudich and Seth R. Lesser of Klafter Olsen & Lesser LLP; Hillary Schwab of Fair Work, P.C.; Sam J. Smith and Loren B. Donnell of Burr & Smith LLP; Sara Wyn Kane, James A. Vagnini, and Robert J. Valli, Jr., of Valli Kane & Vagnini LLP; Marc S. Hepworth, Charles Gershbaum, David A. Roth of Hepworth, Gershbaum & Roth, PLLC; Cyrus Mehri and Michael D. Lieder of Mehri & Skalet, PLLC; Gregg Shavitz,

Camar Jones, and Alan Quiles, of Shavitz Law Group, P.A.; Jay D. Ellwanger, William M. Parrish, Adam G. Price of Dinovo Price Ellwanger & Hardy LLP ("Class Counsel") for an order and judgment finally approving the Parties' Stipulation and Settlement Agreement ("Settlement Agreement") (Dkt. No. 82-1) and dismissing with prejudice all claims asserted in this action by the ASM Training Plaintiffs that Defendants failed to pay certain Assistant Store Managers ("ASMs") overtime compensation in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law, §§ 650, *et seq.* ("NYLL") during the time they that they participated in a formal Assistant Store Manager Training Program to become ASMs (the "ASM Training Claims"):

WHEREAS, Plaintiffs Anthony Sciotto, Angela Ramirez, Arnold Williams,[1] Camille Ghanem, Oluwatosin Babalola, Eric Burns, Tommy Zahtila, and Gianfranco Pirolo, Michael O'Grady, Jason Foster, and Todd Justice (together "ASM Training Plaintiffs") and Defendants The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and Homegoods, Inc. (together "Defendants") have entered into a Stipulation and Settlement Agreement ("Settlement Agreement") intended to resolve the ASM Training Claims; and

WHEREAS, the Settlement Agreement, together with its Exhibits, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the ASM Training Claims against the Defendants; and

---

[1] Plaintiff Arnold Williams passed away during the period when the Parties were negotiating the terms of the proposed Settlement.

WHEREAS, for purposes of settlement only, the ASM Training Plaintiffs seek the final certification of the following opt-out settlement classes[2] pursuant to Fed. R. Civ. P. 23:

i. **HOMEGOODS ASM IN TRAINING NEW YORK STATE LAW SETTLEMENT CLASS**: Any and all persons employed as an Assistant Store Manager at a HomeGoods store located in the State of New York for one or more complete weeks during the period from **November 10, 2008 to October 25, 2014** and who participated in the formal Assistant Store Manager Training Program applicable to HomeGoods during that time period;

ii. **MARSHALLS ASM IN TRAINING NEW YORK STATE LAW SETTLEMENT CLASS**: Any and all persons employed as an Assistant Store Manager at a Marshalls store located in the State of New York for one or more complete weeks during the period from **December 11, 2007 to October 25, 2014** and who participated in the formal Assistant Store Manager Training Program applicable to Marshalls during that time period; and

iii. **T.J. MAXX ASM IN TRAINING NEW YORK STATE LAW SETTLEMENT CLASS**: Any and all persons employed as an Assistant Store Manager at a T.J. Maxx store located in the State of New York for one or more complete weeks during the period from **November 10, 2008 to October 25, 2014** and who participated in the formal Assistant Store Manager Training Program applicable to T.J. Maxx during that time period; and

WHEREAS, for purposes of settlement only, the ASM Training Plaintiffs also seek the final certification of an opt-in settlement classes[3] pursuant to Section 216(b) of the FLSA:

---

[2] The HomeGoods ASM In Training New York State Law Settlement Class, Marshalls ASM In Training New York State Law Settlement Class, and T.J. Maxx ASM In Training New York State Law Settlement Class are collectively referred to herein as the "ASM In Training New York State Law Settlement Classes".

[3] The HomeGoods ASM In Training FLSA Settlement Class, Marshalls ASM In Training FLSA Settlement Class, and T.J. Maxx ASM In Training FLSA Settlement Class are collectively referred to herein as the "ASM In Training FLSA Settlement Classes". Together, the ASM In Training FLSA Settlement Classes and the ASM In Training New York State Law Settlement Classes are referred to herein as the "Settlement Classes".

  i. **HOMEGOODS ASM IN TRAINING FLSA SETTLEMENT CLASS**: Any and all persons employed as an Assistant Store Manager at a HomeGoods store (excluding California) for one or more complete weeks during the period from **May 12, 2011 to October 25, 2014** and who participated in the formal Assistant Store Manager Training Program applicable to HomeGoods during that time period;

  ii. **MARSHALLS ASM IN TRAINING FLSA SETTLEMENT CLASS**: Any and all persons employed as an Assistant Store Manager at a Marshalls store (excluding California) for one or more complete weeks during the period from **May 12, 2011 to October 25, 2014** and who participated in the formal Assistant Store Manager Training Program applicable to Marshalls during that time period;

  iii. **T.J. MAXX ASM IN TRAINING FLSA SETTLEMENT CLASS**: Any and all persons employed as an Assistant Store Manager at a T.J. Maxx store (excluding California) for one or more complete weeks during the period from **November 10, 2011 to October 25, 2014** and who participated in the formal Assistant Store Manager Training Program applicable to T.J. Maxx during that time period; and

WHEREAS, on May 6, 2015, this Court entered an order (Dkt. No. 112) ("May 6, 2015 Preliminary Approval Order"): (i) asserting jurisdiction over the claims alleged, the Parties in this action, and the implementation and administration of the Settlement Agreement; (ii) preliminarily approving the Settlement Agreement and directing consummation of its terms and provisions; (iii) authorizing the filing of Plaintiffs' Third Amended Complaint; (iv) conditionally certifying the Settlement Classes for settlement purposes only; (v) appointing the ASM Training Plaintiffs, with the exception of Arnold Williams, as Class Representatives; (vi) approving, as to form and content, the proposed Settlement Notice, Release, Claim Form, and Reminder Postcard and authorizing the first-class mailing of the Settlement Notice and Claim Forms to all members of the Settlement Classes; (vii) appointing ASM Training Plaintiffs' counsel as Class Counsel for the Settlement Classes; (viii) approving and appointing Class Action Administration, Inc. as the third-party Claims Administrator who would administer this Settlement; (ix)

setting a sixty (60) calendar day deadline (from the date the Settlement Notices and Claim Forms are postmarked to members of the Settlement Classes) for the execution and return of fully completed Claim Forms, requests for exclusion, or objections; (x) approving the mailing of a Reminder Postcard thirty-five (35) days after the date the Settlement Notices and Claim Forms are postmarked to members of the Settlement Classes who have not filed a Claim Form as of that date; and (xi) setting the final approval hearing for August 13, 2015.

WHEREAS, the ASM Training Plaintiffs have requested that the Court now enter a Final Approval Order and Judgment:  (i) granting Final Judgment on the Released Claims; (ii) giving final approval to the Settlement Agreement because it falls within the range of reasonableness, and in the best interests of the ASM Training Plaintiffs, those individuals who filed a consent to opt-in to this action prior to the entry of a Preliminary Approval Order, and members of the Settlement Classes, and directing consummation of its terms and provisions; (iii) approving Class Counsel's application for an award of Class Counsel's fees, costs, and expenses; (iv) approving ASM Training Plaintiffs' request for Service Payments; (v) certifying the Settlement Classes for purposes of settlement only; (vi) dismissing the Released Claims from the Litigation on the merits and with prejudice and permanently enjoining all members of the Final Settlement Classes from prosecuting against Defendants and the Released Persons any Released Claims; and (vii) asserting and retaining jurisdiction over the claims alleged, the Parties in the Litigation, and the implementation and administration of this Settlement Agreement.

WHEREAS, the Court has before it Plaintiffs' Unopposed Motion for Final Approval of Class And Collective Action Settlement ("Plaintiffs' Motion") and papers in support thereof, together with the Settlement Agreement and its Exhibits; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement are the result of good faith, arms' length settlement negotiations between competent and experienced counsel for both the ASM Training Plaintiffs and Defendants.

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, the ASM Training Plaintiffs' Motion, the Declaration of Seth R. Lesser and the exhibits thereto, including the Declaration of Matthew J. McDermott of Class Action Administration, Inc. (the "Claims Administrator"), and other materials filed in support of Plaintiffs' Motion, and otherwise being fully informed in the premises and having heard and considered the argument of counsel, the Court hereby makes the following findings and grants the relief set forth below, giving final approval to the Settlement Agreement upon the terms and conditions set forth in this and entering final judgment.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of this action and over all parties to this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a), including the following opt-out settlement classes pursuant to Fed. R. Civ. P. 23 that were preliminarily certified by virtue of the Court's May 6, 2015 Preliminary Approval Order:

   i. **HOMEGOODS ASM IN TRAINING NEW YORK STATE LAW SETTLEMENT CLASS**: Any and all persons employed as an Assistant Store

Manager at a HomeGoods store located in the State of New York for one or more complete weeks during the period from November 10, 2008 to October 25, 2014 and who participated in the formal Assistant Store Manager Training Program applicable to HomeGoods during that time period;

ii. **MARSHALLS ASM IN TRAINING NEW YORK STATE LAW SETTLEMENT CLASS**: Any and all persons employed as an Assistant Store Manager at a Marshalls store located in the State of New York for one or more complete weeks during the period from December 11, 2007 to October 25, 2014 and who participated in the formal Assistant Store Manager Training Program applicable to Marshalls during that time period; and

iii. **T.J. MAXX ASM IN TRAINING NEW YORK STATE LAW SETTLEMENT CLASS**: Any and all persons employed as an Assistant Store Manager at a T.J. Maxx store located in the State of New York for one or more complete weeks during the period from November 10, 2008 to October 25, 2014 and who participated in the formal Assistant Store Manager Training Program applicable to T.J. Maxx during that time period;

and the following opt-in collective action settlement classes pursuant to Section 216(b) of the FLSA also preliminarily certified by the Court's May 6, 2015 Preliminary Approval Order:

iv. **HOMEGOODS ASM IN TRAINING FLSA SETTLEMENT CLASS**: Any and all persons employed as an Assistant Store Manager at a HomeGoods store (excluding California) for one or more complete weeks during the period from May 12, 2011 to October 25, 2014 and who participated in the formal Assistant Store Manager Training Program applicable to HomeGoods during that time period;

v. **MARSHALLS ASM IN TRAINING FLSA SETTLEMENT CLASS**: Any and all persons employed as an Assistant Store Manager at a Marshalls store (excluding California) for one or more complete weeks during the period from May 12, 2011 to October 25, 2014 and who participated in the formal Assistant Store Manager Training Program applicable to Marshalls during that time period; and

vi. **T.J. MAXX ASM IN TRAINING FLSA SETTLEMENT CLASS**: Any and all persons employed as an Assistant Store Manager at a T.J. Maxx store (excluding California) for one or more complete weeks during the period from November 10, 2011 to October 25, 2014 and who participated in the formal Assistant Store Manager Training Program applicable to T.J. Maxx during that time period.

2. The Court finds, for settlement purposes only, that the ASM In Training

New York State Law Settlement Classes, as defined above, satisfy the requirements of Fed. R. Civ. P. Rule 23(a) and are maintainable under Rule 23(b)(3), and that those members of the ASM In Training New York State Law Settlement Classes who did not timely and validly exclude themselves from the class incompliance with the opt-out and exclusion procedures set forth in this Settlement Agreement constitute the Final ASM In Training New York State Law Settlement Classes, as that term is used in the Settlement Agreement.

       3.       The Court finds, for settlement purposes only, that the ASM In Training FLSA Settlement Classes, as defined above, satisfy the requirements to be maintainable as a settlement collective action under 29 U.S.C. § 216(b), and that those members of the ASM In Training FLSA Settlement Classes who are Authorized Claimants as that term is used in the Settlement Agreement constitute the Final ASM In Training FLSA Settlement Classes, as that term is used in the Settlement Agreement.

       4.       Together, the Final ASM In Training New York State Law Settlement Classes and the Final ASM In Training FLSA  Settlement Classes shall be referred to herein, as in the Settlement Agreement, together as the Final Settlement Classes and are finally certified, for final settlement purposes only, to effectuate the terms of the Settlement Agreement.

       5.       The Settlement Notice, as authorized by the May 6, 2015 Preliminary Approval Order, and as disseminated by the Claims Administrator, adequately informed members of the Settlement Classes of, among other things, the terms of the Settlement Agreement, the process available to them to obtain monetary relief, and informed members of the ASM in Training New York State Law Settlement Classes of their right

to exclude themselves from the Settlement and to pursue their own remedies, as well as their opportunity to file written objections and to appear and be heard at the August 13, 2015 Final Approval Hearing.  The Settlement Notice also adequately informed the members of the Settlement Classes of a toll-free number for the Claims Administrator and a website at which they could access additional information regarding the case and the proposed Settlement.  The Court hereby finds that the Settlement Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

6. The Court hereby approves the proposed Settlement Agreement and finds that the settlement is fair, reasonable and adequate to the ASM Training Plaintiffs and all members of the Settlement Classes.  The Court finds that sufficient investigation, research and litigation has been conducted such that counsel for the parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with the further prosecution of this action.  The Court further finds that the Settlement Agreement has been reached as the result of intensive, arms-length negotiations, including mediation with an experienced third-party neutral.

7. In accordance with the Settlement Agreement, Defendants shall provide to the Claims Administrator funds equal to the Maximum Gross Settlement Amount (less any amounts already paid by Defendants to the Claims Administrator for the costs of settlement administration) within (5) business days of the "Final Effective Date" as defined in the Settlement Agreement.  Also in accordance with the Settlement Agreement, the Claims Administrator shall mail Settlement Payments to members of the Final Settlement Classes within ten (10) business days of the "Final Effective Date" as defined in the Settlement Agreement.

8. The Court further orders that the Claims Administrator will send a copy of this Final Approval Order to members of the Final Settlement Classes at the same time the Claims Administrator mails the settlement payments to those individuals.

9. Class Counsel shall be awarded thirty-three and one-third percent (33 and 1/3%) of the Maximum Gross Settlement Amount ($1,583,333.33) for fair and reasonable attorneys' fees, costs and expenses incurred in the prosecution of this litigation, such award to be paid from the Maximum Gross Settlement Amount in full compromise and satisfaction of all attorneys' fees, costs and expenses incurred by Class Counsel as specified in the Settlement Agreement, and it is ordered that the Claims Administrator shall provide payment of these attorneys' fees, costs and expenses to Klafter Olsen & Lesser LLP for distribution to Class Counsel within twenty (20) days of the "Final Effective Date" as defined in the Settlement Agreement. The Settlement Claims Administrator shall also be paid its costs and expenses from the Maximum Gross Settlement Amount equal to $72,800.

10. Service Payments, as set forth in the Settlement Agreement, are approved for the ASM Training Plaintiffs in the amount of $3,250.00 each, both in satisfaction of their claims asserted in the litigation as well as due to their performance of substantial services for the benefit of the Settlement Classes. Such awards are to be paid from the Maximum Gross Settlement Amount, as specified in the Settlement Agreement.

11. In accordance with the Settlement Agreement, the Claims Administrator shall remit to Defendants, within ten (10) business days after payments to Authorized Claimants, the ASM Training Plaintiffs, and Class Counsel, any interest that accrued on the Maximum Gross Settlement Amount while in the Qualified Settlement Fund plus any

portion of the Revised Gross Settlement Amount, as defined in the Settlement Agreement, not distributed to Authorized Claimants. Moreover, in accordance with the Settlement Agreement Pursuant, any unclaimed funds distributed to Authorized Claimants shall be remitted to Defendants one hundred and forty (140) days from the date on which the Settlement Payments are mailed.

12. The Court finds and determines that the payments to be made to the ASM Training Plaintiffs and Authorized Claimants, as provided in the Settlement Agreement are fair, reasonable and adequate, and gives final approval to and orders that those payments be made to Authorized Claimants and ASM Training Plaintiffs.

13. Effective as of the Final Effective Date, ASM Training Plaintiffs and all Releasing Persons[4] hereby forever completely settle, compromise, release, and discharge the Released Persons[5] from any and all past and present matters, disputes, claims,

---

[4] "Releasing Persons" has the same meaning as it is defined in the Settlement Agreement and refers to: (1) each and every member of the ASM in Training New York State Law Settlement Classes who does not timely and validly exclude themselves from the Settlement Classes in compliance with the opt-out and exclusion procedures set forth in the Settlement Agreement, and his or her respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns; and (2) each and every member of the ASM In Training FLSA Settlement Classes who becomes an Authorized Claimant and his or her respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns.

[5] "Released Persons" (or "Released Parties") has the same meaning as it is defined in the Settlement Agreement and refers to the Defendants as well as to each of their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by the Defendants, divisions, units, branches and any other persons or entities acting on their behalf, including any entity that was a customer of the Defendants for which any member of the Settlement Classes performed work or services during their employment with the Defendants.

demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any Releasing Person has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, even if presently unknown and/or unasserted, that occurred at any time up to and including October 25, 2014 related to their participation in the formal Assistant Store Manager Training Program during the identified Training Weeks.[6] This includes the following "Released Claims":

    A.    any and all claims asserted in this Action that ASMs were not properly classified as exempt employees during their participation in the formal Assistant Store Manager Training Program during the identified Training Weeks;

    B.    any and all claims for unpaid wages, minimum wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, or any other wage-related or recordkeeping-related claims, damages or relief of any kind arising from the allegation that

---

[6]"Training Weeks" has the same meaning as it is defined in the Settlement Agreement and refers to the number of weeks that, by the Parties' stipulation, members of the Settlement Classes are deemed to have participated in the formal Assistant Store Manager Training Program for purposes of the Settlement Agreement and for purposes of the release of claims resulting from the Settlement Agreement. For members of the HomeGoods ASM In Training FLSA Settlement Class and HomeGoods ASM In Training New York Settlement Class, the stipulated number of Training Weeks shall be four (4) weeks. For members of the Marshalls ASM In Training FLSA Settlement Class, Marshalls ASM In Training New York Settlement Class, T.J. Maxx ASM In Training FLSA Settlement Class, and T.J. Maxx ASM In Training New York Settlement Class, the stipulated number of Training Weeks shall be five (5) weeks. However, to the extent that any member of any of the referenced Settlement Classes actually participated in the formal Assistant Store Manager Training Program for a shorter period of time than the number of weeks stipulated for the settlement class of which they are a member, the number of Training Weeks for any such member shall be the lesser of the actual number of weeks that they participated in the formal Assistant Store Manager Training Program or the stipulated number of Training Weeks.

ASMs were misclassified as exempt from overtime during their participation in the formal Assistant Store Manager Training Program during the identified Training Weeks including, but not limited to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq;*

C. any and all claims under the wage and hour laws and regulations of the state of New York arising from the allegation that ASMs were misclassified as exempt from overtime during their participation in the formal Assistant Store Manager Training Program during the identified Training Weeks including, but not limited to, Articles 6 and 19 of the New York Labor Law; 12 New York Codes, Rules and Regulations Parts 137-142; New York General Business Law § 399-H; and any and all state common law wage claims, including, but not limited to claims of unjust enrichment, quantum meruit, and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for any type of penalties or damages available under the wage and hour laws of the state of New York, or any state common law wage claims, including but not limited to claims for fees and costs, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest related to the formal Assistant Store Manager Training Program during the identified Training Weeks;

D. any and all claims under state and federal law for breach of express contract or labor agreement (for earned wages, overtime, and/or missed or interrupted meal breaks), implied contract, money had and received in assumpit, quantum meruit/unjust enrichment, fraud, negligent misrepresentation, equitable

estoppel, promissory estoppel, conversion, and failure to keep accurate records arising from the allegation that ASMs were misclassified as exempt from overtime during their participation in the formal Assistant Store Manager Training Program during the identified Training Weeks;

E. any and all claims for benefits or other amounts under any compensation or benefit plan, program, arrangement, or agreement based on any alleged failure to pay wages, including but not limited to minimum wages or overtime wages arising from the allegation that ASMs were misclassified as exempt from overtime during their participation in the formal Assistant Store Manager Training Program during the identified Training Weeks; and

F. any and all wage-and-hour laws or wage-related claims of any kind under any other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations arising from the allegation that ASMs were misclassified as exempt from overtime during their participation in the formal Assistant Store Manager Training Program during the identified Training Weeks; and

G. any and all claims for attorneys' fees, costs and expenses arising from the allegation that ASMs were misclassified as exempt from overtime during their participation in the formal Assistant Store Manager Training Program during the identified Training Weeks.

14. All members of the ASM In Training New York State Law Settlement Classes who did not opt out of the Settlement and did not file a Claim Form and become

an Authorized Claimant shall release all Released Claims except those claims based on the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

15. The following members of the ASM in Training New York State Law Settlement Classes, having timely excluded themselves from the Settlement are excluded from the Settlement, and, accordingly, did not release any of the claims set forth in the Settlement Agreement or in Paragraph 13, above, and retain those claims: Patricia Gonzalez, Lisa Federmack, and Jamie Klink.

16. As provided for in Section XIII.C of the Settlement Agreement, if the settlement is cancelled, rescinded, terminated, voided, or nullified, however that may occur, or the Settlement is barred by operation of law, is invalidated, or otherwise is ordered not to be carried out by any Court, then: (i) the Settlement Agreement shall be terminated and shall have no force or effect, and no party shall be bound by any of its terms; (ii) Defendants shall have no obligation to make any payments to any party, ASM Training Plaintiff, Opt-In Plaintiff, member of the Settlement Classes, or Class Counsel, except that the parties shall be jointly responsible (*i.e.*, each party will be responsible for fifty percent (50%) of fees, costs and expenses due) for (a) paying the Claims Administrator for services rendered up to the date the Claims Administrator is notified that the Settlement Agreement has been terminated, and (b) paying Mediation Expenses (as defined in the Settlement Agreement); (iii) the May 6, 2015 Preliminary Approval Order, this Order and Judgment, including any order of class or collective certification, shall be vacated; (iv) the Settlement Agreement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the parties, all of whom shall be restored to their respective positions in the action prior to the

settlement; and (v) neither this Settlement Agreement, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in this Action or any other action for any purpose whatsoever.  In addition, the certification of the Settlement Classes provided for herein and in the May 6, 2015 Preliminary Approval Order will be vacated and the Action shall proceed as though the Settlement Classes had never been certified, without prejudice to any party's position on the issue of class or collective action certification or any other issue, including Defendants' ability to oppose class or collective action certification, or to move to decertify any FLSA collective action or Rule 23 class action.

17. This Court enters final judgment on and hereby dismisses the Released Claims (as defined in the Settlement Agreement) on the merits and with prejudice, and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

18. The Court retains jurisdiction over this action and the parties to administer, supervise, interpret and enforce the Settlement Agreement and this Order.

SO ORDERED, this 30th day of September, 2016.


     /s/ Allison D. Burroughs
    ALLISON D. BURROUGHS
    UNITED STATES DISTRICT JUDGE