# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------X
```
CELINA ROBERTS, ANTHONY SCIOTTO,
ERIC BURNS, KERI DICKEY, ANGELA
RAMIREZ, DIANA SANTILLAN, CAMILLE
GHANEM, ARNOLD WILLIAMS, TOMMY
ZAHTILA, and GIANFRANCO PIRILO,
individually, and on behalf of other persons
similarly situated,

                   Plaintiffs,       CIVIL ACTION NO. 1:13-CV-13142

       v.

THE TJX COMPANIES, INC., a Delaware
Corporation; MARSHALLS OF MA, INC.,
a Massachusetts Corporation; MARMAXX
OPERATING CORP., a Delaware Corporation,
d/b/a MARSHALLS HOMEGOODS, d/b/a
MARSHALLS, d/b/a T.J. MAXX HOMEGOODS;
HOMEGOODS, INC., a Delaware Corporation;

                  Defendants.
```
-------------------------------------------------------X
```

## STIPULATION AND SETTLEMENT AGREEMENT

       PLAINTIFFS (on behalf of themselves and all members of the SETTLEMENT

CLASSES), DEFENDANTS, and their respective counsel of record enter into this

SETTLEMENT AGREEMENT.[1]

## I.      RECITALS AND BACKGROUND

       A.     On December 11, 2013, Plaintiffs Celina Roberts and Anthony Sciotto

commenced this LITIGATION by filing a complaint in the United States District Court for the

---

[1] Terms that appear in all caps are defined terms. The definitions for these terms are contained in the Appendix to this SETTLEMENT AGREEMENT.

District of Massachusetts, Case Number 1:13-cv-13142 (the "*Roberts* Action").   In the complaint, Roberts and Scoitto asserted violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, on behalf of themselves and other individuals who had been employed by DEFENDANTS as a Marshalls or HomeGoods Assistant Store Manager, and alleged that they were not properly classified as exempt and were not paid overtime wages for hours worked over 40.   [See Docket No. 1, December 11, 2013, Case No. 1:13-cv-13142].

B.      On February 10, 2014, Plaintiff Eric Burns and a group of other plaintiffs commenced an action in the United States District Court for the District of Massachusetts, Case No. 1:14-cv-10306 (the "*Burns* Action").   In the complaint, Burns, *et al*. asserted violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, on behalf of themselves and other individuals who had been employed by DEFENDANTS as Marshalls Merchandising Assistant Store Managers, and alleged that they were not properly classified as exempt and were not paid overtime wages for hours worked over 40.   [See Docket No. 1, February 10, 2014, Case No. 1:14-cv-10306].

C.      On May 20, 2014, the COURT consolidated the *Roberts* and *Burns* actions.

D.      On May 12, 2014, plaintiff Camille Ghanem and a group of other plaintiffs, commenced an action in the United States District Court for the District of Massachusetts, Case No. 14-cv-12104 (the "*Ghanem* Action").   In the complaint, Ghanem, *et al*. asserted violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, on behalf of themselves and other individuals who had been employed by DEFENDANTS as Marshalls, T.J. Maxx, and HomeGoods Assistant Store Managers, and

alleged that they were not properly classified as exempt and were not paid overtime wages for hours worked over 40 during the time they spent training for the ASM position.  [See Docket No. 1, May 12, 2014, Case No. 1:14-cv-12104].

E.    On July 25, 2014, following a conference with counsel for the parties to the *Roberts*, *Burns*, and *Ghanem* actions, the COURT issued an order granting an assented-to motion for leave to file a Second Amended Complaint in *Roberts* (which would have the effect of consolidating the *Roberts*, *Burns* and *Ghanem* actions into a single action).

F.    On August 8, 2014, the plaintiffs in the consolidated action filed the Second Amended Complaint, along with an assented-to motion to dismiss the *Burns* and *Ghanem* actions.  In the Second Amended Complaint, Plaintiffs asserted violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, on behalf of themselves and other individuals who had been employed by DEFENDANTS as a Marshalls or HomeGoods Assistant Store Manager, and alleged that they were not properly classified as exempt and were not paid overtime wages for hours worked over 40, including during the time they spent training for the ASM position.  [See Docket No. 60, August 8, 2014, Case No. 1:13-cv-13142].

G.    On August 13, 2014, the COURT dismissed the *Burns* and *Ghanem* actions.

H.    On August 22, 2014, DEFENDANTS filed their Answer to the Second Amended Complaint, disputing the material allegations both as to fact and law and denying any liability to Plaintiffs or to other current or former employees of DEFENDANTS who had been employed by DEFENDANTS as an Assistant Store Manager.  [See Docket No. 63, Aug. 22, 2014, Case No. 1:13-cv-13142].

I.       On March 25, 2015, following the settlement of the ASM Training Claims, PLAINTIFFS filed the THIRD AMENDED COMPLAINT in this LITIGATION.

J.       On September 30, 2016, the COURT entered an order granting final approval to a settlement of the claims in the Second Amended Complaint that DEFENDANTS did not properly classify Marshalls, T.J. Maxx, or HomeGoods Assistant Store Managers during the time they spent training for the ASM position, and did not pay them overtime wages for hours worked over 40 (the "ASM Training Claims").

K.       On March 31, 2017, the COURT entered an order granting PLANTIFFS' Motion for Conditional Certification of an FLSA collective consisting of all persons who are or were employed as Merchandise Assistant Store Managers ("MASMs") at Marshalls stores and HomeGoods stores outside of California at any time from November 1, 2012 to March 31, 2017.  Following notice to putative FLSA collective members, 1,172 individuals were determined to have properly opted in to the FLSA COLLECTIVE, including the PLAINTIFFS.  The FLSA COLLECTIVE member's name, the date that individual's consent to join form was filed, and the date that is three years before that individual's consent to join form was filed plus any applicable tolling period are set forth on Exhibit B for each member of the FLSA COLLECTIVE.  The date that is three years before the date the consent to join form was filed by the member of the FLSA COLLECTIVE plus any applicable tolling period shall be referred to as the TOLLING DATE.

L.       The PARTIES have exchanged detailed information and numerous documents and conducted detailed legal and factual analyses of the PLAINTIFFS' claims and DEFENDANTS' defenses.

M.      On December 11, 2019 and January 23, 2020, the PARTIES engaged in an all-day mediation sessions under the direction of mediator Hunter R. Hughes, Esq., an experienced class and collective action mediator.  The PARTIES were unable to settle the ASM CLAIMS in these sessions, but continued negotiations through the mediator after the January 23, 2020 mediation.

N.      Between February 27, 2020 and June 9, 2020, the PARTIES exchanged numerous drafts of language addressing the ASM CLAIMS subject to this SETTLEMENT AGREEMENT, including drafting a SETTLEMENT NOTICE, CAFA NOTICE, PRELIMINARY APPROVAL ORDER, exhibits to the SETTLEMENT AGREEMENT, and release.

O.      The PARTIES' ongoing settlement negotiations have culminated in this SETTLEMENT AGREEMENT addressing the ASM CLAIMS asserted in the LITIGATION.

P.      It is the desire and intention of the PARTIES that this SETTLEMENT AGREEMENT shall, for each member of the FINAL SETTLEMENT CLASSES, fully, finally, and forever completely settle, compromise, release, and discharge any and all RELEASED CLAIMS (as defined below).

Q.      PLAINTIFFS' Counsel has conducted a thorough investigation of the ASM CLAIMS that PLAINTIFFS asserted against DEFENDANTS in the LITIGATION and/or that relate to or could have arisen out of the same facts alleged in the LITIGATION or relating to the employment of the PLAINTIFFS and members of the SETTLEMENT CLASSES, including both asserted and unasserted claims.  Based on their independent

investigation and evaluation, PLAINTIFFS' Counsel believe that the settlement of the RELEASED CLAIMS with DEFENDANTS for the consideration of and on the terms set forth in this SETTLEMENT AGREEMENT is fair, reasonable, and adequate, and is in the best interest of PLAINTIFFS and the members of the SETTLEMENT CLASSES in light of all known facts and circumstances, including the risk of delay, defenses asserted by DEFENDANTS in response to the ASM CLAIMS, and numerous potential certification, litigation, and appellate issues relating to the ASM CLAIMS.

R. RELEASED PERSONS expressly deny any liability or wrongdoing of any kind associated with any and all past and present matters, disputes, claims, demands, and causes of action of any kind whatsoever in this LITIGATION and claims of the PLAINTIFFS in the THIRD AMENDED COMPLAINT. RELEASED PERSONS contend they have complied with all applicable federal and state laws at all times. By entering into the SETTLEMENT AGREEMENT, RELEASED PERSONS do not admit any liability or wrongdoing and expressly deny the same. It is expressly understood and agreed by the PARTIES that the SETTLEMENT AGREEMENT is being entered into by DEFENDANTS solely for the purpose of avoiding the costs and disruption of ongoing litigation and resolving the RELEASED CLAIMS on the terms set forth herein. Nothing in the SETTLEMENT AGREEMENT, the settlement proposals exchanged by the PARTIES, or any motions filed or Orders entered pursuant to the SETTLEMENT AGREEMENT, may be construed or deemed as an admission by RELEASED PERSONS of any liability, culpability, negligence, or wrongdoing, including that any member of the SETTLEMENT CLASSES was misclassified as exempt, and the SETTLEMENT AGREEMENT, each of its provisions, its execution, and

its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible as evidence, or referred to in any arbitration or legal proceedings for any purpose, except in an action or proceeding to approve, interpret, or enforce the SETTLEMENT AGREEMENT.   Furthermore, neither the SETTLEMENT AGREEMENT, any motions filed, information and/or documents exchanged by the PARTIES in preparation for the mediation, settlement proposals exchanged by the PARTIES, nor Orders entered pursuant to the SETTLEMENT AGREEMENT, shall constitute an admission, finding, or evidence that any requirement for representative litigation or class certification has been satisfied in this LITIGATION or any other action, except for the limited settlement purposes set forth in this SETTLEMENT AGREEMENT.

S.      This SETTLEMENT AGREEMENT shall automatically terminate, and any certification of the SETTLEMENT CLASSES for settlement purposes shall automatically be cancelled if this SETTLEMENT AGREEMENT is terminated pursuant to Section XVI entitled "Termination of the Settlement Agreement," in which event this SETTLEMENT AGREEMENT shall not be offered, received, or construed as an admission of any kind concerning whether any class or collective is certifiable or any other matter.

T.      The PARTIES shall request the COURT approve, administer, and implement the SETTLEMENT AGREEMENT with respect to those actions and claims settled in this SETTLEMENT AGREEMENT.

## II.      MAXIMUM GROSS SETTLEMENT AMOUNT

A.      PLAINTIFFS and DEFENDANTS have agreed to a common fund settlement with the MAXIMUM GROSS SETTLEMENT AMOUNT equal to Thirty-One Million Five

Hundred Thousand dollars ($31,500,000), inclusive of all SETTLEMENT PAYMENTS; RESERVE FUND; CLASS COUNSEL'S FEES, COSTS AND EXPENSES; SERVICE PAYMENTS; EMPLOYERS' SHARE OF PAYROLL TAXES; MEDIATION EXPENSES; and SETTLEMENT EXPENSES.

B.     The CLAIMS ADMINISTRATOR shall set aside, from the MAXIMUM GROSS SETTLEMENT AMOUNT, a RESERVE FUND equal to $500,000 to cover any errors or omissions (*e.g.*, individual members of the SETTLEMENT CLASSES who dispute the amounts allocated to them, or individuals who come forward after the mailing of the SETTLEMENT NOTICE and allege that they should be included in either or both the FLSA COLLECTIVE and/or the NEW YORK STATE LAW SETTLEMENT CLASS).

1.     Any member of the SETTLEMENT CLASSES or other individual who seeks to challenge any alleged error or omission shall submit a signed, sworn and notarized written statement to CLASS COUNSEL, the CLAIMS ADMINISTRATOR, and DEFENDANTS' counsel as to why such error or omission should be corrected, along with supporting documents, if available, no later than twenty (20) calendar days before the FINAL APPROVAL HEARING.

2.     Any PARTY or CLAIMS ADMINISTRATOR who receives such a written statement must provide a copy to all PARTIES and the CLAIMS ADMINISTRATOR within three (3) calendar days by email.

3.     Individuals who allege they should be included in one or both of the FLSA COLLECTIVE and/or the NEW YORK STATE LAW SETTLEMENT CLASS shall only be so included if they could have been a member of the FLSA COLLECTIVE but were

inadvertently excluded from the notice mailing to putative FLSA collective members, or could be a member of the NEW YORK STATE LAW SETTLEMENT CLASS as defined herein.

4.     To the extent that the PARTIES agree that an individual who alleges he or she should be included in one or both the FLSA COLLECTIVE and/or the NEW YORK STATE LAW SETTLEMENT CLASS is properly included, the amount that individual shall be paid from the RESERVE FUND shall be determined by application of the formula set out in Section V.A.

5.     The CLAIMS ADMINISTRATOR shall be responsible for calculating the actual, individualized SETTLEMENT PAYMENTS, and issuing the settlement checks, less required withholdings and deductions, IRS Form W-2s and IRS 1099 misc forms to each individual who alleges he or she should be included in one or both the FLSA COLLECTIVE and/or the NEW YORK STATE LAW SETTLEMENT CLASS and who the PARTIES agree is properly included.

6.     Any individual who alleges he or she should be included in one or both the FLSA COLLECTIVE and/or the NEW YORK STATE LAW SETTLEMENT CLASS, and who the PARTIES agree is properly included, shall be deemed a member of the FINAL FLSA SETTLEMENT CLASS and/or the FINAL NEW YORK SETTLEMENT CLASS, and a member of the FINAL SETTLEMENT CLASSES.

7.     Any monies remaining in the RESERVE FUND after the resolution of all alleged errors and omissions and after sixty (60) calendar days have elapsed after the mailing of settlement checks to members of the FINAL SETTLEMENT CLASSES shall be reallocated and redistributed on a *pro rata* basis among members of the FINAL

SETTLEMENT CLASSES by the CLAIMS ADMINISTRATOR in accordance with the *pro rata* shares determined previously by the CLAIMS ADMINISTRATOR under Section V.A.

C.      In no event shall the total distribution and payments made by DEFENDANTS, including but not limited to SETTLEMENT PAYMENTS; RESERVE FUND; CLASS COUNSEL'S FEES, COSTS AND EXPENSES; SERVICE PAYMENTS, EMPLOYERS' SHARE OF PAYROLL TAXES; MEDIATION EXPENSES; and SETTLEMENT EXPENSES exceed the MAXIMUM GROSS SETTLEMENT AMOUNT.  DEFENDANTS may not be called upon or required to contribute additional monies above the MAXIMUM GROSS SETTLEMENT AMOUNT under any circumstances.

D.      Members of the FINAL SETTLEMENT CLASSES will be responsible for their own tax obligations.

E.      Each member of the FINAL SETTLEMENT CLASSES will be responsible for remitting to State and/or Federal taxing authorities any applicable other taxes due and shall hold DEFENDANTS harmless and indemnify RELEASED PERSONS for any liabilities, costs and expenses, including attorneys' fees, assessed or caused by any such taxing authority which result from the failure of that member of the FINAL SETTLEMENT CLASSES to remit taxes due on payments made to the member of the FINAL SETTLEMENT CLASSES pursuant to the SETTLEMENT AGREEMENT provided that, within ten (10) business days of DEFENDANTS' receipt of notice of any such failure to remit taxes due, DEFENDANTS provide CLASS COUNSEL with a copy of such notice.

F.      The MAXIMUM GROSS SETTLEMENT AMOUNT shall not be segregated and will remain in DEFENDANTS' general funds until provided to the CLAIMS

ADMINISTRATOR for distribution, as set forth below.

G.      Any amounts that are not distributed to the members of the FINAL SETTLEMENT CLASSES as SETTLEMENT PAYMENTS shall escheat to the appropriate state agency.

### III.     PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT

A.      Within twenty (20) days, after the SETTLEMENT AGREEMENT is executed by PLAINTIFFS (on behalf of themselves and all members of the SETTLEMENT CLASSES), DEFENDANTS, and counsel for the PARTIES, the PLAINTIFFS shall submit this SETTLEMENT AGREEMENT (including all exhibits referenced herein) to the COURT and move the COURT for a PRELIMINARY APPROVAL ORDER.  The deadline set forth above in this paragraph may be extended by mutual agreement of the PARTIES.

B.      Except to the extent provided below with respect to the termination of this SETTLEMENT AGREEMENT, the PARTIES agree to take reasonable steps necessary to secure a PRELIMINARY APPROVAL ORDER from the COURT.

### IV.     DATA EXCHANGE

A.      Within sixty (60) calendar days after the execution of the SETTLEMENT AGREEMENT, DEFENDANTS shall provide the names, last known addresses and phone numbers, employee identification numbers (if known), Social Security numbers, and the number of weeks each member of the SETTLEMENT CLASSES who worked in an ASM POSITION during the time period applicable to the FLSA COLLECTIVE and, if appropriate, during the time period applicable to the NEW YORK STATE LAW SETTLEMENT CLASS, to the CLAIMS ADMINISTRATOR. The same data that is provided to the CLAIMS

ADMINISTRATOR shall be provided to CLASS COUNSEL, except Social Security numbers shall be replaced with a unique number for each individual who is only a member of the NEW YORK STATE LAW SETTLEMENT CLASS.  The CLAIMS ADMINISTRATOR shall provide CLASS COUNSEL with the names and addresses of each member of the FINAL FLSA SETTLEMENT CLASS.  With respect to those members of the NEW YORK STATE LAW SETTLEMENT CLASS that become members of the FINAL SETTLEMENT CLASSES, the same data that is provided to the CLAIMS ADMINISTRATOR shall be provided to CLASS COUNSEL, except that CLASS COUNSEL shall not be provided the Social Security number for any member of the FINAL SETTLEMENT CLASSES.  In the event a member of the NEW YORK STATE LAW SETTLEMENT CLASS contacts CLASS COUNSEL with questions about the settlement, CLASS COUNSEL may request the unique identifier from the CLAIMS ADMINISTRATOR for this individual, but may not receive the address or contact information for the individual.  Also, within thirty (30) calendar days after the execution of the SETTLEMENT AGREEMENT, CLASS COUNSEL shall provide the CLAIMS ADMINISTRATOR with: (1) a list containing the following information for PLAINTIFFS and members of the FLSA COLLECTIVE: name, last known address and telephone number, Social Security number (if known) and employee identification number (if known).

**V.      CALCULATION OF POTENTIAL SETTLEMENT PAYMENTS**

A.      Within fourteen (14) calendar days following its receipt of the list of members of the SETTLEMENT CLASSES, the CLAIMS ADMINISTRATOR shall calculate the potential SETTLEMENT PAYMENTS for each member of the SETTLEMENT CLASSES,

and provide its calculations to CLASS COUNSEL and counsel for DEFENDANTS, pursuant

to the following steps and formula:

1.  Calculate the REVISED GROSS SETTLEMENT AMOUNT by deducting the RESERVE FUND; the amounts approved by the COURT for CLASS COUNSEL'S FEES, COSTS AND EXPENSES; the amounts approved by the COURT for SERVICE PAYMENTS; EMPLOYERS' SHARE OF PAYROLL TAXES; MEDIATION EXPENSES; and SETTLEMENT EXPENSES.

2.  The REVISED MAXIMUM GROSS SETTLEMENT AMOUNT shall be divided by the sum of (1) the total number of ASM WEEKS of employment in an ASM POSITION in a Marshalls store, HomeGoods store, Marshalls/HomeGoods combination store, or the HomeGoods side of a T.J. Maxx/HomeGoods combination store by each member of the FLSA COLLECTIVE employed by DEFENDANTS outside of New York from their respective TOLLING DATE through March 28, 2020; and (2) the total number of ASM WEEKS of employment in an ASM POSITION in a Marshalls store or a Marshalls/HomeGoods combination store by each member of the NEW YORK STATE LAW SETTLEMENT CLASS from December 11, 2007 through March 28, 2020, to calculate a "per week" amount.

3.  For each member of the FLSA COLLECTIVE, multiply the "per week" amount by the number of ASM WEEKS that individual was employed by DEFENDANTS in an ASM POSITION in a Marshalls store, HomeGoods store, Marshalls/HomeGoods combination store, or the HomeGoods side of a T.J. Maxx/HomeGoods combination store outside of California and New York from their respective TOLLING DATE through March 28, 2020 to determine that individual's settlement allocation. Likewise, for each member of the NEW YORK STATE LAW SETTLEMENT CLASS, multiply the "per week" amount by the number of ASM WEEKS that individual was employed by DEFENDANTS in an ASM POSITION in a Marshalls store or a Marshalls/HomeGoods combination store in New York from December 11, 2007 through March 28, 2020 to determine that individual's settlement allocation.

4.  Fourth, for each member of the SETTLEMENT CLASSES whose settlement allocation calculated above is less than $100.00, revise their settlement allocation upward to $100.00. Re-allocate the remaining funds in the REVISED GROSS SETTLEMENT AMOUNT pro-rata after recalculating the proportions described in Section V.A.3 above,

excluding members of the SETTLEMENT CLASSES whose settlement allocations were already revised upward to the $100.00 minimum and reducing the funds available for allocation to the other members of the SETTLEMENT CLASSES by $100.00 for each such excluded member of the SETTLEMENT CLASSES, in order to calculate a revised settlement allocation for each member of the SETTLEMENT CLASSES receiving more than $100.00. This process will be repeated until the individual settlement allocations for all members of the SETTLEMENT CLASSES are at least $100.00. When the individual settlement allocations for all members of the SETTLEMENT CLASSES are at least $100.00, those individual settlement allocations shall be the potential SETTLEMENT PAYMENTS for those individual members of the SETTLEMENT CLASSES.

The total of all potential SETTLEMENT PAYMENTS shall equal the REVISED GROSS SETTLEMENT AMOUNT.

B.     The calculations to be provided to CLASS COUNSEL shall identify PLAINTIFFS and members of the FLSA COLLECTIVE by name or other personal identifiers such as the member's employee identification number, address and telephone number.

C.     CLASS COUNSEL and counsel for DEFENDANTS shall have ten (10) business days to review, verify, and comment on the calculations provided by the CLAIMS ADMINISTRATOR. The CLAIMS ADMINISTRATOR shall review any comments received from CLASS COUNSEL and/or counsel for DEFENDANTS and shall finalize the potential SETTLEMENT PAYMENT calculations within five (5) business days thereafter. The CLAIMS ADMINISTRATOR'S determination (after input from CLASS COUNSEL and counsel for DEFENDANTS) of the potential SETTLEMENT PAYMENT amounts for each member of the SETTLEMENT CLASSES shall be final.

## VI.   CERTIFICATION OF THE NEW YORK STATE LAW SETTLEMENT CLASS FOR SETTLEMENT PURPOSES ONLY

A.     The PARTIES agree to request the COURT to certify, for settlement purposes only, the NEW YORK STATE LAW SETTLEMENT CLASS pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The NEW YORK STATE LAW SETTLEMENT CLASS to be certified for settlement purposes only shall be defined as "any and all persons employed as a Merchandise Assistant Store Manager, Operations Assistant Store Manager, or Customer Experience Assistant Store Manager at a Marshalls store or a Marshalls/HomeGoods combination store located in the State of New York during the period from December 11, 2007 to March 28, 2020."

B.     The SETTLEMENT AGREEMENT is contingent upon the final approval and certification of the COURT of the NEW YORK STATE LAW SETTLEMENT CLASS for settlement purposes only.

C.     DEFENDANTS do not waive, and instead expressly reserve their rights to challenge the propriety of collective action certification or class action certification for any purpose as if this SETTLEMENT AGREEMENT had not been entered into by the PARTIES should the COURT not approve the SETTLEMENT AGREEMENT or should counsel for a PARTY exercise their rights to terminate the SETTLEMENT AGREEMENT.

## VII.   NOTICE TO MEMBERS OF NEW YORK STATE LAW SETTLEMENT CLASS

A.     Twenty (20) calendar days after the COURT has issued the PRELIMINARY APPROVAL ORDER, and after the CLAIMS ADMINISTRATOR has finalized the potential

SETTLEMENT PAYMENT amounts for each member of the SETTLEMENT CLASSES, the CLAIMS ADMINISTRATOR shall mail the COURT-approved SETTLEMENT NOTICE to each member of the NEW YORK STATE LAW SETTLEMENT CLASS.  Prior to mailing the SETTLEMENT NOTICE, the CLAIMS ADMINISTRATOR shall attempt to confirm the accuracy and, if necessary, update the addresses of the members of the NEW YORK STATE LAW SETTLEMENT CLASS through the United States Post Office's National Change of Address ("NCOA") database.  All mailings by the CLAIMS ADMINISTRATOR shall be by first-class mail.  If a SETTLEMENT NOTICE is returned as undeliverable, the CLAIMS ADMINISTRATOR will perform one computerized skip trace and resend by first-class mail the COURT-approved SETTLEMENT NOTICE once only to those members of the NEW YORK STATE LAW SETTLEMENT CLASS for whom it obtains more recent addresses.

B.     The CLAIMS ADMINISTRATOR, CLASS COUNSEL, PLAINTIFFS and any member of the SETTLEMENT CLASSES shall not provide information regarding the settlement of this LITIGATION, including but not limited to, the terms of the SETTLEMENT AGREEMENT, the PRELIMINARY APPROVAL ORDER, the FINAL APPROVAL ORDER, or the SETTLEMENT NOTICE, to any third-party engaged in the business of providing public information about class action lawsuits or settlements including, but not limited to, topclassactions.com, classaction.com, classaction.org, consumer-action.org, or hustlermoneyblog.com, or link any document related to the settlement of this LITIGATION to any such online information source.

C.     The CLAIMS ADMINISTRATOR shall re-mail only the COURT-approved SETTLEMENT NOTICE to any member of the NEW YORK STATE LAW SETTLEMENT

CLASS who contacts the CLAIMS ADMINISTRATOR during the time period between the initial mailing of the SETTLEMENT NOTICE and the BAR DATE, represents to the CLAIMS ADMINISTRATOR that they did not receive the initial mailing of the SETTLEMENT NOTICE or misplaced the SETTLEMENT NOTICE, and requests that a SETTLEMENT NOTICE be re-mailed.

D.     As soon as practicable following the BAR DATE, but before the date of the FINAL APPROVAL HEARING, the CLAIMS ADMINISTRATOR shall provide CLASS COUNSEL and DEFENDANTS' counsel with a declaration of due diligence and proof of mailing with regard to the mailing of the SETTLEMENT NOTICE. CLASS COUNSEL shall bear the responsibility of filing this declaration with the COURT prior to the date of the FINAL APPROVAL HEARING.

## VIII.   FINAL APPROVAL

A.     The date of the FINAL APPROVAL HEARING shall be set by the COURT but in no event shall be scheduled earlier than one-hundred (100) calendar days after the motion for preliminary approval is filed, and notice of such hearing shall be provided to members of the NEW YORK STATE LAW SETTLEMENT CLASS in the SETTLEMENT NOTICE, although such hearing may be continued by the COURT without further notice to members of the NEW YORK STATE LAW SETTLEMENT CLASS, other than those who are OBJECTORS.

B.     The PARTIES shall submit a draft FINAL APPROVAL ORDER, and a draft order of FINAL JUDGMENT setting forth the terms of this SETTLEMENT AGREEMENT, by incorporation or otherwise, for execution and entry by the COURT at the time of the FINAL

APPROVAL HEARING or at such other time as the COURT deems appropriate.

## IX.   DISTRIBUTION OF SETTLEMENT FUNDS

A.   Within ten (10) business days after the FINAL EFFECTIVE DATE or August 16, 2021, whichever date is later, DEFENDANTS shall provide the CLAIMS ADMINISTRATOR with funds equal to the MAXIMUM GROSS SETTLEMENT AMOUNT less any pre-paid MEDIATION EXPENSES, which shall be deposited in a non-interest bearing Qualified Settlement Fund.

B.   Within twenty (20) business days after the Qualified Settlement Fund is funded, the CLAIMS ADMINISTRATOR shall mail SETTLEMENT PAYMENTS to members of the FINAL SETTLEMENT CLASSES, along with a copy of the FINAL APPROVAL ORDER. For members of the FINAL FLSA SETTLEMENT CLASS, the CLAIMS ADMINISTRATOR shall mail the SETTLEMENT PAYMENTS to the address provided by CLASS COUNSEL pursuant to Section IV.A.  For members of the NEW YORK STATE LAW SETTLEMENT CLASS who are not also members of the FINAL FLSA SETTLEMENT CLASS, the CLAIMS ADMINISTRATOR shall mail the SETTLEMENT PAYMENTS to the same address to which the SETTLEMENT NOTICE was mailed or, to the extent that a member of the NEW YORK STATE LAW SETTLEMENT CLASS provided an updated address to the CLAIMS ADMINISTRATOR, to the updated address provided; however, if the SETTLEMENT NOTICE to any member of the NEW YORK STATE LAW SETTLEMENT CLASS was returned as undeliverable, before mailing the SETTLEMENT PAYMENTS to the same undeliverable address, the CLAIMS ADMINISTRATOR shall search for an updated address through the NCOA.

C.     To the extent that any appeal of the COURT'S FINAL APPROVAL ORDER is filed, the CLAIMS ADMINISTRATOR shall not disburse any funds from the Qualified Settlement Fund until after the appeal is resolved and the COURT'S FINAL APPROVAL ORDER is affirmed.

D.     Pursuant to Section II.G, any funds distributed to a member of the FINAL SETTLEMENT CLASSES that are unclaimed shall escheat to the appropriate state agency applicable to that individual one hundred (100) calendar days from the date on which the settlement check has expired.

E.     In the event that a settlement check is returned to the CLAIMS ADMINISTRATOR as undeliverable, the CLAIMS ADMINISTRATOR shall attempt to re-mail the check by attempting to contact the member of the FINAL SETTLEMENT CLASSES using the address previously used and/or running a search on search software to obtain an updated address for the member of the FINAL SETTLEMENT CLASSES.

F.     The PARTIES agree that any SETTLEMENT PAYMENT to be issued to each member of the FINAL SETTLEMENT CLASSES shall be separated into two equal amounts:  fifty percent (50%) shall be allocated to the RELEASED CLAIMS for unpaid overtime and other wage-related damages, and the remaining fifty percent (50%) shall be allocated to the RELEASED CLAIMS for liquidated damages related to the same claims.  Each SETTLEMENT PAYMENT shall be subject to all required employee paid payroll taxes and deductions (*e.g.*, federal income taxes, state income taxes, employee's share of FICA taxes, and other state-specific statutory deductions) and other authorized or required deductions (*e.g.*, garnishments, tax liens, child support).  The portion allocated to

liquidated damages shall be characterized as non-wage income to the recipient. The CLAIMS ADMINISTRATOR will report the wage portion to each member of the FINAL SETTLEMENT CLASSES on an IRS Form W-2, and the non-wage portion (including the member of the FINAL SETTLEMENT CLASSES' pro rata share of the amount approved by the COURT for payment of CLASS COUNSEL'S FEES, COSTS AND EXPENSES) on one or more IRS 1099 misc forms. In the same mailing as the SETTLEMENT PAYMENTS, the CLAIMS ADMINISTRATOR shall also provide members of the FINAL SETTLEMENT CLASSES instructions on how to claim a deduction for the member of the FINAL SETTLEMENT CLASSES' pro rata share of the amount approved by the COURT for payment of CLASS COUNSEL'S FEES, COSTS AND EXPENSES as reported on the IRS 1099 misc forms pursuant to 26 U.S.C. § 62.

G.      The CLAIMS ADMINISTRATOR shall be responsible for issuing the SETTLEMENT PAYMENTS, less required withholdings and deductions, to each member of the FINAL SETTLEMENT CLASSES and mailing the SETTLEMENT PAYMENTS, IRS Form W-2s and IRS 1099 misc forms to each member of the FINAL SETTLEMENT CLASSES and CLASS COUNSEL as applicable.

H.      Each member of the FINAL SETTLEMENT CLASSES will have one hundred twenty (120) calendar days from the date on which the SETTLEMENT PAYMENTS are mailed to negotiate his or her settlement check(s). If any settlement check is not negotiated in that period of time, that settlement check will be voided, and a stop-payment will be placed on the settlement check. Any individual SETTLEMENT PAYMENTS or portions thereof which remain unclaimed for any reason one hundred twenty (120) calendar days following

the mailing of the SETTLEMENT PAYMENT shall be deemed unclaimed.  In such event,

one hundred percent (100%) of such net unclaimed funds of those members of the FINAL

SETTLEMENT CLASSES shall escheat to the appropriate state agency applicable to that

individual one hundred (100) calendar days from the date on which the settlement check

expired, but the SETTLEMENT AGREEMENT and release of claims contained herein

nevertheless will be binding upon them.    Neither DEFENDANTS, counsel for

DEFENDANTS, CLASS COUNSEL, PLAINTIFFS, nor the CLAIMS ADMINISTRATOR

shall have any liability for lost or stolen settlement checks, for forged signatures on

settlement checks, or for unauthorized negotiation of settlement checks.  Without limiting

the foregoing, in the event a member of the FINAL SETTLEMENT CLASSES notifies the

CLAIMS ADMINISTRATOR that he or she believes that a settlement check has been lost

or stolen, the CLAIMS ADMINISTRATOR shall immediately place a stop payment on such

check.  If the settlement check in question has not been negotiated prior to the stop payment

order and one hundred twenty (120) calendar days has not passed since the mailing of the

settlement check, the CLAIMS ADMINISTRATOR will issue a replacement check, from

which the fees associated with any stop payment order will first be deducted.

## X.    CLASS COUNSEL'S FEES, COSTS, AND EXPENSES

A.    CLASS COUNSEL may make an application to the COURT for an award of

attorneys' fees, expenses or costs (not including SETTLEMENT EXPENSES) up to an amount

not to exceed thirty-three and one-third percent (33 and 1/3%) of the MAXIMUM GROSS

SETTLEMENT AMOUNT.  Such application shall be filed in connection with FINAL

APPROVAL of the SETTLEMENT AGREEMENT.  DEFENDANTS agree that they will not

oppose CLASS COUNSEL'S application as set forth above.

B.      If the COURT rules that any amount requested by CLASS COUNSEL for attorneys' fees, expenses or costs is excessive and reduces the same, only the reduced amount will be deemed to be CLASS COUNSEL'S FEES, COSTS AND EXPENSES for purposes of this SETTLEMENT AGREEMENT.  Any reduction by the COURT will be allocated to the REVISED GROSS SETTLEMENT AMOUNT.

C.      This SETTLEMENT AGREEMENT is not conditioned on the COURT'S approval of CLASS COUNSEL'S application for fees, costs and expenses.

D.      Payment of CLASS COUNSEL'S FEES, COSTS AND EXPENSES to CLASS COUNSEL in the amount approved by the COURT shall constitute full satisfaction of any and all obligations by RELEASED PERSONS to pay any person, attorney, or law firm (including but not limited to CLASS COUNSEL) for attorneys' fees, expenses, or costs (including but not limited to any fees, costs, and expenses related to testifying and non-testifying experts and consultants) incurred on behalf of all members of the SETTLEMENT CLASSES regarding the RELEASED CLAIMS and shall relieve the RELEASED PERSONS of any other claims or liability to any person for any attorneys' fees, expenses, and costs (including but not limited to any fees, costs, and expenses related to testifying and non-testifying experts and consultants) to which any person may claim to be entitled on behalf of any members of the SETTLEMENT CLASSES for this LITIGATION.  Upon payment of CLASS COUNSEL'S FEES, COSTS AND EXPENSES hereunder, CLASS COUNSEL and members of the SETTLEMENT CLASSES shall release RELEASED PERSONS from any and all claims for attorneys' fees, expenses, and costs (including but not limited to any fees, costs, and expenses related to

testifying and non-testifying experts and consultants) relating to the RELEASED CLAIMS. CLASS COUNSEL further represent and certify that they are not aware of any liens for attorneys' fees, expenses, or costs existing, filed, or asserted with respect to any of the claims asserted in this LITIGATION.

E.    CLASS COUNSEL shall be paid CLASS COUNSEL'S FEES, COSTS AND EXPENSES in the amount approved by the COURT by the CLAIMS ADMINISTRATOR via electronic means.   Prior to any payment of CLASS COUNSEL'S FEES, COSTS AND EXPENSES as approved by the COURT, CLASS COUNSEL shall provide the CLAIMS ADMINISTRATOR with consistent written instructions regarding how the amount shall be allocated (*e.g.*, which law firm to receive what amount) as well as all information necessary to effectuate such payments (*e.g.*, executed IRS Forms W-9).  The CLAIMS ADMINISTRATOR will issue a respective IRS Form 1099 misc to each law firm receiving a portion of the award of CLASS COUNSEL'S FEES, COSTS AND EXPENSES.

F.    The CLAIMS ADMINISTRATOR will report as income on an IRS Form 1099 misc each member of the FINAL SETTLEMENT CLASSES' *pro rata* share of the amount approved by the COURT for payment of CLASS COUNSEL'S FEES, COSTS AND EXPENSES.

G.    Within twenty (20) business days after the Qualified Settlement Fund is funded, the CLAIMS ADMINISTRATOR shall pay CLASS COUNSEL'S FEES, COSTS AND EXPENSES approved by the COURT via electronic means, if the conditions above have been satisfied.

## XI.    SERVICE PAYMENTS

A.    CLASS COUNSEL may also make an application to the COURT for one-time SERVICE PAYMENT awards to PLAINTIFFS in recognition of the work and services that said individuals contributed to the LITIGATION including, but not limited to, investigative work, meetings with CLASS COUNSEL, assumption of risks, serving as representatives of the SETTLEMENT CLASSES, and participation in mediation and related activities.   The SERVICE PAYMENT(S) shall not exceed $10,000.00 to each of the PLAINTIFFS.   The final amount of any SERVICE PAYMENT to each of the PLAINTIFFS (not to exceed $10,000.00) shall be determined by the COURT.

B.    CLASS COUNSEL may also make an application to the COURT for one-time SERVICE PAYMENT awards to Eugene Costa, Jr., Norma McKenzie, Shawn Corway, and Karen Razzetti-Giaimis, each of whom is a member of the FLSA COLLECTIVE who appeared for deposition in the LITIGATION, in recognition of their contribution to the LITIGATION including their deposition appearances.   The SERVICE PAYMENT(S) to Eugene Costa, Jr., Norma McKenzie, and Shawn Corway shall not exceed $3,500.00.   The SERVICE PAYMENT to Karen Razzetti-Giaimis shall not exceed $7,500.00.   The final amount of any SERVICE PAYMENT to Eugene Costa, Jr., Norma McKenzie, and Shawn Corway (not to exceed $3,500.00), and Karen Razzetti-Giaimis (not to exceed $7,500.00), shall be determined by the COURT.

C.    The CLAIMS ADMINISTRATOR shall mail SERVICE PAYMENTS approved by the COURT within twenty (20) business days after the Qualified Settlement Fund is funded.

D.      SERVICE PAYMENTS shall be treated as non-wage income, and the CLAIMS ADMINISTRATOR shall issue a Form 1099 to SERVICE PAYMENT RECIPIENTS reflecting the amount of their respective SERVICE PAYMENT.

E.      SERVICE PAYMENTS shall be paid out of the MAXIMUM GROSS SETTLEMENT AMOUNT.

## XII.    RELEASE OF CLAIMS; WAIVER; ASSIGNMENT OF RIGHTS

A.      <u>Release by PLAINTIFFS and RELEASING PERSONS</u>.  Effective as of the FINAL EFFECTIVE DATE, PLAINTIFFS and all RELEASING PERSONS hereby forever completely settle, compromise, release, and discharge the RELEASED PERSONS from any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action of any kind whatsoever as defined in Section XII.A. and XII.A.1-7, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any RELEASING PERSON has or might have, known or unknown, asserted or unasserted, of any kind whatsoever as defined in Section XII.A. and XII.A.1-7, even if presently unknown and/or unasserted, that occurred at any time up to and including the date the COURT enters the PRELIMINARY APPROVAL ORDER.  This includes the following "RELEASED CLAIMS":

1.      any and all claims asserted in the LITIGATION or that could have been asserted in the LITIGATION that those individuals employed in an ASM POSITION were not properly classified as exempt employees;

2.      any and all claims for unpaid wages, minimum wages, liquidated

damages, retaliation for raising any complaints about wage and hour issues, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, or any other wage-related or recordkeeping-related claims, damages or relief of any kind arising from the allegation that those individuals employed in an ASM POSITION were misclassified as exempt from overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*;

3.      any and all claims under the wage and hour laws and regulations of the state of New York arising from the allegation that those individuals employed in an ASM POSITION were misclassified as exempt from overtime including, but not limited to, Articles 6 and 19 of the New York Labor Law; 12 New York Codes, Rules and Regulations Parts 137-142; New York General Business Law § 399-H; and any and all state statutory or common law wage claims,[2] including, but not limited to claims of unjust enrichment, quantum meruit, retaliation for raising any complaints about wage and hour issues, and any and all claims for wages, paid time off, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for failure to reimburse business expenses, any and all claims for failure to provide wage statements, any and all claims for failure to provide any compensation-related notice, and any and all claims for penalties or damages available under the wage and hour laws of the state of New York, or any state

---

[2] For those Plaintiffs and Releasing Persons who were employed by Defendants in the Commonwealth of Massachusetts, this release includes, but is not limited to, the wage and hour laws and regulations of the Commonwealth of Massachusetts, including but not limited to the Massachusetts Payment of Wages Law, Mass. Gen. Laws Ch. 149 § 148 *et seq.*, the Massachusetts Minimum Fair Wage Law, Mass. Gen. Laws Ch. 151 § 1 *et seq.*, the Massachusetts Overtime Law, Mass. Gen. Laws Ch. 151 § 1A *et seq.*, the Minimum Wage Regulations, 455 CMR § 2.01 *et. seq.*, Mass. Gen. Laws Ch. 149 § 100, the Massachusetts Prevailing Wage Laws, including Mass. Gen. Laws Ch. 149 § 26 *et seq.*, and any state common law wage claims, including, but not limited to claims of unjust enrichment, and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and retaliation for raising any complaints about wage and hour issues.

statutory or common law wage claims, including but not limited to claims for  attorneys' fees, costs and/or expenses, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

4.      any and all claims under state and federal law for breach of express contract or labor agreement (for earned wages, overtime, and/or missed or interrupted meal breaks), implied contract, money had and received in assumpsit, quantum meruit/unjust enrichment, fraud, retaliation for raising any complaints about wage and hour issues, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records arising from the allegation that those individuals employed in an ASM POSITION were misclassified as exempt from overtime;

5.      any and all claims for benefits or other amounts under any compensation or benefit plan, program, arrangement, or agreement based on any alleged failure to pay wages or accrued time off, including but not limited to minimum wages or overtime wages arising from the allegation that those individuals employed in an ASM POSITION were misclassified as exempt from overtime;

6.      any and all wage-and-hour laws or wage-related claims of any kind under any other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations arising from the allegation that those individuals employed in an ASM POSITION were misclassified as exempt from overtime or that any PLAINTIFF or RELEASING PERSON was retaliated against for raising any complaints about wage and hour issues; and

7.      any and all claims for attorneys' fees, costs and expenses arising from

any of the RELEASED CLAIMS.

      B.     <u>Further Release by Plaintiffs Celina Roberts, Anthony Sciotto, Eric Burns, Keri Dickey, Angela Ramirez, Diana Santillan, Camille Ghanem, Tommy Zahtila, and Gianfranco Pirolo, and FLSA COLLECTIVE Members Eugene Costa, Jr., Norma McKenzie, Shawn Corway, and Karen Razzetti-Giaimis.</u>  In addition to the RELEASED CLAIMS identified in Section XII, effective as of the FINAL EFFECTIVE DATE, SERVICE PAYMENT RECIPIENTS voluntarily and with the advice of CLASS COUNSEL, fully and forever release, acquit, and discharge the DEFENDANTS and all RELEASED PERSONS, in their personal individual, official and/or corporate capacities, from all such claims and demands directly or indirectly arising out of or in any way connected with their employment with DEFENDANTS; any and all claims for wages, paid time off, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for failure to reimburse business expenses, any and all claims for failure to provide wage statements, any and all claims for failure to provide any compensation-related notice, any type of penalties or damages available under any wage and hour laws; claims pursuant to any federal, state or local law, statute, regulation, or cause of action including, but not limited to, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act, the National Labor Relations Act (29 U.S.C. § 151, *et seq.*), the Equal Pay Act (29 U.S.C. § 206), the Civil Rights Acts (42 U.S.C. § 1981 and § 1988), the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*), the Age Discrimination in Employment Act ("ADEA"), and other state and local statute, ordinance or regulation prohibiting discrimination in employment, and all other laws and regulations relating to employment

including but not limited to any and all claims for wages, paid time off, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for failure to reimburse business expenses, any and all claims for failure to provide wage statements, any and all claims for failure to provide any compensation-related notice, any type of penalties or damages available under any wage and hour laws; tort law; contract law; wrongful discharge; retaliation; discrimination; harassment; fraud; defamation; emotional distress; and breach of the implied covenant of good faith and fair dealing that occurred at any time up to and including the date the COURT enters the PRELIMINARY APPROVAL ORDER.  However, this release does not include any claims that cannot be lawfully waived or released by private agreement.

1. **Time to Negotiate and Consider The RELEASED CLAIMS For SERVICE PAYMENT RECIPIENTS Who Are 40 Years of Age or Older.**  SERVICE PAYMENT RECIPIENTS who are 40 years of age or older are advised to consult with an attorney before signing this SETTLEMENT AGREEMENT.  Each SERVICE PAYMENT RECIPIENT who is 40 years of age or older represents that he or she has carefully read this release and the RELEASED CLAIMS contained herein at Section XII.A & B. and finds that it has been written in language that he or she understands.  Each SERVICE PAYMENT RECIPIENT who is 40 years of age or older has been given twenty-one (21) calendar days to consider whether to accept the release and RELEASED CLAIMS contained herein at Section XII.A & B., and has signed it only after reading, considering and understanding it.  If any SERVICE PAYMENT RECIPIENT who is 40 years of age or older signs this SETTLEMENT AGREEMENT before the expiration of that 21-day period, he or she is expressly waiving his

or her right to consider the release and RELEASED CLAIMS contained herein at Section XII.A & B. for any remaining portion of that 21-day period.  The PARTIES agree that any changes made to the release and RELEASED CLAIMS contained herein at Section XII.A & B. from the version originally presented to SERVICE PAYMENT RECIPIENTS who are 40 years of age or older, whether those changes are deemed material or nonmaterial, do not extend the 21-day period each SERVICE PAYMENT RECIPIENT who is 40 years of age or older has been given to consider the release and RELEASED CLAIMS contained herein at Section XII.A & B.

  2. **Waiver of Age Discrimination/Retaliation Claims and Revocation For SERVICE PAYMENT RECIPIENTS who Are 40 Years of Age or Older.**  As to the waiver of any and all potential age discrimination and/or retaliation claims under the Age Discrimination in Employment Act ("ADEA"), each SERVICE PAYMENT RECIPIENT who is 40 years of age or older further understands and acknowledges that he or she have seven (7) calendar days following the execution of this SETTLEMENT AGREEMENT to revoke the release and RELEASED CLAIMS contained herein at Section XII.B. to waive potential age discrimination and/or retaliation claims under the ADEA.  Each SERVICE PAYMENT RECIPIENT who is 40 years of age or older acknowledges that the portion of the release and RELEASED CLAIMS contained herein at Section XII.B. that waives such potential age discrimination and/or retaliation claims shall not become effective or enforceable until the revocation period has expired and he or she has not exercised his or her right to revoke.

  Each SERVICE PAYMENT RECIPIENT who is 40 years of age or older further understands that in order to revoke the waiver of age discrimination and/or retaliation claims

under the ADEA contained in the release and RELEASED CLAIMS in Section XII.B., he or his attorney or she or her attorney must deliver a written and signed statement of revocation to Lisa A. Schreter, Esq., Littler Mendelson, P.C., 3424 Peachtree Road, N.E., Suite 1200, Atlanta, GA 303026; or (b) fax the revocation to Lisa A. Schreter at (404) 795-0758 within seven (7) days following their execution of this SETTLEMENT AGREEMENT.  In either case, a SERVICE PAYMENT RECIPIENT who is 40 years of age or older agrees to keep written documentation proving that he or she revoked this the release and RELEASED CLAIMS in Section XII.B. as provided in this paragraph, either by keeping the documents signed by a representative of Littler Mendelson, P.C. attesting to the delivery of the revocation, or other verification that the fax was, in fact, received by Littler Mendelson, P.C.  If such revocation of the release and waiver of potential age discrimination and/or retaliation claims occurs, the consideration for the SERVICE PAYMENT will be reduced by fifty (50%) percent. The remaining provisions of the release and RELEASED CLAIMS in Section XII.A. & B. will remain in full force and effect.

**Each SERVICE PAYMENT RECIPIENT who is 40 years of age or older understands that once he or she signs below, this SETTLEMENT AGREEMENT will become a legally enforceable agreement under which he or she will be giving up rights and claims he or she may have, on the terms stated in this SETTLEMENT AGREEMENT.**

**Each SERVICE PAYMENT RECIPIENT who is 40 years of age or older has been given the opportunity to consult with an attorney prior to execution of this SETTLEMENT AGREEMENT.  Each SERVICE PAYMENT RECIPIENT who is 40**

**years of age or older acknowledges that he or she has consulted with his or her attorneys and signs this SETTLEMENT AGREEMENT knowingly, freely and voluntarily**.

C.      SERVICE PAYMENT RECIPIENTS who are not currently employed by DEFENDANTS permanently, unequivocally, and unconditionally waive any and all rights they may now have, may have had in the past, or may have in the future to seek, obtain or resume employment with DEFENDANTS and all RELEASED PERSONS as an employee, consultant, contingent worker, temporary worker, independent contractor, or in any other capacity whatsoever.  SERVICE PAYMENT RECIPIENTS who are not currently employed by DEFENDANTS agree never to apply for, or to accept, employment with DEFENDANTS and all RELEASED PERSONS.  SERVICE PAYMENT RECIPIENTS who are not currently employed by DEFENDANTS further agree that this SETTLEMENT AGREEMENT shall be the basis for DEFENDANTS and all RELEASED PERSONS not to hire, rehire or retain any of them as an employee, consultant, contingent worker, independent contractor or in any other capacity, whatsoever, after their execution of this SETTLEMENT AGREEMENT.  In the event that SERVICE PAYMENT RECIPIENTS who are not currently employed by DEFENDANTS are ever mistakenly employed or retained by one of DEFENDANTS or any RELEASED PERSONS, those SERVICE PAYMENT RECIPIENTS agree to have their employment terminated with no resulting claim or cause of action against the DEFENDANTS or any RELEASED PERSONS.  SERVICE PAYMENT RECIPIENTS who are not currently employed by DEFENDANTS acknowledge and agree that they have no right to employment or re-employment with DEFENDANTS or any RELEASED PERSONS, and that DEFENDANTS or any RELEASED PERSONS may legally refuse to employ him/her.  This

paragraph shall not apply in the event that after the execution of the SETTLEMENT AGREEMENT, DEFENDANTS or any RELEASED PERSONS purchase, merge with, or assume control over any entity that at the time of the purchase, merger, or change in control employs a SERVICE PAYMENT RECIPIENT who is not currently employed by DEFENDANTS.

D.      PLAINTIFFS and RELEASING PERSONS further covenant and agree that, since they are settling disputed claims, they will not accept, recover or receive any back pay, liquidated damages, other damages or any other form of relief based on any RELEASED CLAIMS which may arise out of, or in connection with any other individual, union representative, class or any administrative or arbitral remedies pursued by any individual, class/collective, union or federal, state or local governmental agency against the RELEASED PERSONS.  PLAINTIFFS and RELEASING PERSONS further acknowledge that they are enjoined from pursuing any RELEASED CLAIMS they have, had, might have or might have had against the RELEASED PERSONS based on any act or omission that occurred up to and including the date the COURT enters the PRELIMINARY APPROVAL ORDER.

E.      Those individuals who have previously released all of their Fair Labor Standards Act and/or New York state law claims covered by the SETTLEMENT AGREEMENT with DEFENDANTS are not eligible to be members of the SETTLEMENT CLASSES and are not eligible to participate in the settlement.

F.      PLAINTIFFS' Counsel and PLAINTIFFS represent and warrant that nothing which would otherwise be released herein has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated to any person or entity, any claim or any

portion thereof or interest therein, including, but not limited to, any interest in the LITIGATION, or any related action.   Upon the FINAL EFFECTIVE DATE of this SETTLEMENT AGREEMENT, members of the FINAL SETTLEMENT CLASSES shall be deemed to have given this warranty.

## XIII.   MEDIA AND CONFIDENTIALITY OBLIGATIONS

A.      PLAINTIFFS or members of the SETTLEMENT CLASSES, CLASS COUNSEL, DEFENDANTS, and DEFENDANTS' counsel shall not before or during the period between the mailing of the SETTLEMENT NOTICE and the BAR DATE: (1) initiate contact or attempt to contact or solicit, directly or indirectly, any member of the NEW YORK STATE LAW SETTLEMENT CLASS who are not PLAINTIFFS or members of the FLSA COLLECTIVE; (2) issue a press release or otherwise notify the media about the terms of the SETTLEMENT AGREEMENT; or (3) advertise or make any public statements regarding any SETTLEMENT AGREEMENT terms through written, recorded or electronic communications.  Notwithstanding the foregoing, DEFENDANTS and their counsel shall not be precluded from making any disclosures required by law or in connection with an SEC filing. Nothing in this SETTLEMENT AGREEMENT shall be construed to prevent DEFENDANTS from communicating with their employees or responding to inquiries from their employees regarding any matter.  If any member of the SETTLEMENT CLASSES inquires about the LITIGATION or the settlement, DEFENDANTS shall refer the individual to the CLAIMS ADMINISTRATOR.  Nothing herein shall prohibit CLASS COUNSEL from responding to settlement-related inquiries from any PLAINTIFFS or members of the SETTLEMENT CLASSES.

B.      To the extent that CLASS COUNSEL and DEFENDANTS are contacted by the media about the SETTLEMENT AGREEMENT, they shall only be permitted to respond to such inquiries by stating that the PARTIES have reached a settlement subject to COURT approval, and that the PARTIES believe they have reached a fair and reasonable settlement of the disputed claims.  None of the PLAINTIFFS or members of the SETTLEMENT CLASSES, or CLASS COUNSEL may disclose any of the specific terms of the SETTLEMENT AGREEMENT or any other document discussing or summarizing the terms of settlement. However, CLASS COUNSEL may disclose the specific terms of the SETTLEMENT AGREEMENT to the extent necessary to respond to inquiries from members of the SETTLEMENT CLASSES regarding the proposed settlement and may disclose the terms of the SETTLEMENT AGREEMENT in seeking approval of the SETTLEMENT AGREEMENT with the COURT.

C.      A "breach" of the Media and Confidentiality Obligations in Section XIII of the SETTLEMENT AGREEMENT is any disclosure by PLAINTIFFS, members of the SETTLEMENT CLASSES, and CLASS COUNSEL of the terms or conditions of the SETTLEMENT AGREEMENT beyond those permitted by Section XIII.  In the event of any such breach or threatened breach, DEFENDANTS shall, in addition to any other remedies available to them, be entitled to seek a temporary restraining order and/or preliminary and/or permanent injunction, or other equivalent relief, restraining PLAINTIFFS, members of the SETTLEMENT CLASSES, or CLASS COUNSEL from any actual or threatened breach.

**XIV.   BINDING EFFECT; EXCLUSION, OPT-OUT AND OBJECTION RIGHTS**

A.      <u>Right of members of NEW YORK STATE LAW SETTLEMENT CLASS to</u>

35

OPT-OUT:  Members of the NEW YORK STATE LAW SETTLEMENT CLASS may OPT-OUT of that class by sending a Request for Exclusion to the CLAIMS ADMINISTRATOR via U.S. Mail, overnight delivery service, facsimile, or scanned copy of the Request for Exclusion via email, expressing his/her desire to be excluded from the FINAL NEW YORK STATE LAW SETTLEMENT CLASS, including his/her name (and former names, if any), current address, telephone number, and Social Security number, and the dates of employment. The Request for Exclusion must be signed by the individual who is electing to OPT-OUT, and any such Request for Exclusion must be received by the CLAIMS ADMINISTRATOR on or before the BAR DATE in order to be considered timely and to exclude themselves from the FINAL NEW YORK STATE LAW SETTLEMENT CLASS.  Requests for Exclusion that do not include all required information, or that are not received by the CLAIMS ADMINISTRATOR during the OPT-OUT PERIOD, will be deemed null, void, and ineffective.  Members of the NEW YORK STATE LAW SETTLEMENT CLASS may not exclude themselves by filing a Request for Exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion and timely return it to the CLAIMS ADMINISTRATOR.  By opting out, any member of the NEW YORK STATE LAW SETTLEMENT CLASS who previously filed a consent form to join the FLSA COLLECTIVE shall be deemed to have withdrawn that consent and will no longer be a member of the FLSA COLLECTIVE for any purpose, including this SETTLEMENT AGREEMENT.  Any member of the NEW YORK STATE LAW SETTLEMENT CLASS who is an OPT-OUT, including but not limited to those who are also members of the FLSA COLLECTIVE, shall not:  (i) have any rights under this SETTLEMENT AGREEMENT; (ii)

be entitled to receive a SETTLEMENT PAYMENT; (iii) have a right to object to the SETTLEMENT AGREEMENT; and (iv) be bound by this SETTLEMENT AGREEMENT, the FINAL APPROVAL ORDER, or the FINAL JUDGMENT.

B.      Right of members of NEW YORK STATE LAW SETTLEMENT CLASS to Object:  Any member of the NEW YORK STATE LAW SETTLEMENT CLASS who does not opt-out may object to this SETTLEMENT AGREEMENT, however, any such objections must be received by the CLAIMS ADMINISTRATOR on or before the BAR DATE in order to be timely.  Such objection shall include the name and address of the OBJECTOR, a detailed statement of the basis for each objection asserted, the grounds on which the OBJECTOR desires to appear and be heard (if any), and, if the OBJECTOR is represented by counsel, the name and address of counsel.  If counsel is appearing on behalf of more than one OBJECTOR, counsel must identify each such OBJECTOR and each such OBJECTOR must individually comply with the requirements of this paragraph.  No member of the NEW YORK STATE LAW SETTLEMENT CLASS may be heard at the FINAL APPROVAL HEARING who has not complied with this requirement, and any member of the NEW YORK STATE LAW SETTLEMENT CLASS who fails to comply with this requirement will be deemed to have waived any right to object and any objection to the SETTLEMENT AGREEMENT.

C.      Any member of the NEW YORK STATE LAW SETTLEMENT CLASS who does not elect to be excluded from the SETTLEMENT AGREEMENT may, but need not, enter an appearance through his or her own attorney.  Members of the NEW YORK STATE LAW SETTLEMENT CLASS who do not enter an appearance through their own attorneys will be represented by CLASS COUNSEL.

D.      No later than ten (10) calendar days before the date of the FINAL APPROVAL HEARING, the CLAIMS ADMINISTRATOR shall certify jointly to CLASS COUNSEL and DEFENDANTS' counsel: (1) a list of all members of the NEW YORK STATE LAW SETTLEMENT CLASS who filed a timely objection; (2) the percentage and list of all members of the NEW YORK STATE LAW SETTLEMENT CLASS who timely and properly requested to OPT-OUT at any time during the OPT-OUT PERIOD; (3) a list of all individual members of the SETTLEMENT CLASSES who disputed the amounts allocated to them, or individuals who came forward after the mailing of the SETTLEMENT NOTICE and alleged that they should have been included in either or both of the FLSA COLLECTIVE and/or the NEW YORK STATE LAW SETTLEMENT CLASS; and (4) the total SETTLEMENT PAYMENT due to each member of the FINAL SETTLEMENT CLASSES, and provide that information to CLASS COUNSEL and DEFENDANTS' counsel on a CD or by any secure file transfer method approved by CLASS COUNSEL and DEFENDANTS' counsel.

E.      <u>Binding Effect on members of FINAL SETTLEMENT CLASSES</u>:  All members of the FINAL SETTLEMENT CLASSES will be bound by the terms and conditions of this SETTLEMENT AGREEMENT, the FINAL APPROVAL ORDER, the FINAL JUDGMENT, and the releases set forth herein; and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the settlement.

## XV.   DUTIES OF CLAIMS ADMINISTRATOR

A.      Within ten (10) calendar days of the execution of this SETTLEMENT AGREEMENT, the PARTIES shall agree on the entity to serve as the CLAIMS ADMINISTRATOR.

B.      The SETTLEMENT EXPENSES are to be paid from the MAXIMUM GROSS SETTLEMENT AMOUNT.

C.      By agreeing to serve as the CLAIMS ADMINISTRATOR, the CLAIMS ADMINISTRATOR voluntarily agrees subject itself to the jurisdiction of the COURT and waives any jurisdictional objections.

D.      The CLAIMS ADMINISTRATOR will perform all of the administrative duties assigned herein, including: (1) submitting a flat fee, all-inclusive budget to counsel for the PARTIES for their approval before performing any claims services; (2) calculating the REVISED GROSS SETTLEMENT AMOUNT; (3) calculating the estimated, potential, and actual individualized SETTLEMENT PAYMENTS for each member of the SETTLEMENT CLASSES and FINAL SETTLEMENT CLASSES; (4) formatting and printing the SETTLEMENT NOTICE and mailing the SETTLEMENT NOTICE to members of the NEW YORK STATE LAW SETTLEMENT CLASS as required in the SETTLEMENT AGREEMENT; (5) copying counsel for all PARTIES on material correspondence and promptly notifying all counsel for the PARTIES of any material requests or communications made by any PARTY; (6) requesting additional information from members of the SETTLEMENT CLASSES in accordance with the terms of Section IX above; (7) maintaining the original mailing envelope in which requests to OPT-OUT or objections, and other correspondence is received; (8) promptly furnishing to CLASS COUNSEL and DEFENDANTS' counsel copies of any requests to OPT-OUT and/or objections which the CLAIMS ADMINISTRATOR receives; (9) mailing a SETTLEMENT PAYMENT and SERVICE PAYMENT (if applicable) in accordance with the terms of Section IX above, as

well as a copy of the FINAL APPROVAL ORDER, to members of the FINAL SETTLEMENT CLASSES; (10) electronically transferring CLASS COUNSEL'S FEES, COSTS AND EXPENSES in accordance with the SETTLEMENT AGREEMENT; (11) attempting to confirm the accuracy and, if necessary, updating the addresses of the members of the NEW YORK STATE LAW SETTLEMENT CLASS through the United States Post Office's NCOA and ascertaining current address and addressee information for each SETTLEMENT NOTICE returned as undeliverable and conducting a second mailing to the current address, if ascertained; (12) responding to inquiries of members of the NEW YORK STATE LAW SETTLEMENT CLASS regarding the terms of settlement and procedures for submitting objections and requests to OPT-OUT; (13) referring to counsel for the PARTIES all inquiries by members of the SETTLEMENT CLASSES regarding matters not within the CLAIMS ADMINISTRATOR'S duties specified herein, except that any correspondence from members of the SETTLEMENT CLASSES that is directed to CLASS COUNSEL but is received by the CLAIMS ADMINISTRATOR, and that is protected by the Attorney-Client Privilege, shall be provided solely to CLASS COUNSEL; (14) promptly apprising counsel for the PARTIES of the activities of the CLAIMS ADMINISTRATOR; (15) maintaining adequate records of its activities, including the dates of the mailing of SETTLEMENT NOTICE(s) to members of the NEW YORK STATE LAW SETTLEMENT CLASS, the mailing of SETTLEMENT PAYMENTS to members of the FINAL SETTLEMENT CLASSES, returned mail and other communications and attempted written or electronic communications with members of the SETTLEMENT CLASSES; (16) confirming in a declaration its completion of the administration of the SETTLEMENT AGREEMENT; (17) timely responding to

communications from the PARTIES or their counsel; (18) escheating non-negotiated checks to the appropriate state agency; (19) calculating and paying the EMPLOYERS' SHARE OF PAYROLL TAXES, to be paid from the MAXIMUM GROSS SETTLEMENT AMOUNT, including but not limited to all FICA and FUTA taxes on SETTLEMENT PAYMENTS; (20) performing all tax reporting duties required by federal, state, or local law or this SETTLEMENT AGREEMENT; (21) ensuring that members of the FINAL SETTLEMENT CLASSES and CLASS COUNSEL are provided with IRS FORM W-2s and IRS 1099 misc. forms as appropriate along with a document explaining the allowable deduction for attorneys' fees, expenses, and costs pursuant to 26 U.S.C. § 62; (22) opening and administering a qualified settlement fund, to which DEFENDANTS shall electronically transfer an amount equal to the MAXIMUM GROSS SETTLEMENT AMOUNT less any pre-paid MEDIATION EXPENSES pursuant to the SETTLEMENT AGREEMENT, in such a manner as to qualify and maintain it as a "Qualified Settlement Fund" under Section 468B of the Code and Treas. Reg. Section 1.468B-l ("QSF") -- the QSF shall be non-interest bearing, to the extent permitted by applicable law or regulations; (23) opening the QSF at least five (5) business days prior to the date on which the QSF is to be funded; (24) protecting the personal data of members of the SETTLEMENT CLASS, including Social Security numbers, from public disclosure; (25) maintaining reasonable administrative, physical, and technical controls that will protect the confidentiality, security, integrity, and availability of personal data of the members of the SETTLEMENT CLASSES pursuant to the terms of Sections XV.E and XV.F below; (26) delivering to DEFENDANTS' counsel a CD or another file type sent by any secure file transfer method approved by CLASS COUNSEL and DEFENDANTS' counsel containing

data of members of the SETTLEMENT CLASSES and providing CLASS COUNSEL all information to which they are entitled under the SETTLEMENT AGREEMENT; (27) maintaining all records, electronic or otherwise, relating to the administration of this SETTLEMENT AGREEMENT, for a period of six (6) years after the date of FINAL JUDGMENT; (28) setting aside a RESERVE FUND equal to $500,000 in accordance with Section II.B; (29) distributing any remaining funds in the RESERVE FUND in accordance with Section II.B.7; (30) performing the remaining tasks identified in Section II.B and, to the extent applicable, in this Section, with respect to individuals who allege they should be included in one or both of the FLSA COLLECTIVE and/or the NEW YORK STATE LAW SETTLEMENT CLASS and whom the PARTIES agree are properly included; (31) such other tasks contained in the SETTLEMENT AGREEMENT; and (32) such other tasks as the PARTIES mutually agree.

E.      CLASS COUNSEL and DEFENDANTS' counsel have the right to review and approve any documents to be mailed by the CLAIMS ADMINISTRATOR prior to their mailing, and the CLAIMS ADMINISTRATOR may not mail any documents without first receiving written approval to send the documents from CLASS COUNSEL and DEFENDANTS' counsel.

F.      The PARTIES shall be permitted to conduct a risk assessment of the CLAIMS ADMINISTRATOR to verify that the CLAIMS ADMINISTRATOR has in place an effective information and data security program capable of protecting the personal information of the members of the SETTLEMENT CLASSES.  The CLAIMS ADMINISTRATOR must agree to be bound to an "Agreed Protective Order and Protective Order Addendum Regarding Class

Member Information and Settlement Notice Administrator Duties," confirming that the CLAIMS ADMINISTRATOR agrees to be subject to the jurisdiction of the COURT and the CLAIMS ADMINISTRATOR has sufficient safeguards in place to protect information of the members of the SETTLEMENT CLASSES.  The CLAIMS ADMINISTRATOR must agree to the same in writing no later than seven (7) calendar days after the execution of this SETTLEMENT AGREEMENT.   Either PARTY may object to the selection of a CLAIMS ADMINISTRATOR which does not pass the assessment process or which will not agree to reasonable contractual commitments regarding the security of member information.

G.    The CLAIMS ADMINISTRATOR must agree to indemnify CLASS COUNSEL, DEFENDANTS, and DEFENDANTS' counsel for information security breaches which are caused, or could have reasonably been prevented, by the CLAIMS ADMINISTRATOR as well as any fines, costs or expenses incurred as a result of an allegation of improper reporting of information or withholding and payment of funds to the Internal Revenue Service and/or state government tax agency.

## XVI.    TERMINATION OF THE SETTLEMENT AGREEMENT

A.    <u>Grounds for Settlement Termination</u>:  This SETTLEMENT AGREEMENT may be terminated on the following grounds:

1.    CLASS COUNSEL or DEFENDANTS' counsel may terminate the SETTLEMENT AGREEMENT if the COURT declines to enter an APPROVAL ORDER, or judgment substantially in the form submitted by the PARTIES, or the SETTLEMENT AGREEMENT does not become final for any other reason, or a Court of Appeals reverses the entry of an APPROVAL ORDER or judgment.

2.       If six percent (6%) or more of the members of the NEW YORK STATE LAW SETTLEMENT CLASS, collectively, exercise their rights to OPT-OUT and be excluded from the FINAL NEW YORK STATE LAW SETTLEMENT CLASS and this SETTLEMENT AGREEMENT, DEFENDANTS shall have the right, notwithstanding any other provisions of this SETTLEMENT AGREEMENT, to withdraw from this SETTLEMENT AGREEMENT, whereupon the SETTLEMENT AGREEMENT will be null and void for all purposes and may not be used or introduced in further LITIGATION or any other proceeding of any kind.

B.       <u>Procedures for Termination</u>:  To terminate this SETTLEMENT AGREEMENT on one of the grounds specified above, the terminating Counsel (*i.e.*, CLASS COUNSEL or counsel for DEFENDANTS) shall give written notice to the opposing counsel no later than:

1.       Fifteen (15) business days after the COURT acts; or

2.       Fifteen (15) business days after the reversal by the Court of Appeals of the FINAL APPROVAL ORDER; or

3.       Fifteen (15) business days after DEFENDANTS receive notice from the CLAIMS ADMINISTRATOR that six percent (6%) or more of the members of the NEW YORK STATE LAW SETTLEMENT CLASS, collectively, exercised their rights to OPT-OUT and be excluded from that class and this SETTLEMENT AGREEMENT.

C.       <u>Effect of Termination</u>:  In the event that this SETTLEMENT AGREEMENT is canceled, rescinded, terminated, voided, or nullified, however that may occur, or the settlement of the LITIGATION is barred by operation of the law, is invalidated, is not approved or otherwise is ordered not to be carried out by any COURT:

1.      The SETTLEMENT AGREEMENT shall be terminated and shall have no force or effect, and no PARTY shall be bound by any of its terms;

2.      In the event the SETTLEMENT AGREEMENT is terminated or not approved by the COURT, DEFENDANTS shall have no obligation to make any payments to any PARTY, PLAINTIFF, member of the FLSA COLLECTIVE, member of the SETTLEMENT CLASSES, or CLASS COUNSEL, except that the PARTIES shall be jointly responsible (*i.e*., each PARTY will be responsible for fifty percent (50%) of fees, costs and expenses due) for (a) paying the CLAIMS ADMINISTRATOR for services rendered up to the date the CLAIMS ADMINISTRATOR is notified that the SETTLEMENT AGREEMENT has been terminated or that the SETTLEMENT AGREEMENT has not been approved by the COURT, and (b) paying MEDIATION EXPENSES.

3.      The PRELIMINARY APPROVAL ORDER, FINAL APPROVAL ORDER, and/or judgment, including any conditional order of class certification, shall be vacated;

4.      The SETTLEMENT AGREEMENT and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the PARTIES, all of whom shall be restored to their respective positions in the LITIGATION prior to the settlement; and

5.      Neither this SETTLEMENT AGREEMENT, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the LITIGATION or any other action for any purpose whatsoever.

6.       DEFENDANTS reserve the right to oppose class certification, and move to decertify the FLSA collective action, should the SETTLEMENT AGREEMENT not become final.

## XVII. LIMITATION ON PARTIES' USE OF THE SETTLEMENT TO SUPPORT CLAIMS, INCLUDING MOTIONS FOR CLASS OR CONDITIONAL CERTIFICATION, IN OTHER LITIGATION

None of the PLAINTIFFS or members of the FINAL SETTLEMENT CLASSES, CLASS COUNSEL, DEFENDANTS or DEFENDANTS' counsel shall use: (1) the fact of this settlement of the RELEASED CLAIMS; (2) the terms of this SETTLEMENT AGREEMENT; or (3) any information, data or documents exchanged in connection with this settlement of the RELEASED CLAIMS, to support or oppose any claims against DEFENDANTS, including with respect to a Section 216(b) Motion For Conditional Certification under the FLSA or any Federal Rule of Civil Procedure 23 Motion For Class Certification, asserted in any other action.  Specifically, PLAINTIFFS, members of the FINAL SETTLEMENT CLASSES, and CLASS COUNSEL agree that they will not argue, in seeking conditional certification of an FLSA collective or the Federal Rule of Civil Procedure 23 certification of a putative state law class on other claims asserted in any other such action, that a putative collective is similarly situated or appropriate for class or collective treatment because DEFENDANTS agreed to settle the RELEASED CLAIMS on a collective and/or class basis.

## XVIII.      PARTIES' AUTHORITY

A.       The signatories hereby represent that they are fully authorized to enter into this SETTLEMENT AGREEMENT and bind the PARTIES hereto to the terms and conditions hereof.

B.      PLAINTIFFS acknowledge that they will, together with CLASS COUNSEL, seek COURT approval of this SETTLEMENT AGREEMENT such that it will bind themselves and members of the FINAL SETTLEMENT CLASSES to all terms set forth in this SETTLEMENT AGREEMENT.

C.      It is agreed that because the members of the SETTLEMENT CLASSES are so numerous, it is impossible or impractical to have each member of the SETTLEMENT CLASSES execute the SETTLEMENT AGREEMENT.  The SETTLEMENT NOTICE will advise all members of the NEW YORK STATE LAW SETTLEMENT CLASS, and the FINAL APPROVAL ORDER will advise all members of the FINAL SETTLEMENT CLASSES, of the binding nature of the release, and that the release will have the same force and effect upon members of the FINAL SETTLEMENT CLASSES as if the SETTLEMENT AGREEMENT were executed by each member of the FINAL SETTLEMENT CLASSES.

## XIX.   MUTUAL FULL COOPERATION

The PARTIES agree to fully cooperate with each other to accomplish the terms of the SETTLEMENT AGREEMENT, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of the SETTLEMENT AGREEMENT.  The PARTIES to the SETTLEMENT AGREEMENT shall use reasonable efforts, including all efforts contemplated by the SETTLEMENT AGREEMENT and other reasonable efforts that may become necessary by order of the COURT, or otherwise, to effectuate the SETTLEMENT AGREEMENT and the terms set forth herein.  PLAINTIFFS and CLASS COUNSEL shall, with the assistance and cooperation of

DEFENDANTS and DEFENDANTS' counsel, take reasonable steps to secure the COURT'S final approval of the SETTLEMENT AGREEMENT.

## XX.    NOTICES

Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To PLAINTIFFS and members of the SETTLEMENT CLASSES:

Sam J. Smith, Esq.
BURR & SMITH, LLP
9800 4th Street North, Suite 200
St. Petersburg, Florida  33701
ssmith@burrandsmithlaw.com

To DEFENDANTS:

Lisa A. Schreter
LITTLER MENDELSON, P.C.
3424 Peachtree Road, N.E., Suite 1200
Atlanta, GA  30326
lschreter@littler.com

## XXI.  CONSTRUCTION AND INTERPRETATION

A.    The PARTIES hereto agree that the terms and conditions of the SETTLEMENT AGREEMENT are the result of lengthy, intensive, arms-length negotiations among the PARTIES, and the SETTLEMENT AGREEMENT shall not be construed in favor of or against any PARTY by reason of the extent to which any PARTY or his, her, or its counsel participated in the drafting of the SETTLEMENT AGREEMENT.

B.      Section titles are inserted as a matter of convenience for reference, and in no way define, limit, extend, or describe the scope of this SETTLEMENT AGREEMENT or any of its provisions.  Each term of this SETTLEMENT AGREEMENT is contractual and not merely a recital.

C.      This SETTLEMENT AGREEMENT shall be subject to and governed by the laws of the State of Massachusetts and subject to the continuing jurisdiction of the United States District Court for the District of Massachusetts.  The PARTIES agree that the COURT shall retain jurisdiction to enforce the terms of this SETTLEMENT AGREEMENT unless specifically set forth otherwise herein.

## XXII.  FORM AND CONTENT RESOLUTION

A.      The PARTIES agree they must reach agreement on the form and content of the SETTLEMENT AGREEMENT and its exhibits, the SETTLEMENT NOTICE, the CAFA NOTICE, the PRELIMINARY APPROVAL ORDER, the FINAL APPROVAL ORDER, and the Motions for Approval.

B.      The PARTIES agree that in the event they disagree as to the meaning or interpretation of the terms of the SETTLEMENT AGREEMENT or its exhibits, any and all such disputes may be submitted to Mediator Hunter R. Hughes, Esq. for final and binding arbitration.  The PARTIES agree to equally divide the fees and expenses of Mr. Hughes for such arbitration, but the PARTIES shall bear their own expenses for attorneys' fees, expenses and costs in connection therein.

## XXIII.   INTEGRATION CLAUSE

This SETTLEMENT AGREEMENT sets forth the entire agreement between the PARTIES hereto.

## XXIV.   BINDING ON ASSIGNS

This SETTLEMENT AGREEMENT shall be binding upon and inure to the benefit of the PARTIES, the RELEASING PERSONS, the RELEASED PERSONS, and their respective agents, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns.

## XXV.  MODIFICATION

No rights hereunder may be waived or modified except in a writing signed by duly authorized representatives of the PARTIES.

## XXVI.  ENFORCEMENT OF THE SETTLEMENT AGREEMENT

A.      In the event a PARTY seeks to enforce the terms of this SETTLEMENT AGREEMENT or to collect on any payments due under the terms of this SETTLEMENT AGREEMENT, notice must be mailed to opposing counsel as provided in Section XX.  After receipt of notice, the PARTIES shall meet and confer in a good faith attempt to resolve the matter for ten (10) calendar days.  In the event those efforts are unsuccessful and one or more of the PARTIES attempts to institute any legal action or other proceeding to enforce the terms of this SETTLEMENT AGREEMENT, or to declare rights and/or obligations under this SETTLEMENT AGREEMENT, or to collect on any payments due under the terms of this SETTLEMENT AGREEMENT, the prevailing party in such an enforcement action may

be awarded reasonable attorneys' fees, expenses, and costs.

## XXVII.   COUNTERPARTS

The SETTLEMENT AGREEMENT, which shall be executed with wet signatures, may be executed in counterparts, and when each PARTY has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one SETTLEMENT AGREEMENT, which shall be binding upon and effective as to all PARTIES once executed by all PARTIES.

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT AGREEMENT on:

**PLAINTIFFS AND OTHER SERVICE PAYMENT RECIPIENTS**

**PLAINTIFF CELINA ROBERTS**

Date: _6-16-20_        By: _____
                            Celina Roberts

**PLAINTIFF ANTHONY SCIOTTO**

Date: _____        By: _____
                            Anthony Sciotto

**PLAINTIFF ERIC BURNS**

Date: _____        By: _____
                            Eric Burns

be awarded reasonable attorneys' fees, expenses, and costs.

## XXVII.    COUNTERPARTS

The SETTLEMENT AGREEMENT, which shall be executed with wet signatures, may be executed in counterparts, and when each PARTY has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one SETTLEMENT AGREEMENT, which shall be binding upon and effective as to all PARTIES once executed by all PARTIES.

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT AGREEMENT on:

**PLAINTIFFS AND OTHER SERVICE PAYMENT RECIPIENTS**

**PLAINTIFF CELINA ROBERTS**

Date: _____        By: _____
                                  Celina Roberts

PLAINTIFF ANTHONY SCIOTTO

Date: 6/15/20        By: _____
                         Anthony Sciotto

**PLAINTIFF ERIC BURNS**

Date: _____        By: _____
                                  Eric Burns

be awarded reasonable attorneys' fees, expenses, and costs.

## XXVII.     COUNTERPARTS

The SETTLEMENT AGREEMENT, which shall be executed with wet signatures, may be executed in counterparts, and when each PARTY has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one SETTLEMENT AGREEMENT, which shall be binding upon and effective as to all PARTIES once executed by all PARTIES.

IN WITNESS WHEREOF, the undersigned have duly executed this SETTLEMENT AGREEMENT on:

**PLAINTIFFS AND OTHER SERVICE PAYMENT RECIPIENTS**

**PLAINTIFF CELINA ROBERTS**

Date: _____     By: _____
                                   Celina Roberts

**PLAINTIFF ANTHONY SCIOTTO**

Date: _____     By: _____
                                   Anthony Sciotto

**PLAINTIFF ERIC BURNS**

Date: 6/17/20     By: _____
                      Eric Burns

**PLAINTIFF KERI DICKEY**

Date: 6/17/2020          By: _____
                             Keri Dickey

**PLAINTIFF ANGELA RAMIREZ**

Date: _____   By: _____
                             Angela Ramirez

**PLAINTIFF DIANA SANTILLAN**

Date: _____   By: _____
                             Diana Santillan

**PLAINTIFF CAMILLE GHANEM**

Date: _____   By: _____
                             Camille Ghanem

**PLAINTIFF TOMMY ZAHTILA**

Date: _____   By: _____
                             Tommy Zahtila

**PLAINTIFF GIANFRANCO PIROLO**

**PLAINTIFF KERI DICKEY**

Date: _____     By: _____

Keri Dickey

**PLAINTIFF ANGELA RAMIREZ**

Date: June 16/2020     By: _____

Angela Ramirez

**PLAINTIFF DIANA SANTILLAN**

Date: _____     By: _____

Diana Santillan

**PLAINTIFF CAMILLE GHANEM**

Date: _____     By: _____

Camille Ghanem

**PLAINTIFF TOMMY ZAHTILA**

Date: _____     By: _____

Tommy Zahtila

**PLAINTIFF GIANFRANCO PIROLO**

Date: _____     By: _____

Gianfranco Pirolo

**PLAINTIFF KERI DICKEY**

Date: _____     By: _____

Keri Dickey

**PLAINTIFF ANGELA RAMIREZ**

Date: _____     By: _____

Angela Ramirez

**PLAINTIFF DIANA SANTILLAN**

Date: 06/17/20     By: _____

Diana Santillan

**PLAINTIFF CAMILLE GHANEM**

Date: _____     By: _____

Camille Ghanem

**PLAINTIFF TOMMY ZAHTILA**

Date: _____     By: _____

Tommy Zahtila

**PLAINTIFF GIANFRANCO PIROLO**

Date: _____     By: _____

Gianfranco Pirolo

**PLAINTIFF KERI DICKEY**

Date: _____     By: _____
                                Keri Dickey

**PLAINTIFF ANGELA RAMIREZ**

Date: _____     By: _____
                                Angela Ramirez

**PLAINTIFF DIANA SANTILLAN**

Date: _____     By: _____
                                Diana Santillan

**PLAINTIFF CAMILLE GHANEM**

Date: 6-12-2020     By: _____
                                Camille Ghanem

**PLAINTIFF TOMMY ZAHTILA**

Date: _____     By: _____
                                Tommy Zahtila

**PLAINTIFF GIANFRANCO PIROLO**

Date: _____     By: _____
                                Gianfranco Pirolo

Date: _____     By: _____
                               Keri Dickey


**PLAINTIFF ANGELA RAMIREZ**

Date: _____     By: _____
                               Angela Ramirez


**PLAINTIFF DIANA SANTILLIAN**

Date: _____     By: _____
                               Diana Santillian


**PLAINTIFF CAMILLE GHANEM**

Date: _____     By: _____
                               Camille Ghanem


**PLAINTIFF TOMMY ZAHTILA**

Date: 6-15-2020          By: _____
                               Tommy Zahtila


**PLAINTIFF GIANFRANCO PIROLO**

Date: _____     By: _____
                               Gianfranco Pirolo

**PLAINTIFF KERI DICKEY**

Date: _____        By: _____
                                  Keri Dickey

**PLAINTIFF ANGELA RAMIREZ**

Date: _____        By: _____
                                  Angela Ramirez

**PLAINTIFF DIANA SANTILLAN**

Date: _____        By: _____
                                  Diana Santillan

**PLAINTIFF CAMILLE GHANEM**

Date: _____        By: _____
                                  Camille Ghanem

**PLAINTIFF TOMMY ZAHTILA**

Date: _____        By: _____
                                  Tommy Zahtila

**PLAINTIFF GIANFRANCO PIROLO**

Date: 6/18/2020              By: _____
                                  Gianfranco Pirolo

52

**PLAINTIFF EUGENE COSTA, JR.**

Date: _____     By: _____

Eugene Costa, Jr.

**PLAINTIFF NORMA MCKENZIE**

Date: _____     By: _____

Norma McKenzie

**PLAINTIFF SHAWN CORWAY**

Date: _____     By: _____

Shawn Corway

**PLAINTIFF KAREN RAZZETTI-GIAIMIS**

Date: _____     By: _____

Karen Razzetti-Giaimis

**ON BEHALF OF THEMSELVES AND ALL MEMBERS OF THE FLSA COLLECTIVE, AND MEMBERS OF SETTLEMENT CLASSES**

**ATTORNEYS FOR PLAINTIFFS/CLASS COUNSEL**

**HEPWORTH, GERSHBAUM & ROTH, PLLC**

Date: _____     By: _____

Marc S. Hepworth
Charles Gershbaum

**PLAINTIFF EUGENE COSTA, JR.**

Date: _____    By: _____
                                Eugene Costa, Jr.

**PLAINTIFF NORMA MCKENZIE**

Date: 10/17/2020    By: _____
                        Norma McKenzie

**PLAINTIFF SHAWN CORWAY**

Date: _____    By: _____
                                Shawn Corway

**PLAINTIFF KAREN RAZZETTI-GIAIMIS**

Date: _____    By: _____
                                Karen Razzetti-Giaimis

**ON BEHALF OF THEMSELVES AND
ALL MEMBERS OF THE FLSA
COLLECTIVE, AND MEMBERS OF
SETTLEMENT CLASSES**

**ATTORNEYS FOR PLAINTIFFS/CLASS COUNSEL**

**HEPWORTH, GERSHBAUM & ROTH,
PLLC**

Date: _____    By: _____
                                Marc S. Hepworth
                                Charles Gershbaum

**PLAINTIFF EUGENE COSTA, JR.**

Date: _____   By: _____
                              Eugene Costa, Jr.

**PLAINTIFF NORMA MCKENZIE**

Date: _____   By: _____
                              Norma McKenzie

**PLAINTIFF SHAWN CORWAY**

Date: 6/15/2020   By: _____
                       Shawn Corway

**PLAINTIFF KAREN RAZZETTI-GIAIMIS**

Date: _____   By: _____
                              Karen Razzetti-Giaimis

**ON BEHALF OF THEMSELVES AND ALL MEMBERS OF THE FLSA COLLECTIVE, AND MEMBERS OF SETTLEMENT CLASSES**

**ATTORNEYS FOR PLAINTIFFS/CLASS COUNSEL**

**HEPWORTH, GERSHBAUM & ROTH, PLLC**

Date: _____   By: _____
                              Marc S. Hepworth
                              Charles Gershbaum



TJX Roberts
Final S....20.pdf



Signature Page-
Robert...olo.pdf

**PLAINTIFF EUGENE COSTA, JR.**

Date: _____     By: _____

Eugene Costa, Jr.

**PLAINTIFF NORMA MCKENZIE**

Date: _____     By: _____

Norma McKenzie

**PLAINTIFF SHAWN CORWAY**

Date: _____     By: _____

Shawn Corway

**PLAINTIFF KAREN RAZZETTI-GIAIMIS**

Date: _____     By: _____

Karen Razzetti-Giaimis

ON BEHALF OF THEMSELVES AND
ALL MEMBERS OF THE FLSA
COLLECTIVE, AND MEMBERS OF
SETTLEMENT CLASSES

ATTORNEYS FOR PLAINTIFFS/CLASS COUNSEL

HEPWORTH, GERSHBAUM & ROTH,
PLLC

Date: _____     By: _____

Marc S. Hepworth
Charles Gershbaum

**PLAINTIFF EUGENE COSTA, JR.**

Date: _____     By: _____

Eugene Costa, Jr.

**PLAINTIFF NORMA MCKENZIE**

Date: _____     By: _____

Norma McKenzie

**PLAINTIFF SHAWN CORWAY**

Date: _____     By: _____

Shawn Corway

**PLAINTIFF KAREN RAZZETTI-GIAIMIS**

Date: _____     By: _____

Karen Razzetti-Giaimis

**ON BEHALF OF THEMSELVES AND
ALL MEMBERS OF THE FLSA
COLLECTIVE, AND MEMBERS OF
SETTLEMENT CLASSES**

**ATTORNEYS FOR PLAINTIFFS/CLASS COUNSEL**

**HEPWORTH, GERSHBAUM & ROTH,
PLLC**

Date: 6/24/20     By: _____

Marc S. Hepworth
Charles Gershbaum

David A. Roth

**KLAFTER OLSEN & LESSER LLP**

Date: 6/23/2020          By: _____

Seth R. Lesser
Fran L. Rudich
Christopher M. Timmel


**FAIR WORK, P.C.**

Date: 6/24/2020          By: _____

Hillary A. Schwab


**VALLI KANE & VAGNINI LLP**

Date: _____          By: _____

Sara Wyn Kane
James A. Vagnini
Robert J. Valli, Jr.


**MEHRI & SKALET, PLLC**

Date: _____          By: _____

Cyrus Mehri
Michael Lieder


**SHAVITZ LAW GROUP PA**

Date: 6/23/2020          By: _____

Gregg I. Shavitz
Alan L. Quiles
Camar Jones

David A. Roth

**KLAFTER OLSEN & LESSER LLP**

Date: _____     By: _____

Seth R. Lesser
Fran L. Rudich
Christopher M. Timmel

**FAIR WORK, P.C.**

Date: _____     By: _____

Hillary A. Schwab

**VALLI KANE & VAGNINI LLP**

Date: 6/22/2020     By: _____

Sara Wyn Kane
James A. Vagnini
Robert J. Valli, Jr.

**MEHRI & SKALET, PLLC**

Date: _____     By: _____

Cyrus Mehri
Michael Lieder

**SHAVITZ LAW GROUP PA**

Date: _____     By: _____

Gregg I. Shavitz
Alan L. Quiles
Camar Jones

David A. Roth

**KLAFTER OLSEN & LESSER LLP**

Date: _____ By: _____

Seth R. Lesser
Fran L. Rudich
Christopher M. Timmel

**FAIR WORK, P.C.**

Date: _____ By: _____

Hillary A. Schwab

**VALLI KANE & VAGNINI LLP**

Date: _____ By: _____

Sara Wyn Kane
James A. Vagnini
Robert J. Valli, Jr.

**MEHRI & SKALET, PLLC**

Date: 06/22/2020 By: _____

Cyrus Mehri
Michael Lieder

**SHAVITZ LAW GROUP PA**

Date: _____ By: _____

Gregg I. Shavitz
Alan L. Quiles
Camar Jones

**BURR & SMITH LLP**

Date: _6/24/2020_       By: _____

Sam J. Smith
Loren B. Donnell

**SLN LAW, LLC**

Date: _____       By: _____

Emily E. Smith-Lee

**ELLWANGER LAW LLP**

Date: _____       By: _____

Jay D. Ellwanger

**DEFENDANTS**

Date: _____       By: _____

Alicia C. Kelly
Executive Vice President, Secretary and
General Counsel

The TJX Companies, Inc.

**DEFENDANTS' COUNSEL**

**LITTLER MENDELSON, P.C.**

Date: _7-2-2020_       By: _____

Lisa A. Schreter
Richard W. Black

55

**BURR & SMITH LLP**

Date: _____     By:   _____

Sam J. Smith
Loren B. Donnell

**SLN LAW, LLC**

Date: June 23, 2020     By:   _____

Emily E. Smith-Lee

**ELLWANGER LAW LLP**

Date: _____     By:   _____

Jay D. Ellwanger

**DEFENDANTS**

Date: _____     By:   _____

Alicia C. Kelly
Executive Vice President, Secretary and
General Counsel

The TJX Companies, Inc.

**DEFENDANTS' COUNSEL**

**LITTLER MENDELSON, P.C.**

Date: _____     By:   _____

Lisa A. Schreter
Richard W. Black

**BURR & SMITH LLP**

Date: _____     By: _____

Sam J. Smith
Loren B. Donnell

**SLN LAW, LLC**

Date: _____     By: _____

Emily E. Smith-Lee

**ELLWANGER LAW LLP**

Date: _6/22/20_     By: _____

Jay D. Ellwanger

**DEFENDANTS**

Date: _____     By: _____

Alicia C. Kelly
Executive Vice President, Secretary and
General Counsel

The TJX Companies, Inc.

**DEFENDANTS' COUNSEL**

**LITTLER MENDELSON, P.C.**

Date: _____     By: _____

Lisa A. Schreter
Richard W. Black

**APPENDIX**

**DEFINITIONS TO STIPULATION AND SETTLEMENT AGREEMENT**

A.      "ASM CLAIMS" refers to those claims asserted in the LITIGATION alleging that DEFENDANTS: (1) allegedly misclassified Merchandise Assistant Store Managers ("MASMs"), Operations Assistant Store Managers ("Operations ASMs"), and Customer Experience Assistant Store Managers ("Customer Experience ASMs") at Marshalls, HomeGoods, Marshalls/HomeGoods combination stores, and on the HomeGoods side of T.J. Maxx/HomeGoods combination stores outside of California, and failed to pay them overtime in violation of the Fair Labor Standards Act; and (2) allegedly misclassified MASMs, Operations ASMs, and Customer Experience ASMs at Marshalls stores and Marshalls/HomeGoods combination stores located in the State of New York, and failed to pay them overtime in violation of the New York Labor Law.

B.      "ASM POSITION" refers to the Merchandise Assistant Store Manager, Operations Assistant Store Manager, and Customer Experience Assistant Store Manager positions, collectively.

C.      "ASM WEEKS" refers to the number of weeks that, by the PARTIES' stipulation, members of the SETTLEMENT CLASSES are deemed to have worked in an ASM POSITION for purposes of this SETTLEMENT AGREEMENT.  For each individual who is a member only of the FLSA COLLECTIVE, the number of ASM WEEKS shall be the number of weeks that the individual worked in an ASM POSITION at Marshalls stores, HomeGoods stores, Marshalls/HomeGoods combination stores, and on the HomeGoods side of T.J. Maxx/HomeGoods combination stores outside of New York from their TOLLING DATE

through March 28, 2020.  For each individual who is a member of the NEW YORK STATE LAW SETTLEMENT CLASS, the number of ASM WEEKS shall be the number of weeks that the individual worked in an ASM POSITION at Marshalls stores and Marshalls/HomeGoods combination stores in New York at any time from December 11, 2007 to March 28, 2020.  To the extent that any member of the SETTLEMENT CLASSES is a member of both the FLSA COLLECTIVE and the NEW YORK STATE LAW SETTLEMENT CLASS, a week shall only be counted once in determining the total number of ASM WEEKS attributable to that individual.

D.      "BAR DATE" is the date that is forty-five (45) calendar days after the date on which the CLAIMS ADMINISTRATOR mails the SETTLEMENT NOTICE to the members of the NEW YORK STATE LAW SETTLEMENT CLASS.

E.      "CAFA NOTICE" refers to the notice, subject to review by CLASS COUNSEL, to be sent and paid for by DEFENDANTS to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b).

F.      "CLAIMS ADMINISTRATOR" is the third-party claims administration firm mutually agreed upon by the PARTIES, jointly retained by the PARTIES and to be appointed by the COURT, which will perform all of the administrative duties assigned by the PARTIES.

G.      "CLASS COUNSEL"  refers to Sara Wyn Kane, Robert J. Valli, Jr., and James A. Vagnini of VALLI KANE & VAGNINI LLP, Seth R. Lesser, Fran L. Rudich and Christopher M. Timmel of KLAFTER OLSEN & LESSER LLP, Sam J. Smith and Loren B. Donnell of BURR & SMITH, LLP, Hillary Schwab of FAIR WORK, P.C., Cyrus Mehri and

Michael D. Lieder of MEHRI & SKALET, PLLC, Marc S. Hepworth, Charles Gershbaum, and David A. Roth of HEPWORTH, GERSHBAUM & ROTH, PLLC, Gregg Shavitz, Camar Jones, and Alan L. Quiles of SHAVITZ LAW GROUP, PA, Emily E. Smith-Lee of SLN LAW, LLC, and Jay D. Ellwanger of ELLWANGER LAW, LLP.

H.     "CLASS COUNSEL'S FEES, COSTS AND EXPENSES" means the total amount of CLASS COUNSEL'S attorneys' fees, costs, and expenses approved by the COURT upon application by CLASS COUNSEL, in an amount not to exceed thirty-three and one-third percent (33 and 1/3%) of the MAXIMUM GROSS SETTLEMENT AMOUNT.

I.     "COURT" means the COURT having jurisdiction of the LITIGATION, at any stage, presently the United States District Court for the District of Massachusetts.

J.     "DEFENDANTS" are The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and Homegoods, Inc.

K.     "EMPLOYERS' SHARE OF PAYROLL TAXES" refers to all employer-paid payroll taxes including FUTA and the employers' share of FICA and state unemployment, as required by law with respect to SETTLEMENT PAYMENTS to members of the FINAL SETTLEMENT CLASSES.

L.     "FINAL APPROVAL ORDER" refers to the order of the COURT: (i) granting FINAL JUDGMENT on the RELEASED CLAIMS; (ii) adjudging the terms of the SETTLEMENT AGREEMENT to be fair, reasonable and adequate, and directing consummation of its terms and provisions; (iii) approving CLASS COUNSEL'S application for an award of CLASS COUNSEL'S fees, costs, and expenses; (iv) finally certifying the SETTLEMENT CLASSES for purposes of settlement only; (v) dismissing the RELEASED

CLAIMS from the LITIGATION on the merits and with prejudice and permanently enjoining all members of the FINAL SETTLEMENT CLASSES from prosecuting against DEFENDANTS and the RELEASED PERSONS any RELEASED CLAIMS; and (vi) asserting and retaining jurisdiction over the claims alleged, the PARTIES in the LITIGATION, and the implementation and administration of this SETTLEMENT AGREEMENT.

  M. "FINAL APPROVAL HEARING" means the hearing contemplated by the PARTIES, at which the COURT will approve, in final, the SETTLEMENT AGREEMENT and make such other final rulings as are contemplated by this SETTLEMENT AGREEMENT.

  N. "FINAL EFFECTIVE DATE" refers to the first date after all of the following events and conditions have been met or have occurred: (1) the COURT enters a PRELIMINARY APPROVAL ORDER; (2) the BAR DATE passes; (3) the COURT enters a FINAL APPROVAL ORDER; (4) the deadline passes without action by counsel for the PARTIES to terminate the SETTLEMENT AGREEMENT; and (5) the time to appeal from the FINAL APPROVAL ORDER expires and no Notice of Appeal has been filed or, in the event that an appeal is filed, the appellate process is exhausted and the FINAL APPROVAL ORDER has remained intact in all material respects.

  O. "FINAL JUDGMENT" refers to the judgment entered by the COURT in conjunction with the FINAL APPROVAL ORDER dismissing the RELEASED CLAIMS from the LITIGATION on the merits and with prejudice and permanently enjoining all members of the FINAL SETTLEMENT CLASSES from prosecuting against DEFENDANTS and the RELEASED PERSONS, any RELEASED CLAIMS.

  P. "FINAL SETTLEMENT CLASSES" refers to the following separate classes:

1.      "FINAL FLSA SETTLEMENT CLASS" refers to all members of the FLSA COLLECTIVE in this LITIGATION who, if they are also a member of the NEW YORK STATE LAW SETTLEMENT CLASS, do not timely and validly exclude themselves from the NEW YORK STATE LAW SETTLEMENT CLASS in compliance with the OPT-OUT and exclusion procedures set forth in this SETTLEMENT AGREEMENT.

2.      "FINAL NEW YORK STATE LAW SETTLEMENT CLASS" refers to any and all members of the NEW YORK STATE LAW SETTLEMENT CLASS who do not timely and validly exclude themselves from the class in compliance with the OUT-OUT and exclusion procedures set forth in this SETTLEMENT AGREEMENT.

Q.      "FLSA COLLECTIVE" refers to individuals who: (1) were MASMs at Marshalls stores, HomeGoods stores, and Marshalls/HomeGoods combination stores outside of California; (2) timely and properly opted in to this LITIGATION as party-plaintiffs; (3) were not subsequently dismissed from this LITIGATION by the COURT; and (4) are members of the conditionally certified FLSA collective in this LITIGATION.

R.      "FLSA RELEASING PERSONS" means each and every member of the FINAL FLSA SETTLEMENT CLASS and his or her respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns.

S.      "LITIGATION" means the legal action pending in the United States District Court for the District of Massachusetts captioned *Roberts, et al. v. The TJX Companies, Inc.*, Case No. 1:13-cv-13142.

T.      "MAXIMUM GROSS SETTLEMENT AMOUNT" is $31,500,000.   The

MAXIMUM GROSS SETTLEMENT AMOUNT represents the maximum amount that DEFENDANTS would pay pursuant to this SETTLEMENT AGREEMENT if every member of the SETTLEMENT CLASSES participated in the settlement and received a SETTLEMENT PAYMENT, inclusive of SETTLEMENT PAYMENTS; RESERVE FUND; CLASS COUNSEL'S FEES, COSTS AND EXPENSES; SERVICE PAYMENTS; EMPLOYERS' SHARE OF PAYROLL TAXES; MEDIATION EXPENSES; and SETTLEMENT EXPENSES.

U.     "MEDIATION EXPENSES" means the reasonable fees, costs, and travel-related expenses incurred by Hunter R. Hughes, Esq. in performing mediation services with respect to the settlement of the ASM CLAIMS.

V.     "NEW YORK STATE LAW SETTLEMENT CLASS" refers to any and all persons employed in an ASM POSITION at a Marshalls store or a Marshalls/HomeGoods combination store located in the State of New York during the period from December 11, 2007 to March 28, 2020.

W.     "OBJECTION PERIOD" refers to the period beginning with the date SETTLEMENT NOTICE is mailed to members of the NEW YORK STATE LAW SETTLEMENT CLASS and ending forty-five (45) calendar days thereafter during which members of the NEW YORK STATE LAW SETTLEMENT CLASS may file an objection to the SETTLEMENT AGREEMENT.

X.     "OBJECTOR" is a member of the NEW YORK STATE LAW SETTLEMENT CLASS who has timely and properly objected to the SETTLEMENT AGREEMENT during the OBJECTION PERIOD.

Y.    "OPT-OUT" refers to any member of the NEW YORK STATE LAW SETTLEMENT CLASS who timely and properly files a Request for Exclusion during the OPT-OUT PERIOD.

Z.    "OPT-OUT PERIOD" refers to the period beginning with the date the SETTLEMENT NOTICE is mailed to members of the NEW YORK STATE LAW SETTLEMENT CLASS and ending forty-five (45) calendar days thereafter.

AA.    "PARTIES" refers to PLAINTIFFS and members of the FLSA COLLECTIVE, who have timely asserted claims that they were misclassified as ASMs, and DEFENDANTS, and, in the singular, refers to any of them, as the context makes apparent.

BB.    "PLAINTIFFS" refers to named plaintiffs Celina Roberts, Anthony Sciotto, Eric Burns, Keri Dickey, Angela Ramirez, Diana Santillan, Camille Ghanem, Tommy Zahtila, and Gianfranco Pirolo.[3]

CC.    "PRELIMINARY APPROVAL ORDER" refers to the order of the COURT: (1) asserting jurisdiction over the ASM CLAIMS, the PARTIES in the LITIGATION, and the implementation and administration of the SETTLEMENT AGREEMENT; (2) adjudging the terms of the SETTLEMENT AGREEMENT to preliminarily be fair, reasonable and adequate, and in the best interests of PLAINTIFFS and members of the SETTLEMENT CLASSES, and directing consummation of its terms and provisions; (3) conditionally certifying the NEW YORK STATE LAW SETTLEMENT CLASS pursuant to Fed. R. Civ. P. 23 for settlement purposes only; (4) conditionally appointing Celina Roberts, Anthony Sciotto, Eric Burns, Keri

---

[3]  Arnold Williams passed away several years ago, and the Estate of Arnold Williams has not filed a motion to seek to substitute the Estate of Arnold Williams as a plaintiff for him.  Accordingly, Arnold Williams is not included in the definition of PLAINTIFFS.

Dickey, Angela Ramirez, Diana Santillan, Camille Ghanem, Tommy Zahtila, and Gianfranco Pirolo as PLAINTIFFS who, together with PLAINTIFFS' counsel, shall be authorized to act on behalf of all members of the SETTLEMENT CLASSES with respect to the ASM CLAIMS; (5) conditionally appointing PLAINTIFFS' counsel as CLASS COUNSEL for the SETTLEMENT CLASSES pursuant to Section 216(b) of the Fair Labor Standards Act and Fed. R. Civ. P. 23; (6) approving the content of the SETTLEMENT NOTICE, authorizing the first-class mailing of the SETTLEMENT NOTICE to all members of the NEW YORK STATE LAW SETTLEMENT CLASS twenty (20) calendar days after the entry of the PRELIMINARY APPROVAL ORDER, and finding that the method of dissemination of the SETTLEMENT NOTICE is the best practicable means of distributing the SETTLEMENT NOTICE to members of the NEW YORK STATE LAW SETTLEMENT CLASS; (7) approving and appointing the CLAIMS ADMINISTRATOR in accordance with the terms of the SETTLEMENT AGREEMENT; (8) setting a forty-five (45) calendar day deadline for the submission of Requests for Exclusion or objections by members of the NEW YORK STATE LAW SETTLEMENT CLASS; (9) approving the Request for Exclusion process set forth in the SETTLEMENT AGREEMENT; (10) ordering that any member of the NEW YORK STATE LAW SETTLEMENT CLASS who is also a member of the FLSA COLLECTIVE and OPTS-OUT shall be deemed to have withdrawn that consent and shall no longer be a member of the FLSA COLLECTIVE for any purpose; (11) ordering that any member of the NEW YORK STATE LAW SETTLEMENT CLASS who does not properly and timely OPT-OUT shall be bound by all the terms and provisions of the SETTLEMENT AGREEMENT, the FINAL APPROVAL ORDER, the FINAL JUDGMENT, and the releases set forth therein;

(12) ordering that any member of the NEW YORK STATE LAW SETTLEMENT CLASS who validly and timely becomes an OPT-OUT shall not: (i) have any rights under the SETTLEMENT AGREEMENT; (ii) be entitled to receive a SETTLEMENT PAYMENT; (iii) have a right to object to the SETTLEMENT AGREEMENT; and (iv) be bound by the SETTLEMENT AGREEMENT, any FINAL APPROVAL ORDER, or the FINAL JUDGMENT; (13) approving the objection process set forth in the SETTLEMENT AGREEMENT; and (14) setting the FINAL APPROVAL HEARING for a date no earlier than one-hundred (100) calendar days after the motion for preliminary approval is filed.

DD.     "RELEASED CLAIMS" refers to the released claims set forth in Section XII.

EE.     "RELEASED PERSONS" refers to The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and HomeGoods Inc., as well as to each of their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and HomeGoods Inc., divisions, units, branches and any other persons or entities acting on their behalf, including any entity that was a customer of The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and HomeGoods Inc., for which any member of the SETTLEMENT CLASSES performed work or services during their employment with The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and HomeGoods Inc.

FF.    "RELEASING PERSONS" refers to each and every FLSA RELEASING PERSON and STATE LAW RELEASING PERSON, his or her respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns.

GG.    "RESERVE FUND" refers to the portion of the MAXIMUM GROSS SETTLEMENT AMOUNT set aside by the CLAIMS ADMINISTRATOR in case of error or omission to be paid and corrected by the CLAIMS ADMINISTRATOR via the mechanisms outlined in Section II.B.

HH.    "REVISED GROSS SETTLEMENT AMOUNT" means the MAXIMUM GROSS SETTLEMENT AMOUNT minus the RESERVE FUND; the amounts approved by the COURT for CLASS COUNSEL'S FEES, COSTS AND EXPENSES; the amounts approved by the COURT for SERVICE PAYMENTS; EMPLOYERS' SHARE OF PAYROLL TAXES; MEDIATION EXPENSES; and SETTLEMENT EXPENSES.

II.    "SERVICE PAYMENT" refers to the amount that may be approved by the COURT for payment to: (1) each of the PLAINTIFFS in an amount not to exceed $10,000.00, less applicable taxes and deductions; (2) each of the following FLSA COLLECTIVE members Eugene Costa, Jr., Norma McKenzie, and Shawn Corway who appeared for deposition in the LITIGATION in an amount not to exceed $3,500.00, less applicable taxes and deductions; and (3) FLSA COLLECTIVE member Karen Razzetti-Giaimis who appeared for deposition in the LITIGATION in an amount not to exceed $7,500.00, less applicable taxes and deductions.

JJ.    "SERVICE PAYMENT RECIPIENTS" refers to PLAINTIFFS and FLSA

COLLECTIVE members Eugene Costa, Jr., Norma McKenzie, Shawn Corway, and Karen Razzetti-Giaimis who receive SERVICE PAYMENTS, approved by the COURT, in connection with this SETTLEMENT AGREEMENT.

KK.   "SETTLEMENT AGREEMENT" refers to this Stipulation and Settlement Agreement as executed by the PARTIES.

LL.   "SETTLEMENT CLASSES" refers to the NEW YORK STATE LAW SETTLEMENT CLASS and the FLSA COLLECTIVE.

MM.   "SETTLEMENT EXPENSES" means the reasonable fees, costs, and expenses incurred by the CLAIMS ADMINISTRATOR in performing the services authorized in this SETTLEMENT AGREEMENT.

NN.   "SETTLEMENT NOTICE" refers to the notice agreed upon by the PARTIES attached to this SETTLEMENT AGREEMENT as Exhibit A, and to be directed to members of the NEW YORK STATE LAW SETTLEMENT CLASS.

OO.   "SETTLEMENT PAYMENT" refers to any payment to which members of the FINAL SETTLEMENT CLASSES may become entitled pursuant to this SETTLEMENT AGREEMENT, as set forth more fully in Section IX.B of the SETTLEMENT AGREEMENT.

PP.   "STATE LAW RELEASING PERSONS" means each and every member of the NEW YORK STATE LAW SETTLEMENT CLASS who does not timely and validly exclude themselves from the class in compliance with the OPT-OUT and exclusion procedures set forth in this SETTLEMENT AGREEMENT, and his or her respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-

interest, and assigns.

QQ.    THIRD AMENDED COMPLAINT refers to the Complaint filed on March 25, 2015 as referred to in Section I.I above.

RR.    "TOLLING DATE" refers to, for each member of FLSA COLLECTIVE, the date that is three years before the date the consent to join form was filed by that individual plus any applicable tolling period.

# EXHIBIT A

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS
PLEASE READ IT CAREFULLY.**

*Celina Roberts, et al. v. The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and HomeGoods, Inc.*, United States District Court for the District of Mass., Civ. No. 1:13-CV-13142.

<u>**NOTICE OF PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT**</u>

To:   ███████████████████

Re:   Settlement of claims for alleged failure to pay overtime compensation to individuals who: (1) worked as a Merchandise Assistant Store Manager ("MASM") at Marshalls stores, HomeGoods stores, Marshalls/HomeGoods combination stores, and on the HomeGoods side of T.J. Maxx/HomeGoods combination stores outside of the State of California during the period from November 1, 2012 to March 31, 2017 and who have already joined this case ("FLSA Collective Members") and/or (2) worked as an MASM, Operations Assistant Store Manager ("Operations ASM"), and/or Customer Experience Assistant Store Managers ("CE ASM") (collectively, "ASM Position") at a Marshalls store or a Marshalls/HomeGoods combination store located in the State of New York during the period from December 11, 2007 to March 28, 2020 ("New York State Law Class Members") (the "Settlement").

1.   **Introduction**

The Court has preliminarily approved a proposed Settlement in this case.

You have received this Notice because the Defendants' records indicate you were/are employed in an ASM Position at a Marshalls store or a Marshalls/HomeGoods combination store located in the State of New York during the period from December 11, 2007 to March 28, 2020.

If you do nothing, and the Settlement is approved by the Court, you will be mailed a check totaling approximately $███████████ and may also receive an additional check for your *pro rata* share of any monies that remain in the "Reserve Fund" described below.

As a New York State Law Class Member, you can, if you wish, exclude yourself from the Settlement ("opt-out" of the Settlement) as detailed below. If you opt-out of the Settlement and you still wish to pursue claims against Defendants, you will have to commence a new action and represent yourself in that case or obtain new lawyers to represent you. Please note, though, that if you opt-out of the Settlement and are already an FLSA Collective Member, your decision to opt-out of the Settlement will also result in the withdrawal of your consent to join form, and you will not be entitled

1

to receive any settlement payment and you will not be bound by the Settlement.

As a New York State Law Class Member, you can object to the Settlement of the New York state law claims in this case.  Please note that if you object, you cannot opt-out of the Settlement.

More information about this case, the proposed Settlement, and your rights are set forth below in this Notice.

**2.     What is this Settlement about?**

Plaintiffs in the lawsuit assert that they are owed overtime compensation under the federal Fair Labor Standards Act ("FLSA") for time they spent working more than forty hours in a week while employed in an MASM positon at a Marshalls store, HomeGoods store, Marshalls/HomeGoods combination store, or on the HomeGoods side of a T.J. Maxx/HomeGoods combination store outside of the State of California.  Certain Plaintiffs in the lawsuit also assert that they are owed overtime compensation under the New York Labor Law ("NYLL") for time they spent working more than forty hours in a week while employed in an ASM Position at a Marshalls store or a Marshalls/HomeGoods combination store located in the State of New York.

Defendants deny Plaintiffs' allegations and assert that they are properly classified as salaried management employees exempt from overtime under federal and state law, and, therefore, are not entitled to additional wages while working in an ASM Position.  Without admitting any liability, Defendants have agreed to settle these claims to avoid further litigation.

**3.     Why did I get this Notice?**

On **DATE**, the Court preliminarily approved a Stipulation and Settlement Agreement ("Settlement Agreement") agreed to by the Parties and authorized the mailing of this Notice to you as a New York State Law Class Member.  You have received this Notice because Defendants' records indicate you were/are employed in an ASM Position at a Marshalls store or a Marshalls/HomeGoods combination store located in the State of New York during the period from December 11, 2007 to March 28, 2020.

**4.     Who is included in the Settlement?**

FLSA Collective Members who previously joined this case by filing a consent to join form are included in the Settlement preliminarily approved by the Court.

In addition, the Court authorized preliminary approval of the following New York State Law Settlement Class:

"NEW YORK STATE LAW SETTLEMENT CLASS" refers to "any and all persons employed as a Merchandise Assistant Store Manager, Operations Assistant Store Manager, or Customer Experience Assistant Store Manager at a Marshalls store or a Marshalls/HomeGoods combination store located in the State of New York during the period from December 11, 2007 to March 28, 2020."

5.   **What settlement payment will I receive if I do not opt out?**

If you do not opt-out of the Settlement, you will receive a check totaling approximately $_____ in the following amounts:

Back Pay: _____ (this amount will be subject to standard payroll deductions, garnishments, liens, child support orders and tax liens, and you will receive an IRS Form W-2 for this payment)

Liquidated Damages: _____ (this amount will not be subject to standard payroll deductions, but you may owe taxes on this amount, and you will receive an IRS 1099 misc. form for this payment)

If you do not opt-out of the Settlement, you may also receive an additional settlement payment from any remaining proceeds of the "Reserve Fund," as discussed below.

6.   **How are the Settlement Payment Amounts Calculated?**

Estimated settlement payments are calculated for New York State Law Class Members, including any who are also FLSA Collective Members, based on the number of weeks they were employed by Defendants in an ASM position in a Marshalls store or a Marshalls/HomeGoods combination store in New York during the period from December 11, 2007 through March 28, 2020.

Estimated settlement payments are calculated for those who are only FLSA Collective Members based on the number of weeks they were employed by Defendants in an ASM position in a Marshalls store, HomeGoods store, Marshalls/HomeGoods combination store, or on the HomeGoods side of a T.J. Maxx/HomeGoods combination store outside of New York during a period of time that is specific to each FLSA Collective Member as provided for in the Settlement Agreement.

7.   **What are the Benefits and Terms of this Settlement?**

Pursuant to the Settlement, the Defendants agreed to pay up to a total of $31,500,000 ("Maximum Gross Settlement Amount") inclusive of all alleged unpaid wages, overtime compensation, liquidated damages, penalties, interest, Plaintiffs'

attorneys' fees, costs and expenses, service payments to the Named Plaintiffs and four FLSA Collective Members, the costs of administering the settlement, mediation expenses, the employers' portion of payroll taxes, and all other settlement-related payments and costs.

Also pursuant to the Settlement, the Parties have agreed that $500,000 of the Maximum Gross Settlement Amount will be set aside as a "Reserve Fund" to account for any errors in the calculation of settlement payments or the inadvertent omission of any individuals who come forward after the mailing of this Notice and successfully demonstrate that they should be included as either a New York State Law Class Member and/or an FLSA Collective Member. To the extent that any money remains in the Reserve Fund after any errors or omissions are resolved, that money will be reallocated and redistributed to members of the Final Settlement Classes.

There will be a Final Settlement Approval Hearing. If the Court approves the Settlement and you do not opt-out, you will be eligible to receive a settlement payment estimated at the amount listed in response to Section 5.

## 8.  Who is Plaintiffs' Counsel?

The Court appointed the following lawyers as Class Counsel to represent the Settlement Classes:

**KLAFTER OLSEN & LESSER LLP**
Seth R. Lesser
Fran L. Rudich
Christopher M. Timmel
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200

**FAIR WORK, P.C.**
Hillary A. Schwab
192 South Street, Suite 450
Boston, MA 02111
Telephone: (617) 607-3260

**HEPWORTH, GERSHBAUM & ROTH, PLLC**
Marc S. Hepworth
Charles Gershbaum
David A. Roth
192 Lexington Avenue, Suite 802
New York, NY 10016
Telephone: (212) 545-1199

**VALLI KANE & VAGNINI LLP**
Sara Wyn Kane
Robert J. Valli, Jr.
James A. Vagnini
600 Old Country Road, Suite 519
Garden City, NY 11530
Telephone: (516) 203-7180

**MEHRI & SKALET, PLLC**
Cyrus Mehri
Michael D. Lieder
1250 Connecticut Ave. NW
Suite 300

**ELLWANGER LAW LLLP**
Jay D. Ellwanger
8310-1 N. Capital of Texas Highway,
Suite 190
Austin, TX 78731

Washington, DC 20036
Telephone:  (202) 822-5100

Telephone:  (737) 808-2262

**SHAVITZ LAW GROUP, P.A.**
Gregg Shavitz
Camar Jones
Alan L. Quiles
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Telephone:  (561) 447-8888

**BURR & SMITH LLP**
Sam J. Smith
Loren B. Donnell
111 2nd Avenue N.E., Suite 1100
St. Petersburg, FL  33701
Telephone:  (813) 253-2010

**SLN LAW, LLC**
Emily E. Smith-Lee
46 South Main Street
Sharon, MA  02067
Telephone:  (781) 784-2322

**9.    Are attorneys' fees, costs expenses, and service payments being sought?**

Plaintiffs' Counsel has pursued the lawsuit on a contingent basis and has not received any payment of fees or any reimbursement of their out-of-pocket costs and expenses related to the recovery on behalf of New York State Law Class Members and FLSA Collective Members.  As part of the Settlement, subject to Court approval, Plaintiffs' Counsel will apply for fees, costs and expenses in an amount not to exceed thirty-three and one-third percent (33 and 1/3%) of the Maximum Gross Settlement Amount (or $10,500,000).  In addition, the Named Plaintiffs who brought the case and expended significant time and effort in getting the claims in the case settled will seek service payments of $10,000 each for their role in this case.  Also, three FLSA Collective Members who provided deposition testimony in the case will seek service payments of $3,500 each for their role in this case, and a fourth FLSA Collective Member who also provided deposition testimony in the case will seek a service payment of $7,500 for her role in this case.  In exchange for these service payments, the Named Plaintiffs and the four FLSA Collective members will be signing a release of additional claims.

**10.    What are my options regarding the settlement?**

**A.    Do Nothing and Participate In the Settlement:**  If you do nothing, upon final approval of the Settlement by the Court, you will receive a settlement payment and will be deemed to have released and waived the Released Claims (as defined in Exhibit 1 to this Notice).

**B.    Request to be Excluded (Opt-Out):**  As a New York State Law Class Member, you may exclude yourself from the Settlement.  If you wish to exclude

yourself, you must submit a written request for exclusion.

To be effective, the request for exclusion must express your desire to be excluded from the New York State Law Class, and must include your name (and former names, if any), current address, telephone number, and Social Security number, and your dates of employment with Defendants, and must be signed by you (the individual requesting exclusion).  Your request must be sent to the Claims Administrator via U.S. Mail, overnight delivery service, facsimile, or via email (scanned copy) so that it is received by the Claims Administrator by: **BAR DATE**.  **If you exclude yourself and are already an FLSA Collective Member because you previously filed a consent form to join this case, your decision to opt-out of the settlement will also result in the withdrawal of your consent to join form, and you will not be entitled to receive any settlement payment and will not be bound by the settlement.  If you exclude yourself, you will <u>not</u> receive any monies from the Settlement, have any rights under the Settlement Agreement, nor have a right to object to the Settlement Agreement.**

If you fail to include the required information, or if your request for exclusion is not timely received by the Claims Administrator, your request for exclusion will be deemed null, void, and ineffective.  Failure to be excluded will result in you remaining a New York State Law Class Member and you will be bound by any final judgment related to the New York State Law Class.  **If you are also an FLSA Collective Member because you previously filed a consent form to join this case, your failure to exclude yourself from the New York State Law Class will result in you remaining an FLSA Collective Member and you will be bound by any final judgment related to the FLSA Collective.**

If you validly and timely request exclusion from the New York State Law Class, you will not be bound by any final judgment, and you will not be precluded from instituting or prosecuting any individual claim you may otherwise have against the Defendants regarding the alleged failure to pay overtime compensation during your employment in an ASM Position.

New York State Law Settlement Class Members may not exclude themselves as a group, but must file an individual Request for Exclusion and timely provide it to the Claims Administrator as described in this Notice.

Any New York State Law Settlement Class Member who does not exclude themselves may, but need not, enter an appearance through his or her own attorney. New York State Law Settlement Class Members who do not enter an appearance through their own attorney will be represented by Class Counsel.

**C.**     **Object:** As a member of the New York State Law Class, if you do not request to be excluded, you may object to the terms of the Settlement and/or to the Plaintiffs' counsel's request for attorneys' fees, costs and expenses,

or to the request of the Named Plaintiffs or other four FLSA Collective Members to receive service payments.  If you object and the Settlement is approved, you will be barred from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement, and you will be bound by the final judgment and release and all Orders entered by the Court.  You may, but need not, enter an appearance through counsel of your choice.  If you do, you will be responsible for your own attorneys' fees, costs and expenses.

If you wish to object to the Settlement and/or to the requested attorneys' fees, costs, expenses, or service payments, you must, on or before **BAR DATE**, submit a written objection that includes your  name, address, a detailed statement of the basis for each objection you make, and the grounds on which you desire to appear at the Final Settlement Approval Hearing and be heard (if any).  You should include whether you are represented by counsel, and, if you are, the name and address of your counsel. Any New York State Law Class Member may be heard at the Final Settlement Approval Hearing to be held before the Honorable Judge Allison D. Burroughs of the United States District Court for the District of Massachusetts on **DATE** at **TIME** .m. at 1 Courthouse Way, Boston, Massachusetts 02210 in Courtroom 17.  However, any New York State Law Class Member who fails to timely object to the Settlement or comply with the requirements above will be deemed to have waived any right to object to the Settlement by the Court.  New York State Law Settlement Class Members will not be entitled to be heard at the Final Approval Hearing unless they follow the proper procedures for submitting an objection as described in this Notice.

## 11.   What happens if the Court approves the Settlement?

If the Court approves the proposed Settlement, settlement checks will be issued to members of the Final Settlement Classes (*e.g.*, those who have not validly excluded themselves from the settlement).

The Settlement will be binding on all New York State Law Class Members who do not timely and properly request exclusion.  The settlement will also be binding on all FLSA Collective Members, except those who are also New York State Law Class Members and have excluded themselves from the settlement.  This means that those who do not exclude themselves cannot bring their own lawsuits against the Defendants for Released Claims during the period of December 11, 2007 to March 28, 2020.  This includes, but is not limited to, claims for back pay, liquidated damages, retaliation for raising any complaints about wage and hour issues, penalties, interest, and attorneys' fees, costs and expenses.

If you do not exclude yourself from the Settlement, you will also release wage and hour claims that could be brought under the FLSA or any other laws as described in Exhibit 1 to this Notice.

If you validly request exclusion from the Settlement, you will not release any claims.

**12.  What happens if the Court does not approve the Settlement?**

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted, and there can be no assurance that the FLSA Collective Members and the potential members of any New York State Law Class will recover more than is provided for in this Settlement, or indeed, anything.

**13.  When is the Final Settlement Approval Hearing?**

A hearing will be held before the Honorable Judge Allison D. Burroughs of the United States District Court for the District of Massachusetts on TBD at TBD _.m. at 1 Courthouse Way, Boston, Massachusetts 02210 in Courtroom 17. The purpose of the hearing is for the Court to decide whether the proposed Settlement is fair, reasonable, and adequate and should be approved and, if so, to determine what amount should be awarded to plaintiffs' attorneys for their fees, costs and expenses, and service payments to the Named Plaintiffs and four FLSA Collective Members noted above. The time and date of this hearing may be changed without further notice to the New York State Law Settlement Class Members who are not Objectors.

**14.  What Claims Are Being Released?**

The claims you are being asked to release (the "Released Claims") are fully described in Exhibit 1 to this Notice.

**15.  Are there more details available?**

For additional information you may contact the Claims Administrator:

Roberts v. TJX Claims Administrator
TBD

Toll-Free:      TBD
Fax:            TBD
Email:          TBD

**NO INQUIRIES SHOULD BE DIRECTED TO THE COURT.**

Dated:  DATE                          BY ORDER OF THE COURT

Clerk of the Court

# EXHIBIT 1

In exchange for the money you may be eligible to receive under the Parties' Settlement Agreement, you will fully and completely release the Defendants[1] and each of their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and HomeGoods Inc., divisions, units, branches and any other persons or entities acting on their behalf, including any entity that was a customer of The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and HomeGoods Inc., for which any member of the Settlement Classes performed work or services during their employment with The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and HomeGoods Inc. (together with the Defendants, the "Released Persons") from the following:

A.     Release by Plaintiffs[2] and Releasing Persons.[3]  Effective as of the Final Effective Date, Plaintiffs and all Releasing Persons hereby forever completely settle, compromise, release, and discharge the Released Persons from any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action of any kind whatsoever as defined below in Section A. and A.1-7, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any Releasing Person has or might have, known or unknown, asserted or unasserted, of any kind whatsoever as defined in Section A. and A.1-7, even if presently unknown and/or unasserted, that occurred at any time up to and including **PRELIMINARY APPROVAL ORDER DATE**.  This includes the following "Released Claims":

---

[1] Defendants are The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and Homegoods, Inc.

[2] Plaintiffs refers to named plaintiffs Celina Roberts, Anthony Sciotto, Eric Burns, Keri Dickey, Angela Ramirez, Diana Santillan, Camille Ghanem, Tommy Zahtila, and Gianfranco Pirolo.

[3] Releasing Persons refers to means each and every member of the New York State Law Settlement Class who does not timely and validly exclude themselves from the class in compliance with the Opt-out and exclusion procedures set forth in the Settlement Agreement, and his or her respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns as well as means each and every member of the FLSA Collective who, if they are also a member of the New York State Law Settlement Class, do not timely and validly exclude themselves from the New York State Law Settlement Class, and his or her respective agents, attorneys, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, exclusive bargaining agents, successors-in-interest, and assigns.

1.      any and all claims asserted in the Litigation or that could have been asserted in the Litigation that those individuals employed in an ASM Position were not properly classified as exempt employees;

2.      any and all claims for unpaid wages, minimum wages, liquidated damages, retaliation for raising any complaints about wage and hour issues, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, or any other wage-related or recordkeeping-related claims, damages or relief of any kind arising from the allegation that those individuals employed in an ASM Position were misclassified as exempt from overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*;

3.      any and all claims under the wage and hour laws and regulations of the state of New York arising from the allegation that those individuals employed in an ASM Position were misclassified as exempt from overtime including, but not limited to, Articles 6 and 19 of the New York Labor Law; 12 New York Codes, Rules and Regulations Parts 137-142; New York General Business Law § 399-H; and any and all state statutory or common law wage claims,[4] including, but not limited to claims of unjust enrichment, quantum meruit, retaliation for raising any complaints about wage and hour issues, and any and all claims for wages, paid time off, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for failure to reimburse business expenses, any and all claims for failure to provide wage statements, any and all claims for failure to provide any compensation-related notice, and any and all claims for penalties or damages available under the wage and hour laws of the state of New York, or any state statutory or common law wage claims, including but not limited to claims for  attorneys' fees, costs and/or expenses, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

4.      any and all claims under state and federal law for breach of express contract or labor agreement (for earned wages, overtime, and/or missed or interrupted meal breaks), implied contract, money had and received in assumpsit,

---

[4] For those PLAINTIFFS and RELEASING PERSONS who were employed by DEFENDANTS in the Commonwealth of Massachusetts, this release includes, but is not limited to, the wage and hour laws and regulations of the Commonwealth of Massachusetts, including but not limited to the Massachusetts Payment of Wages Law, Mass. Gen. Laws Ch. 149 § 148 *et seq.*, the Massachusetts Minimum Fair Wage Law, Mass. Gen. Laws Ch. 151 § 1 *et seq.*, the Massachusetts Overtime Law, Mass. Gen. Laws Ch. 151 § 1A *et seq.*, the Minimum Wage Regulations, 455 CMR § 2.01 *et. seq.*, Mass. Gen. Laws Ch. 149 § 100, the Massachusetts Prevailing Wage Laws, including Mass. Gen. Laws Ch. 149 § 26 *et seq.*, and any state common law wage claims, including, but not limited to claims of unjust enrichment, and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and retaliation for raising any complaints about wage and hour issues.

quantum meruit/unjust enrichment, fraud, retaliation for raising any complaints about wage and hour issues, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records arising from the allegation that those individuals employed in an ASM Position were misclassified as exempt from overtime;

5.      any and all claims for benefits or other amounts under any compensation or benefit plan, program, arrangement, or agreement based on any alleged failure to pay wages or accrued time off, including but not limited to minimum wages or overtime wages arising from the allegation that those individuals employed in an ASM Position were misclassified as exempt from overtime;

6.      any and all wage-and-hour laws or wage-related claims of any kind under any other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations arising from the allegation that those individuals employed in an ASM Position were misclassified as exempt from overtime or that any Plaintiff or Releasing Person was retaliated against for raising any complaints about wage and hour issues; and

7.      any and all claims for attorneys' fees, costs and expenses arising from any of the Released Claims.

B.      <u>Covenant Not to Sue or to Recover for Released Claims.</u>  Plaintiffs and Releasing Persons further covenant and agree that, since they are settling disputed claims, they will not accept, recover or receive any back pay, liquidated damages, other damages or any other form of relief based on any Released Claims which may arise out of, or in connection with any other individual, union representative, class or any administrative or arbitral remedies pursued by any individual, class/collective, union or federal, state or local governmental agency against the Released Persons. Plaintiffs and Releasing Persons further acknowledge that they are enjoined from pursuing any Released Claims they have, had, might have or might have had against the Released Persons based on any act or omission that occurred up to and including ==PRELIMINARY APPROVAL ORDER DATE==.

# EXHIBIT B

| First Name | Middle Name | Last Name | Consent Filed Date | Tolling Date |
|---|---|---|---|---|
| GARRY | CHARLES | ABARE | 10/23/2017 | 12/5/2012 |
| SHEVONNE | ASHLEY | ACLOQUE | 10/18/2017 | 11/30/2012 |
| REMIS | E | ACOSTA | 12/7/2017 | 1/19/2013 |
| STEPHANIE | | ADAMS | 10/25/2017 | 12/7/2012 |
| HARRY | | AFFEN | 12/27/2017 | 2/8/2013 |
| MAUREEN | | AGGER | 11/9/2017 | 12/22/2012 |
| GRETCHEN | LYNN | AHO | 11/30/2017 | 1/12/2013 |
| ZULYBEL | | ALEJANDRO | 3/8/2018 | 4/20/2013 |
| QUENDRE | | ALEXANDER | 10/20/2017 | 12/2/2012 |
| STEPHANIE | LYNN | ALFREDSON | 10/25/2017 | 12/7/2012 |
| ADAM | EARL | ALLEN | 1/11/2018 | 2/23/2013 |
| DEBORAH | A | ALLISON | 11/3/2017 | 12/16/2012 |
| JUANA | OLIVA | ALMONTE | 12/7/2017 | 1/19/2013 |
| BRIAN | FRANCIS | ALPERS | 10/25/2017 | 12/7/2012 |
| PAMELA | T | ALTHARDT | 11/9/2017 | 12/22/2012 |
| CATHERINE | | ALVAREZ | 12/21/2017 | 2/2/2013 |
| CRAIG | EDWARD | ALVEY | 10/23/2017 | 12/5/2012 |
| JAVIER | SUE | ALZA | 11/2/2017 | 12/15/2012 |
| NATIVITA | | ANASTHA | 12/8/2017 | 1/20/2013 |
| JUDY | | ANDERSON | 12/23/2016 | 7/25/2012 |
| MICHAEL | PAUL | ANDERSON | 11/21/2017 | 1/3/2013 |
| ASHLEY | MARIE | ANDREWS | 11/9/2017 | 12/22/2012 |
| LISA | ANN | ANDREWS | 11/13/2017 | 12/26/2012 |
| LAINYA | MARY | ANJOORIAN | 12/4/2017 | 1/16/2013 |
| OMESH | | ANNAND | 12/4/2017 | 1/16/2013 |
| BRANDON | | ANTLE | 10/19/2017 | 12/1/2012 |
| FADIA | | AOUFE | 10/23/2017 | 12/5/2012 |
| KATHERINE | L | APPLEGATE | 10/25/2017 | 12/7/2012 |
| THOMAS | CHRISTOPHER | ARENOS | 11/13/2017 | 12/26/2012 |
| TINA | MARESHAH | ARMOGAN | 11/21/2017 | 1/3/2013 |
| LORI | | ARNDT | 11/17/2017 | 12/30/2012 |
| SONIA | IRMA | ARROYO | 11/6/2017 | 12/19/2012 |
| DENNIS | I | ARVELO | 11/17/2017 | 12/30/2012 |
| KRISTA | LYNN | ASHDOWN | 10/25/2017 | 12/7/2012 |
| RICKY | | ASHMAWI | 11/21/2017 | 1/3/2013 |
| DEBBIE | | ATENCIO | 10/25/2017 | 12/7/2012 |
| JOSHUA | | AUSFAHL | 10/25/2017 | 12/7/2012 |
| MELANIE | J | AUSTIN | 11/2/2017 | 12/15/2012 |
| ASHLEE | ANN | AVERY | 11/2/2017 | 12/15/2012 |
| VALERIE | G | AVILA | 11/7/2017 | 12/20/2012 |
| LORGE | | AYALA | 11/21/2017 | 1/3/2013 |
| PRISCILLA | LOUISE | AYALA | 12/4/2017 | 1/16/2013 |
| ABUL | K | AZAD | 6/12/2018 | 7/25/2013 |
| QAIS | | AZIZI | 11/15/2017 | 12/28/2012 |
| RAZELYN | | BACANI | 11/28/2017 | 1/10/2013 |
| ALAIN | W | BACARREZA | 10/17/2017 | 11/29/2012 |
| YOLANDA | M | BACHET | 10/25/2017 | 12/7/2012 |
| DIANE | MARIE | BACHMAN | 11/17/2017 | 12/30/2012 |

| KAROLINE | | BADALIAN | 12/7/2017 | 1/19/2013 |
|---|---|---|---|---|
| MONICA | ANDREA | BAILEY | 11/2/2017 | 12/15/2012 |
| CHRISTINA | ANGELA | BAKER | 10/17/2017 | 11/29/2012 |
| DONNA | MARIE | BAKER | 11/6/2017 | 12/19/2012 |
| TIFFANY | RACHAEL | BALCOM | 10/17/2017 | 11/29/2012 |
| BRANDON | SCOTT | BANFIELD | 10/17/2017 | 11/29/2012 |
| CHRISTOPHER | M | BANNASCH | 10/20/2017 | 12/2/2012 |
| VANIA | G | BARRAZA | 10/25/2017 | 12/7/2012 |
| FIONA | M | BARRETT | 11/30/2017 | 1/12/2013 |
| MARIA | MONTIEL | BARRIENTOS | 11/9/2017 | 12/22/2012 |
| JENNIE | | BARRIOS | 11/7/2017 | 12/20/2012 |
| DESTINY | S | BARRON | 11/28/2017 | 1/10/2013 |
| SONYA | ROSEMARIE | BARTHOLOMEW | 10/25/2017 | 12/7/2012 |
| CHANTELLE | | BARTON | 11/30/2017 | 1/12/2013 |
| JEREMY | ANDREW | BARTUS | 12/15/2017 | 1/27/2013 |
| MARSHAE | | BASHIR-JONES | 11/6/2017 | 12/19/2012 |
| NANCY | P | BATCHELOR | 12/8/2017 | 1/20/2013 |
| BRIAN | SCOTT | BECKLEY | 11/7/2017 | 12/20/2012 |
| BEVERLY | JENKINS | BEHLING | 10/25/2017 | 12/7/2012 |
| ALICIA | DENISE | BELL | 12/8/2017 | 1/20/2013 |
| BETTY | A | BELL | 10/25/2017 | 12/7/2012 |
| MAXINE | | BEMBRIDGE | 12/13/2017 | 1/25/2013 |
| JOANN | MARIE | BENDA | 11/2/2017 | 12/15/2012 |
| CHARLOTTE | B | BENETEAU | 10/25/2017 | 12/7/2012 |
| SANDRA | L | BENNETTER | 10/25/2017 | 12/7/2012 |
| EVERETT | GERALD | BENSON | 11/9/2017 | 12/22/2012 |
| SHELLEY | CRISTINA MARIA | BENTLEY | 11/6/2017 | 12/19/2012 |
| JENNIFER | JO | BERDESKI | 11/15/2017 | 12/28/2012 |
| OLIMPIA | | BERG | 12/4/2017 | 1/16/2013 |
| DAVID | JAMES | BERINGER | 11/2/2017 | 12/15/2012 |
| JACQUELINE | | BERKOWITZ | 12/7/2017 | 1/19/2013 |
| GWENDOLYN | ANN | BERNSTROM | 12/23/2016 | 7/25/2012 |
| MALA | | BERTHOD | 10/18/2017 | 11/30/2012 |
| LINDA | R | BESPOLKA | 11/2/2017 | 12/15/2012 |
| KEVIN | ARNOLD | BESS SR. | 11/2/2017 | 12/15/2012 |
| ANDREA | SOPHIA | BETHUNE | 12/7/2017 | 1/19/2013 |
| JANET | M | BIRNER | 12/4/2017 | 1/16/2013 |
| MARJORIE | ANN | BISBEE | 10/25/2017 | 12/7/2012 |
| ROBERT | | BISHOP | 1/2/2018 | 2/14/2013 |
| DEBORAH | ANN | BLACK | 11/17/2017 | 12/30/2012 |
| LUCY | | BLACK | 11/7/2017 | 12/20/2012 |
| SUSAN | ELIZABETH | BLAESE | 12/4/2017 | 1/16/2013 |
| DANNIE | EARL | BLANKS | 11/17/2017 | 12/30/2012 |
| STACEY | JANEL | BLOUNT | 12/15/2017 | 1/27/2013 |
| ASHLEY | LYNN | BOCKELMANN | 10/17/2017 | 11/29/2012 |
| JENNIFER | ELIZABETH | BONN | 11/6/2017 | 12/19/2012 |
| JULIA | CAROLINE | BOOKER | 11/21/2017 | 1/3/2013 |
| KAREN | DENISE | BOONE | 11/2/2017 | 12/15/2012 |
| KELLEY | | BOOSKA | 12/4/2017 | 1/16/2013 |

| | | | | |
|---|---|---|---|---|
| EMMANUEL | WILLIAMS | BORDOH-ANSAH | 1/18/2018 | 3/2/2013 |
| JOSE | | BORGES DO CANTO | 12/8/2017 | 1/20/2013 |
| ANNAMARIE | HELEN | BORING (LANDER) | 11/6/2017 | 12/19/2012 |
| JAMIE | MARIE | BOROS | 11/21/2017 | 1/3/2013 |
| DIANE | D | BOTTERMAN | 10/20/2017 | 12/2/2012 |
| ANGELA | | BOUSQUET | 12/12/2017 | 1/24/2013 |
| DEBRA | C | BOWENS | 11/21/2017 | 1/3/2013 |
| REGINALD | | BOYD | 11/9/2017 | 12/22/2012 |
| BARBARA | | BRAUNFELD | 10/20/2017 | 12/2/2012 |
| MONICA | | BRAXTON | 10/23/2017 | 12/5/2012 |
| TANA | SHAY | BREAULT | 11/9/2017 | 12/22/2012 |
| JOSHUA | MICHAEL | BRECHT | 12/1/2017 | 1/13/2013 |
| GEORGE | E | BRENNAN | 11/2/2017 | 12/15/2012 |
| RYAN | EDWARD | BREWER | 12/28/2016 | 7/30/2012 |
| GAIL | LYNN | BROOKS | 11/6/2017 | 12/19/2012 |
| ORALIA | | BROOKS | 11/2/2017 | 12/15/2012 |
| CHRISTINE | ANN | BROWN | 10/25/2017 | 12/7/2012 |
| DERMOT | D | BROWN | 10/17/2017 | 11/29/2012 |
| KATE | LYNN | BROWN | 10/25/2017 | 12/7/2012 |
| LANI | JOY | BROWN | 11/9/2017 | 12/22/2012 |
| TAMIKA | TANYA | BROWN | 12/7/2017 | 1/19/2013 |
| KATHLEEN | TERESA | BRUGGMAN | 11/2/2017 | 12/15/2012 |
| AUDREY | E | BRUNETTI | 12/13/2017 | 1/25/2013 |
| DAVID | | BRUSCO | 11/3/2017 | 12/16/2012 |
| HOPE | MICHELE | BRYANT | 10/25/2017 | 12/7/2012 |
| MIRANDA | N | BRYANT | 10/27/2017 | 12/9/2012 |
| TIFFANY | ANNE | BRYANT | 12/21/2017 | 2/2/2013 |
| STANISLAWA | | BRZYZEK | 11/21/2017 | 1/3/2013 |
| MIMI | | BUBOLTZ-MCKENZIE | 11/2/2017 | 12/15/2012 |
| DENICE | B | BUCKLEY | 3/8/2018 | 4/20/2013 |
| MARCIA | NICOLE | BUCKLEY | 11/21/2017 | 1/3/2013 |
| RICHARD | D | BUCKMASTER | 11/21/2017 | 1/3/2013 |
| NANCY | JEAN | BUDOVSKY | 12/4/2017 | 1/16/2013 |
| DENNIS | | BUENO | 11/17/2017 | 12/30/2012 |
| FRANCES | JEAN | BUKER | 11/30/2017 | 1/12/2013 |
| FELECIA | MICHELLE | BULLOCK | 11/15/2017 | 12/28/2012 |
| BRAD | MICHAEL | BURDICK | 11/6/2017 | 12/19/2012 |
| MELVIN | | BURGOS | 11/2/2017 | 12/15/2012 |
| ERIC | EDWARD | BURNS | 2/10/2014 | 2/11/2011 |
| MARVIN | ANTHONY | BUTLER | 12/8/2017 | 1/20/2013 |
| TRACEY | BERNARD | BUYSSE | 11/17/2017 | 12/30/2012 |
| DAVID | KONRAD | CADDICK-SHERMAN | 11/17/2017 | 12/30/2012 |
| FERNANDO | | CAICEDO | 11/15/2017 | 12/28/2012 |
| JOSE | | CALDERON | 11/15/2017 | 12/28/2012 |
| PEDRO | WILLY | CALDERON | 10/17/2017 | 11/29/2012 |
| LEKISHA | MONEKE | CALLIGAN | 1/2/2018 | 2/14/2013 |
| VERONICA | | CALZADA | 11/2/2017 | 12/15/2012 |
| DANIEL | | CAMERON | 2/2/2017 | 9/4/2012 |
| BREEANN | NICOLE | CAMPBELL | 11/17/2017 | 12/30/2012 |

| | | | | |
|---|---|---|---|---|
| FILOMENA | | CAMPBELL | 12/8/2017 | 1/20/2013 |
| TUNJI | | CAMPBELL | 10/17/2017 | 11/29/2012 |
| HENRY | | CANO | 11/3/2017 | 12/16/2012 |
| MARIE | SHIRLEY | CANZIUS | 11/9/2017 | 12/22/2012 |
| ATHANASIA | MARY | CARBALLO | 11/2/2017 | 12/15/2012 |
| DEBRA | | CARBONE | 11/3/2017 | 12/16/2012 |
| JOHN | KENNETH | CARMICHE | 1/11/2017 | 8/13/2012 |
| SHELBY | NICOLE | CARR (CHURCH) | 10/25/2017 | 12/7/2012 |
| HEATHER | RENEE | CARSTEN | 2/2/2017 | 9/4/2012 |
| ANDREA | SHARON | CARTER | 11/6/2017 | 12/19/2012 |
| ARZELL | | CARTER | 12/7/2017 | 1/19/2013 |
| JARA | FRANCES | CARTER | 12/12/2017 | 1/24/2013 |
| LESLEY | BROOKE | CARTER | 11/9/2017 | 12/22/2012 |
| TASHA | | CASEY | 11/3/2017 | 12/16/2012 |
| TALIFER | LOUISE | CASH | 11/7/2017 | 12/20/2012 |
| ROBERT | JAMES | CASHMAN | 11/30/2017 | 1/12/2013 |
| FRANCISCO | XAVIER | CASTRO | 6/12/2018 | 7/25/2013 |
| CHRISTOPHER | | CAZZOLA | 11/9/2017 | 12/22/2012 |
| RALPH | THOMAS | CECIL | 11/7/2017 | 12/20/2012 |
| GIUSEPPE | | CENZUALES | 11/2/2017 | 12/15/2012 |
| ROBERT | EARL | CHAMBERS III | 11/2/2017 | 12/15/2012 |
| SUDRISHTY | | CHANDIPERSAUD | 10/25/2017 | 12/7/2012 |
| MELISSA | LYNNE | CHAPMAN | 11/21/2017 | 1/3/2013 |
| WILLIAM | DANIEL | CHAPMAN | 10/23/2017 | 12/5/2012 |
| CHRISTOPHER | LENN | CHAPPELL | 10/23/2017 | 12/5/2012 |
| CAROLYN | G | CHAPPLE | 10/25/2017 | 12/7/2012 |
| CARISSA | | CHAVES | 12/1/2017 | 1/13/2013 |
| TERESA | | CHILUFYA | 10/25/2017 | 12/7/2012 |
| CLINT | JAMES | CHOUMAS | 11/7/2017 | 12/20/2012 |
| AMY | MAE | CHRISTENSEN | 11/21/2017 | 1/3/2013 |
| BELINDA | DAWNE | CLARK | 10/23/2017 | 12/5/2012 |
| DENNIS | GENE | CLARK | 11/2/2017 | 12/15/2012 |
| DINAH | PLACIDA | CLARK | 11/2/2017 | 12/15/2012 |
| MEREDITH | SHAY | CLARK | 10/17/2017 | 11/29/2012 |
| TATIANA | SADE | CLARK | 10/20/2017 | 12/2/2012 |
| MARYLYN | MONICA | CLARKE | 10/20/2017 | 12/2/2012 |
| MAURETTA | RENEE | CLAW | 12/1/2017 | 1/13/2013 |
| NANCY | PANEPINTO | CLAY | 11/17/2017 | 12/30/2012 |
| TIMOTHY | CHARLES | CLEMENTS | 11/15/2017 | 12/28/2012 |
| DEBORAH | | CLEVENSTINE | 11/7/2017 | 12/20/2012 |
| DEBBIE | ANN | CLINE | 10/23/2017 | 12/5/2012 |
| JESSICA | LEE | COBB | 11/9/2017 | 12/22/2012 |
| DAVID | ALFRED | COGLEY | 11/17/2017 | 12/30/2012 |
| LINDA | | COLBERT | 12/7/2017 | 1/19/2013 |
| CHARLENE | | COLEMAN | 11/17/2017 | 12/30/2012 |
| ROSARIA | M | COLLINS | 12/7/2017 | 1/19/2013 |
| SARAH | ELISABETH | COLLINS | 11/2/2017 | 12/15/2012 |
| BETHANNE | | COMERFORD (FORMALY SCHUTZ) | 11/2/2017 | 12/15/2012 |
| NORMA | | CONCEPCION | 11/9/2017 | 12/22/2012 |

| LAKISHA | TAJUAN | CONLEY | 10/25/2017 | 12/7/2012 |
|---|---|---|---|---|
| LORI | JEAN | CONNIFF | 11/2/2017 | 12/15/2012 |
| LAURIE | ANN | CONNOLLY | 12/21/2017 | 2/2/2013 |
| ROSE | MARIE | CONSTANTINI | 1/11/2018 | 2/23/2013 |
| ANTHONY | LUCA | CONTE | 10/23/2017 | 12/5/2012 |
| TAMARA | KAY | COOK | 11/9/2017 | 12/22/2012 |
| THEODORE | ROOSEVELT | COOK JR | 1/3/2018 | 2/15/2013 |
| TRAVIS | MCGUIRE | COOPER | 11/13/2017 | 12/26/2012 |
| FRANK | | CORONA | 11/9/2017 | 12/22/2012 |
| MINELI | | CORONA | 10/23/2017 | 12/5/2012 |
| LILIA | | CORRAL | 11/21/2017 | 1/3/2013 |
| SHAWN | | CORWAY | 1/27/2014 | 1/28/2011 |
| HELENA | | COSTA | 11/21/2017 | 1/3/2013 |
| EUGENE | JOSEPH | COSTA, JR. | 2/7/2014 | 2/8/2011 |
| CATHERINE | | COURTNEY | 12/21/2017 | 2/2/2013 |
| STUART | LYNN | COX | 10/25/2017 | 12/7/2012 |
| CLAIRE | | COX-MATTHEWS | 12/13/2017 | 1/25/2013 |
| PAUL | TRAVIS | CRAIG | 11/21/2017 | 1/3/2013 |
| SHAWN | CHRISTOPHER | CRAIG | 11/2/2017 | 12/15/2012 |
| ERIKA | | CRAINE | 11/21/2017 | 1/3/2013 |
| TRUDEY | | CRAWFORD | 10/23/2017 | 12/5/2012 |
| TIERRA | | CREEKMUR | 11/9/2017 | 12/22/2012 |
| KATHLEEN | KAY | CRISCI | 10/25/2017 | 12/7/2012 |
| NATALIE | J | CROMARTIE | 6/23/2015 | 2/23/2012 |
| NATASHA | | CROMWELL | 10/25/2017 | 12/7/2012 |
| JILL | BETH | CRUCKSHANK | 11/17/2017 | 12/30/2012 |
| DEWI | | CRUDO | 12/4/2017 | 1/16/2013 |
| NELSON | E | CRUZ | 10/17/2017 | 11/29/2012 |
| LUZ | M | CUADRADO RIVERA | 12/4/2017 | 1/16/2013 |
| MAGDALENA | | CUESTAS | 11/2/2017 | 12/15/2012 |
| WENDI | R | CULPEPPER | 10/25/2017 | 12/7/2012 |
| CHRISTIAN | A | CURIEL | 11/13/2017 | 12/26/2012 |
| EDYTA | MAGDALENA | CWALINSKI | 11/7/2017 | 12/20/2012 |
| FADIA | | DADO | 12/7/2017 | 1/19/2013 |
| IAN | JASON | DAFFIN | 11/2/2017 | 12/15/2012 |
| TINA | MARIE | DAIGRE | 11/2/2017 | 12/15/2012 |
| JULIE | CABANBAN | DALDE | 10/17/2017 | 11/29/2012 |
| MARYELLEN | | DANIELS | 10/26/2017 | 12/8/2012 |
| STEPHANY | | DANNA | 10/17/2017 | 11/29/2012 |
| KELLY | E | DARBY | 12/12/2017 | 1/24/2013 |
| EBONY | BRANDIAS | DASRATH | 11/9/2017 | 12/22/2012 |
| ELIZABETH | ELLEN | DAVIS | 10/25/2017 | 12/7/2012 |
| ALASHA | | DAWKINS | 12/8/2017 | 1/20/2013 |
| STEPHANIE | HEATHER | DAY | 12/4/2017 | 1/16/2013 |
| ARCADIO | | DE JESUS RIVERA | 11/9/2017 | 12/22/2012 |
| JULIO | | DE LA CRUZ | 11/7/2017 | 12/20/2012 |
| PATRICK | | DEADDIO | 11/6/2017 | 12/19/2012 |
| WALTER | JAMES | DEAN | 10/17/2017 | 11/29/2012 |
| PATRICIA | H | DEBLOIS | 12/4/2017 | 1/16/2013 |

| | | | | |
|---|---|---|---|---|
| KYLA | D | DEGRAFF | 12/4/2017 | 1/16/2013 |
| KIMBERLY | LYNN | DELGADO | 10/20/2017 | 12/2/2012 |
| DONNA | M | DELLAGATTA | 11/3/2017 | 12/16/2012 |
| MICHELE | | DELOZIER | 11/3/2017 | 12/16/2012 |
| ESTHER | | DELVILLAR | 11/9/2017 | 12/22/2012 |
| LYNDA | SUE | DENBOW | 10/17/2017 | 11/29/2012 |
| BRADLEY | ANDREW | DENMAN | 11/2/2017 | 12/15/2012 |
| SCOTTY | LEE | DENNISON | 10/17/2017 | 11/29/2012 |
| CAROL | ANN | DENORA | 12/7/2017 | 1/19/2013 |
| CARL | HERBY | DERONET | 11/13/2017 | 12/26/2012 |
| ASHA | MILIND | DESAI | 12/1/2017 | 1/13/2013 |
| DILINDA | SARENE JEDINA | DESHIELDS | 10/17/2017 | 11/29/2012 |
| JACQUELYN | | DEVEAUX | 10/17/2017 | 11/29/2012 |
| DONNA | MARIE | DIAMANTOS | 12/12/2017 | 1/24/2013 |
| JENNIFER | ANGELA | DIAZ | 12/8/2017 | 1/20/2013 |
| NANCY | M | DIAZ | 11/30/2017 | 1/12/2013 |
| VICTOR | | DIAZ | 11/15/2017 | 12/28/2012 |
| SARAH | JANE | DICKERSON | 10/20/2017 | 12/2/2012 |
| KERI | R | DICKEY | 2/10/2014 | 2/11/2011 |
| JANE | SARAH | DICKSON | 12/8/2017 | 1/20/2013 |
| JASON | THOMAS | DILL | 11/6/2017 | 12/19/2012 |
| MARLAINE | | DISBROW | 11/15/2017 | 12/28/2012 |
| DIAN | | DIXON-PRICE | 11/7/2017 | 12/20/2012 |
| ANELA | | DJUKIC | 12/13/2017 | 1/25/2013 |
| KIMBERLY | JANE | DOBIES | 11/9/2017 | 12/22/2012 |
| ASHLEY | CHARLOTTE | DOLE | 11/21/2017 | 1/3/2013 |
| CANDACE | | DOMINGUEZ | 2/2/2017 | 9/4/2012 |
| MARIA | J | DOMINGUEZ-LOPEZ | 12/8/2017 | 1/20/2013 |
| ARTHUR | | DONLEY | 11/7/2017 | 12/20/2012 |
| NANCY | CARYL | DONNELLAN | 12/7/2017 | 1/19/2013 |
| ANN | LOUISE | DONOVAN | 10/19/2017 | 12/1/2012 |
| BRITNEY | MORGAN | DOOLEY | 10/20/2017 | 12/2/2012 |
| DEREK | CORBETT | DOOLEY | 10/25/2017 | 12/7/2012 |
| DANIELA | | DOS SANTOS | 11/2/2017 | 12/15/2012 |
| YVONNE | SEBRINA | DOSSMAN | 11/17/2017 | 12/30/2012 |
| JESSICA | LEIGH ANITAH | DOTSON | 10/23/2017 | 12/5/2012 |
| SHERYL | D | DOUGLAS-SMACK | 12/4/2017 | 1/16/2013 |
| SARA | MARIE | DRASBA | 11/1/2017 | 12/14/2012 |
| BARBARA | W | DRAWE | 12/13/2017 | 1/25/2013 |
| GRACE | MARIE | DROUILLARD | 11/17/2017 | 12/30/2012 |
| IRADI | SOARES | DUARTE | 12/8/2017 | 1/20/2013 |
| MARIO | R | DUBON | 11/9/2017 | 12/22/2012 |
| SANDY | | DUKES | 11/15/2017 | 12/28/2012 |
| TIMOTHY | O'NEIL | DUKES | 11/2/2017 | 12/15/2012 |
| DONNA | E | DUNCAN | 11/2/2017 | 12/15/2012 |
| HEATHER | L | DUNMIRE | 12/8/2017 | 1/20/2013 |
| LENNA | LOU | DUNMIRE | 10/23/2017 | 12/5/2012 |
| ROSALIE | ANN | DUPREE | 12/4/2017 | 1/16/2013 |
| BRIDGET | MAURA | DURANT | 10/17/2017 | 11/29/2012 |

| | | | | |
|---|---|---|---|---|
| CAMERON | THADDEUS | DURANT | 10/17/2017 | 11/29/2012 |
| PEGGY | LOUISE | EADS | 10/23/2017 | 12/5/2012 |
| MALORIE | ANN | EARLES | 11/15/2017 | 12/28/2012 |
| JASON | ANTHONY | EBERT | 11/14/2017 | 12/27/2012 |
| SHARA | LYNN | ECKARD | 11/15/2017 | 12/28/2012 |
| MARY | BETH | ECKERT | 11/17/2017 | 12/30/2012 |
| SABRINA | T | EDWARDS | 11/1/2017 | 12/14/2012 |
| THOMAS | | EDWARDS | 10/17/2017 | 11/29/2012 |
| PAMELA | | EGNATOVICH | 10/23/2017 | 12/5/2012 |
| MARK | STANLEY | EISENHARD | 10/17/2017 | 11/29/2012 |
| MARIBEL | | ELLEMENT | 11/17/2017 | 12/30/2012 |
| LATARSHIA | ROSE | ELLISON | 10/17/2017 | 11/29/2012 |
| NAFIZ | | ELWAN | 10/25/2017 | 12/7/2012 |
| ANTHONY | | EMERSON | 11/30/2017 | 1/12/2013 |
| DEBRA | LYNN | ENGLIN | 10/25/2017 | 12/7/2012 |
| NICOLE | BETH | EPSTEIN | 10/23/2017 | 12/5/2012 |
| AMANDA | GRACE | ERICSON | 11/17/2017 | 12/30/2012 |
| PHILLIP | MATTHEW | ERNST | 11/9/2017 | 12/22/2012 |
| SHARON | B | EROH | 12/8/2017 | 1/20/2013 |
| MARTIN | GERALD | EVANS | 12/14/2017 | 1/26/2013 |
| JESSICA | | FABBRICATARE | 12/4/2017 | 1/16/2013 |
| KEISHA | LATOYA | FALBY | 11/14/2017 | 12/27/2012 |
| JILL | MARIE | FAORO | 12/8/2017 | 1/20/2013 |
| FLORENCE | | FASCIANA | 11/17/2017 | 12/30/2012 |
| LAKIESHA | RENEE | FASON | 11/2/2017 | 12/15/2012 |
| VALERIE | DENICE | FELDER | 12/7/2017 | 1/19/2013 |
| JULIE | ANN | FELDERSTEIN | 10/17/2017 | 11/29/2012 |
| PAUL | FRANCIS | FELTON | 11/2/2017 | 12/15/2012 |
| JORGE | JOAQUIN | FERNANDEZ | 11/17/2017 | 12/30/2012 |
| ARIELA | QUINN | FERRIS | 11/21/2017 | 1/3/2013 |
| LORI | DAWN | FEYKA | 11/13/2017 | 12/26/2012 |
| LEE | | FICARRA | 10/23/2017 | 12/5/2012 |
| INGA | | FICHTNER | 10/27/2017 | 12/9/2012 |
| ROBERT | DANIEL | FICIK | 12/12/2017 | 1/24/2013 |
| JESSICA | K | FIELDS | 10/17/2017 | 11/29/2012 |
| ANGELO | | FIGURELLI | 10/19/2017 | 12/1/2012 |
| COLLEEN | ALISSA | FINNEY | 11/28/2017 | 1/10/2013 |
| CAROL | | FIORITO | 10/25/2017 | 12/7/2012 |
| JUDITH | ANN | FISCH | 10/20/2017 | 12/2/2012 |
| NEIL | CHARLES | FISHBONE | 10/25/2017 | 12/7/2012 |
| BRIAN | THOMAS | FISHER | 11/3/2017 | 12/16/2012 |
| ALVIN | JOHN | FITTERER | 12/8/2017 | 1/20/2013 |
| TIMOTHY | J | FLECK | 12/13/2017 | 1/25/2013 |
| KELLY | | FLORES | 11/7/2017 | 12/20/2012 |
| JORDAN | ELYSE | FLOWERS | 12/7/2017 | 1/19/2013 |
| RUBY | LYNN | FLOYD | 11/17/2017 | 12/30/2012 |
| NATALIE | D | FOGAH | 11/17/2017 | 12/30/2012 |
| ATALEO | DEWAYNE | FORD | 10/18/2017 | 11/30/2012 |
| MARSHA | ANN | FOSSE | 10/23/2017 | 12/5/2012 |

| | | | | |
|---|---|---|---|---|
| JONATHAN | | FOSTER | 11/21/2017 | 1/3/2013 |
| LISA | | FOURNIER | 12/14/2017 | 1/26/2013 |
| NEISHANETTE | | FRANCIS | 12/8/2017 | 1/20/2013 |
| ZBIGNIEW | | FRANKOWSKI JR | 11/7/2017 | 12/20/2012 |
| PATRICIA | J | FRAVEL | 10/25/2017 | 12/7/2012 |
| JERROLD | ALAN | FREEDMAN | 6/22/2015 | 2/23/2012 |
| KAITLIN | REBEKAH | FRUHAUFF | 11/30/2017 | 1/12/2013 |
| SOPHIA | DANIELLE | FULLER | 10/17/2017 | 11/29/2012 |
| LORI | BALEST | FURLONG | 10/25/2017 | 12/7/2012 |
| JASMINE | MARIE | FUSSY | 10/17/2017 | 11/29/2012 |
| YOLANDA | | GAGE | 12/15/2017 | 1/27/2013 |
| NADER | | GAID | 10/25/2017 | 12/7/2012 |
| NIRMELADEBIE | | GAJADHAR | 11/9/2017 | 12/22/2012 |
| SARAH | | GALDSTON | 12/8/2017 | 1/20/2013 |
| CLAUDIA | | GALICIA | 4/18/2018 | 5/31/2013 |
| JAMES | BEURY | GALLO | 12/21/2017 | 2/2/2013 |
| MARY | JO | GANN | 11/15/2017 | 12/28/2012 |
| MARGUERITA | | GARAY | 10/19/2017 | 12/1/2012 |
| CARMEN | | GARCIA | 11/7/2017 | 12/20/2012 |
| DANIEL | A | GARCIA | 12/7/2017 | 1/19/2013 |
| LORAINE | T | GARCIA | 11/15/2017 | 12/28/2012 |
| REYES | | GARCIA JR. | 10/23/2017 | 12/5/2012 |
| DAVID | ALPHANSO | GARRICK | 10/26/2017 | 12/8/2012 |
| BRITTANY | ELIZABETH | GARRISON | 11/9/2017 | 12/22/2012 |
| JANICE | DENISE | GAVIN | 10/23/2017 | 12/5/2012 |
| EYVONNE | | GAZAWAY | 11/15/2017 | 12/28/2012 |
| RUSSELL | LLOYD | GEE | 10/20/2017 | 12/2/2012 |
| LAURA | | GEORGE | 11/3/2017 | 12/16/2012 |
| RACHEL | TOWNSEND | GEORGE | 11/17/2017 | 12/30/2012 |
| MARIANE | | GERGUIS | 12/4/2017 | 1/16/2013 |
| SHAYLA | RENEE | GERMAIN | 10/25/2017 | 12/7/2012 |
| CAMILLE | | GHANEM | 5/12/2014 | 5/13/2011 |
| AARON | MARK | GIBSON | 10/17/2017 | 11/29/2012 |
| RICHARD | E | GILCHRIST | 12/15/2016 | 7/17/2012 |
| LISA | JEAN | GILMAN | 12/4/2017 | 1/16/2013 |
| TOM | | GINGRAS | 11/9/2017 | 12/22/2012 |
| SENADA | | GJAKOVIQ | 12/4/2017 | 1/16/2013 |
| ELIZABETH | HELEN | GLASS | 10/18/2017 | 11/30/2012 |
| JAMES | ALAN | GLISTER | 11/28/2017 | 1/10/2013 |
| VICTORIA | SUZANNE | GLOVER | 11/9/2017 | 12/22/2012 |
| LISA | ANN | GODDARD | 12/4/2017 | 1/16/2013 |
| ROBERT | ALAN | GOLDBERG | 11/7/2017 | 12/20/2012 |
| ROBERT | W | GOLDEN | 11/6/2017 | 12/19/2012 |
| AMEERA | | GOMEZ | 10/25/2017 | 12/7/2012 |
| DANIELLE | D | GOMEZ | 12/8/2017 | 1/20/2013 |
| FRANCISCO | J | GOMEZ | 10/25/2017 | 12/7/2012 |
| ALEXANDRA | | GONZALEZ | 2/2/2017 | 9/4/2012 |
| FRANK | YOEL | GONZALEZ | 10/17/2017 | 11/29/2012 |
| JOSE | LUIS | GONZALEZ | 12/7/2017 | 1/19/2013 |

| | | | | |
|---|---|---|---|---|
| SUZANNE | | GONZALEZ | 11/6/2017 | 12/19/2012 |
| JESSE | REDONO | GOODLOE | 10/23/2017 | 12/5/2012 |
| STEVEN | LOUIS | GOODMAN | 10/20/2017 | 12/2/2012 |
| STEVEN | | GOODMAN | 10/23/2017 | 12/5/2012 |
| LALCHANDRA | | GOPAUL | 12/21/2017 | 2/2/2013 |
| MARLIN | | GORDON | 10/23/2017 | 12/5/2012 |
| LAVONDA | B | GOREE | 11/3/2017 | 12/16/2012 |
| RICHARD | JAMES | GORMLEY | 10/23/2017 | 12/5/2012 |
| TIFFANI | MARIE | GOSLINE | 11/2/2017 | 12/15/2012 |
| WENDY | | GRAHAM-MCWHORTER | 12/13/2017 | 1/25/2013 |
| KENNETH | J | GRANT | 12/7/2017 | 1/19/2013 |
| MICHAELA | M | GRANT CASTRO | 11/15/2017 | 12/28/2012 |
| ADAM | JOSEPH | GRAY | 12/4/2017 | 1/16/2013 |
| CEDRIC | TYRONE | GREEN | 11/9/2017 | 12/22/2012 |
| TERRI | ELISE | GREEN | 11/7/2017 | 12/20/2012 |
| TANYA | | GREEN-ABERCROMBIE | 12/8/2017 | 1/20/2013 |
| ANGELA | MICHELLE | GREENE-HOLDER | 12/4/2017 | 1/16/2013 |
| GARY | DENNIS | GREGSON | 12/4/2017 | 1/16/2013 |
| SANDRA | M | GREINKE | 10/25/2017 | 12/7/2012 |
| CHERYL | RANNE | GRINSTEAD | 11/3/2017 | 12/16/2012 |
| ANDREW | LOUIS | GRIPPA | 12/4/2017 | 1/16/2013 |
| MELISSA | LYNN | GROHOSKY | 11/7/2017 | 12/20/2012 |
| CHRISTOPHER | STEPHEN | GROSS | 12/8/2017 | 1/20/2013 |
| DEBBIE | LYNN | GRUPY | 11/15/2017 | 12/28/2012 |
| EDNA | JESSICA | GUERRA | 11/9/2017 | 12/22/2012 |
| OUMAR | | GUEYE | 11/7/2017 | 12/20/2012 |
| JANE | MARIE | GUNDEN | 11/15/2017 | 12/28/2012 |
| LINDZAY | RAE | GURGALL | 11/30/2017 | 1/12/2013 |
| SUSAN | RENEE | GURULE | 11/3/2017 | 12/16/2012 |
| AZRA | | GUSIC | 11/3/2017 | 12/16/2012 |
| NILSA | | GUZMAN | 11/17/2017 | 12/30/2012 |
| LYNN | ANN | HAAPANEN | 11/14/2017 | 12/27/2012 |
| MAGGIE | CLAIRE | HAGEN | 11/17/2017 | 12/30/2012 |
| CARL | M | HAGMEIER | 11/2/2017 | 12/15/2012 |
| CAROL | J | HAIRSTON | 12/7/2017 | 1/19/2013 |
| JILL | MARIE | HALL | 11/13/2017 | 12/26/2012 |
| VICTOR | PERRY | HALL | 10/25/2017 | 12/7/2012 |
| ROBIN | IRIS | HALLAM | 10/17/2017 | 11/29/2012 |
| LISA | NOELLE | HAMBURGER | 12/8/2017 | 1/20/2013 |
| RICHARD | NELSON | HAMEL | 11/15/2017 | 12/28/2012 |
| HEIDI | | HAMILTON | 11/21/2017 | 1/3/2013 |
| RHONDA | GEAN | HAMILTON | 11/9/2017 | 12/22/2012 |
| DELUISA | MONIQUE | HAMLIN | 11/13/2017 | 12/26/2012 |
| TAWANA | | HARDING | 10/17/2017 | 11/29/2012 |
| JENNIFER | LYNN | HARDY | 10/25/2017 | 12/7/2012 |
| AUSTIN | ARNOLD | HARMON | 11/3/2017 | 12/16/2012 |
| KATHY | B | HARMON | 11/21/2017 | 1/3/2013 |
| AARON | NICHOLAS | HAROS | 11/21/2017 | 1/3/2013 |
| TRACY | JEAN | HARRINGTON | 10/25/2017 | 12/7/2012 |

| | | | | |
|---|---|---|---|---|
| ERMETRA | R | HARRIS | 11/21/2017 | 1/3/2013 |
| JAMES | WILLIAM | HARRIS | 10/18/2017 | 11/30/2012 |
| JEREMY | WAYNE | HARRIS | 11/9/2017 | 12/22/2012 |
| JOAN | ESTHER | HARRIS | 11/17/2017 | 12/30/2012 |
| JULIE | LYNN | HARRIS | 11/17/2017 | 12/30/2012 |
| RUBY | | HARRIS | 11/3/2017 | 12/16/2012 |
| PATRICK | JAMES | HARRISON | 11/21/2017 | 1/3/2013 |
| JENNIFER | MEGAN | HART | 10/25/2017 | 12/7/2012 |
| LEWIS | | HARTIS | 11/30/2017 | 1/12/2013 |
| LAURA | JANE | HARTNETT | 11/2/2017 | 12/15/2012 |
| CHRISTINA | | HARUBIN | 12/23/2016 | 7/25/2012 |
| CYNTHIA | GAIL | HARVAN | 10/23/2017 | 12/5/2012 |
| LYNN | MARIE | HARWOOD | 12/4/2017 | 1/16/2013 |
| BRANDON | THOMAS | HASS | 12/4/2017 | 1/16/2013 |
| RANDALL | SHAW | HASSIN | 11/9/2017 | 12/22/2012 |
| ANTHONY | | HASTINGS | 10/17/2017 | 11/29/2012 |
| NATHANIEL | O'SHAY | HAYES | 10/25/2017 | 12/7/2012 |
| MARIE | L | HAYNES | 10/25/2017 | 12/7/2012 |
| JOSHUA | SHANE | HEARNE | 10/25/2017 | 12/7/2012 |
| NANCY | | HEENEY KRESSE | 11/9/2017 | 12/22/2012 |
| KATHLEEN | ANN | HELD | 12/4/2017 | 1/16/2013 |
| JACQUELINE | | HENDERSON | 11/9/2017 | 12/22/2012 |
| LOUISE | MARGARET | HENDERSON | 12/7/2017 | 1/19/2013 |
| MARQUISHA | DENISE | HENDERSON | 10/20/2017 | 12/2/2012 |
| FATIMA | R | HENRIQUES (BAHIA) | 12/4/2017 | 1/16/2013 |
| AMANDA | RAE | HENSHAW | 11/21/2017 | 1/3/2013 |
| PAIGE | NICOLE | HERBERT | 10/25/2017 | 12/7/2012 |
| WINSTON | F | HERCULES | 11/21/2017 | 1/3/2013 |
| KATHLEEN | JO | HERGERT | 12/4/2017 | 1/16/2013 |
| LINDA | MARLENE | HERICH | 10/25/2017 | 12/7/2012 |
| BEULAH | V | HERNANDEZ | 11/21/2017 | 1/3/2013 |
| RINA | V | HERNANDEZ | 11/17/2017 | 12/30/2012 |
| JULIO | | HERRERA | 11/21/2017 | 1/3/2013 |
| EDWARD | MICHAEL | HERRMANN III | 10/23/2017 | 12/5/2012 |
| TIMOTHY | STEWART | HILES | 12/7/2017 | 1/19/2013 |
| WANDA | MARIE | HILL | 10/17/2017 | 11/29/2012 |
| RICHARD | JOHN | HOFER | 11/3/2017 | 12/16/2012 |
| REGINA | RENEE | HOFFMAN | 12/8/2017 | 1/20/2013 |
| AMBER | N. | HOFFSTEAD | 11/2/2017 | 12/15/2012 |
| JAYNE | ELIZABETH | HOFHINE | 11/3/2017 | 12/16/2012 |
| KRISTINA | JOE | HOGLUND | 10/17/2017 | 11/29/2012 |
| JESSICA | | HOLBROOK | 11/9/2017 | 12/22/2012 |
| MELISSA | TILLERY | HOLLINGSHEAD | 11/17/2017 | 12/30/2012 |
| CARRIE | JEAN | HOLLOWAY | 10/25/2017 | 12/7/2012 |
| RACHELLE | JULIETTE | HOMMICK | 11/3/2017 | 12/16/2012 |
| SARA | TABRIZI | HOOD (CHAPEL) | 10/23/2017 | 12/5/2012 |
| JESSICA | | HORNE | 11/9/2017 | 12/22/2012 |
| FARTASH | | HOSSEINALIBEIK | 11/7/2017 | 12/20/2012 |
| ANDREW | | HOURIE | 10/26/2017 | 12/8/2012 |

| | | | | |
|---|---|---|---|---|
| JESSICA | | HOUSEMAN (PFEIL) | 10/20/2017 | 12/2/2012 |
| JULIE | LYNN | HOUSTON | 12/4/2017 | 1/16/2013 |
| BRIDGETTE | | HOWARD | 10/25/2017 | 12/7/2012 |
| DUSTIN | THOMAS | HOWARD | 11/9/2017 | 12/22/2012 |
| MARY | ELLEN | HOWARD | 12/4/2017 | 1/16/2013 |
| ILKA | | HOWELL-DICKSON | 11/15/2017 | 12/28/2012 |
| ELIZABETH | M | HOY | 11/30/2017 | 1/12/2013 |
| MICHELLE | WILLIAMS | HUANG | 12/13/2017 | 1/25/2013 |
| COURTLAND | LEMONT | HUBBARD | 11/15/2017 | 12/28/2012 |
| HOWARD | KEITH | HUBBARD | 10/25/2017 | 12/7/2012 |
| ANITA | JEWELL | HUDSON | 11/3/2017 | 12/16/2012 |
| SUZAN | JANE | HUNDT | 11/3/2017 | 12/16/2012 |
| KAREN | JEAN | HUNTER | 10/25/2017 | 12/7/2012 |
| KRISTEN | ROCHELLE | HUNTER | 11/28/2017 | 1/10/2013 |
| YVONNE | ELISABETH | HUTCHISON | 11/30/2017 | 1/12/2013 |
| JO | ANNE | HYSMITH | 11/30/2017 | 1/12/2013 |
| MOHAMED | | IBRAHIM | 11/22/2016 | 6/24/2012 |
| SAMINA | | IFTIKHAR | 11/15/2017 | 12/28/2012 |
| MERCY | | ILOH | 10/25/2017 | 12/7/2012 |
| VIOLETA | DE JESUS | INCER MUNGUIA | 10/20/2017 | 12/2/2012 |
| CARMELA | V | INDELLICATI | 11/21/2017 | 1/3/2013 |
| IGOR | | INJAC | 11/17/2017 | 12/30/2012 |
| KATHY | M | IRREK | 10/23/2017 | 12/5/2012 |
| DAWN | LILLIAN | IVES | 11/15/2017 | 12/28/2012 |
| ARMEIRIAN | T | JACKSON | 12/4/2017 | 1/16/2013 |
| BRITNEY | | JACKSON | 11/9/2017 | 12/22/2012 |
| BRITTANY | NICOLE | JACKSON | 11/3/2017 | 12/16/2012 |
| CHAUNCEY | DEVON | JACKSON | 11/6/2017 | 12/19/2012 |
| CHRISTINA | MARIE | JACKSON | 12/4/2017 | 1/16/2013 |
| JAMEL | | JACKSON | 11/21/2017 | 1/3/2013 |
| PETURA | | JACKSON | 10/25/2017 | 12/7/2012 |
| SHALANDA | MICHELLE | JACKSON | 11/3/2017 | 12/16/2012 |
| TERESA | DENEICE | JACKSON | 11/6/2017 | 12/19/2012 |
| TIMOTHY | C | JACKSON | 11/3/2017 | 12/16/2012 |
| HARRY | JAMES | JACKSON JR | 11/13/2017 | 12/26/2012 |
| KATHLEEN | | JACOBSON | 12/22/2017 | 2/3/2013 |
| ALEX | A | JAFFE | 10/18/2017 | 11/30/2012 |
| DANIELLE | LEE | JAMES | 10/19/2017 | 12/1/2012 |
| SANDRA | LEE | JAMMAL | 10/25/2017 | 12/7/2012 |
| BARRY | LORENZO | JENKINS | 11/30/2017 | 1/12/2013 |
| KAREN | D | JENKINS | 11/2/2017 | 12/15/2012 |
| JAMIN | RAY | JENNINGS | 11/21/2017 | 1/3/2013 |
| ANAHI | | JIMENEZ | 10/20/2017 | 12/2/2012 |
| KEVIN | | JIMENEZ | 10/19/2017 | 12/1/2012 |
| AMANDA | RUTH | JOBE | 12/12/2017 | 1/24/2013 |
| CATHY | L | JOHNSON | 12/12/2017 | 1/24/2013 |
| CRYSTAL | LEE | JOHNSON | 11/2/2017 | 12/15/2012 |
| ERENA | | JOHNSON | 10/17/2017 | 11/29/2012 |
| HEATHER | LYN | JOHNSON | 11/15/2017 | 12/28/2012 |

| | | | | |
|---|---|---|---|---|
| JEREMY | JOSEPH | JOHNSON | 12/8/2017 | 1/20/2013 |
| LORETTA | | JOHNSON | 11/9/2017 | 12/22/2012 |
| MALCOLM | J | JOHNSON | 10/25/2017 | 12/7/2012 |
| MICHELE | RAE | JOHNSON | 12/7/2017 | 1/19/2013 |
| NICOLE | LYNN | JOHNSON | 11/15/2017 | 12/28/2012 |
| RANDY | THOMAS | JOHNSON | 11/2/2017 | 12/15/2012 |
| SHANELLE | | JOHNSON | 11/9/2017 | 12/22/2012 |
| VIRGINIA | LUCILLE | JOHNSON | 12/12/2017 | 1/24/2013 |
| WINSTON | | JOHNSON | 10/25/2017 | 12/7/2012 |
| ANTOINETTE | | JONES | 11/7/2017 | 12/20/2012 |
| AUGUST | CALVIN | JONES | 11/3/2017 | 12/16/2012 |
| COTIQUE | | JONES | 12/12/2017 | 1/24/2013 |
| JOY | LYNN | JONES | 10/25/2017 | 12/7/2012 |
| LAURA | ANNE | JONES | 12/12/2017 | 1/24/2013 |
| LYDIA | | JONES | 10/23/2017 | 12/5/2012 |
| RANDI | | JONES | 12/7/2017 | 1/19/2013 |
| KIMBERLEY | DAWN | JORDAN | 4/18/2018 | 5/31/2013 |
| TERRY | LYNN | KAMIEN | 11/9/2017 | 12/22/2012 |
| DEE | ANN | KARACIA | 11/21/2017 | 1/3/2013 |
| DIMITRIOS | | KARAISKOS | 10/17/2017 | 11/29/2012 |
| THERESA | SUMMER | KARLIK | 12/4/2017 | 1/16/2013 |
| NICOLE | CATRINIA | KARN | 11/17/2017 | 12/30/2012 |
| BUSABA | | KARNTAKOSOL | 11/3/2017 | 12/16/2012 |
| KAREN | MARIE | KATZ | 11/21/2017 | 1/3/2013 |
| CHERIE | | KAZEMAINI | 11/15/2017 | 12/28/2012 |
| VALERIE | JEAN | KEENEY | 12/15/2016 | 7/17/2012 |
| ADRIA | C | KELLY | 11/2/2017 | 12/15/2012 |
| KATHLEEN | | KELLY | 12/8/2017 | 1/20/2013 |
| ANNICK | LOUISETTE JULIETTE | KENNEDY | 11/17/2017 | 12/30/2012 |
| CARRIE | | KENNEDY | 11/7/2017 | 12/20/2012 |
| TOBY | MELVILLE | KENNEDY | 10/25/2017 | 12/7/2012 |
| TONYA | | KENNEDY-VINCENT | 10/25/2017 | 12/7/2012 |
| LORETTA | | KENT | 10/23/2017 | 12/5/2012 |
| STACEY | | KETCHAM | 11/7/2017 | 12/20/2012 |
| JANN | BRISSON | KHABAZ | 11/7/2017 | 12/20/2012 |
| IRSHAD | | KHAN | 11/2/2017 | 12/15/2012 |
| SHAMSI | S | KHATAMI | 11/9/2017 | 12/22/2012 |
| MUSYA | | KHRAPKO | 11/9/2017 | 12/22/2012 |
| MARI-ALISON | | KIELY | 11/6/2017 | 12/19/2012 |
| PAMELA | ANN | KIMBRELL | 11/30/2017 | 1/12/2013 |
| CHRISTINE | E | KING | 11/21/2017 | 1/3/2013 |
| LINDA | J | KING | 12/21/2017 | 2/2/2013 |
| SANDRA | LEE | KING | 12/7/2017 | 1/19/2013 |
| KELLI | SHURI | KIRBY | 10/20/2017 | 12/2/2012 |
| WENDY | | KLASS | 11/9/2017 | 12/22/2012 |
| BRUCE | | KLEIN | 10/23/2017 | 12/5/2012 |
| ROSS | MICHAEL | KLEIST | 12/21/2017 | 2/2/2013 |
| NANCY | ANN | KLOSKY-STIMAC | 12/21/2017 | 2/2/2013 |
| CRYSTAL | MAE | KNAPPENBERGER | 11/21/2017 | 1/3/2013 |

| THOMAS | F | KNUTSON | 10/25/2017 | 12/7/2012 |
|---|---|---|---|---|
| JULIE | KATHLEEN | KOBES | 12/12/2017 | 1/24/2013 |
| IRMA | LAURA | KOEPKE | 10/27/2017 | 12/9/2012 |
| KONSTANTIN | | KONSTANTINOV | 10/23/2017 | 12/5/2012 |
| NATASHA | LYNN | KORSKO | 12/8/2017 | 1/20/2013 |
| LAURA | LYN | KORTE | 11/9/2017 | 12/22/2012 |
| MARIANNE | E | KOSLOSKY | 11/17/2017 | 12/30/2012 |
| ALBERT | JOSEPH | KRAENZLEIN II | 11/2/2017 | 12/15/2012 |
| GARY | MICHAEL | KRAUSS | 10/17/2017 | 11/29/2012 |
| GEORGIA | N | KRITIKOS | 10/25/2017 | 12/7/2012 |
| COLLEEN | R | KUEHL | 12/8/2017 | 1/20/2013 |
| HEATHER | RENEE | KUHLMAN | 11/2/2017 | 12/15/2012 |
| MAX | MIRAN AYSE | KURUFIK | 10/18/2017 | 11/30/2012 |
| SHAUN | THOMAS | LABOUNTY | 10/25/2017 | 12/7/2012 |
| LISSETTE | | LABOY | 12/8/2017 | 1/20/2013 |
| KAREN | MARIE | LACCA | 10/25/2017 | 12/7/2012 |
| BRIAN | PATRICK | LADD | 11/2/2017 | 12/15/2012 |
| MILES | JEROME | LAGERGREN | 12/7/2017 | 1/19/2013 |
| MICHELLE | | LAKE | 11/2/2017 | 12/15/2012 |
| CHI | HON | LAM | 10/17/2017 | 11/29/2012 |
| CARMEN | DIANE | LANE | 10/25/2017 | 12/7/2012 |
| JESSICA | CHAPIN | LANINGHAM | 10/23/2017 | 12/5/2012 |
| REBECCA | JEAN | LANTHIER | 11/6/2017 | 12/19/2012 |
| GLORIA | STARR | LAPERLE | 11/21/2017 | 1/3/2013 |
| CHAD | | LARSEN | 11/17/2017 | 12/30/2012 |
| BECKY | L | LARSON | 11/30/2017 | 1/12/2013 |
| MATTHEW | ROBERT | LAUNT | 12/7/2017 | 1/19/2013 |
| TROY | R | LAWRENCE | 11/3/2017 | 12/16/2012 |
| KRISTIN | MARGARET | LEARY | 11/17/2016 | 6/19/2012 |
| DONNA | S | LEE | 10/19/2017 | 12/1/2012 |
| JASON | | LEE | 11/9/2017 | 12/22/2012 |
| JIMMIE | | LEISTIKO | 12/27/2017 | 2/8/2013 |
| TERRANCE | CARL | LEITZ | 11/28/2017 | 1/10/2013 |
| JENNIFER | | LEMOINE | 10/25/2017 | 12/7/2012 |
| PAMELA | MARIE | LETIZIO | 10/25/2017 | 12/7/2012 |
| CORRIE | ANNE | LETOURNEAU | 10/25/2017 | 12/7/2012 |
| ANABEL | | LEVESQUE | 10/25/2017 | 12/7/2012 |
| CLAUDE | ALEX | LEWIS | 11/21/2017 | 1/3/2013 |
| KIM | MARIE | LIENHARD | 11/2/2017 | 12/15/2012 |
| LYLLE | | LIGGETT | 11/21/2017 | 1/3/2013 |
| SPRING | FLOWER | LINDSEY | 11/7/2017 | 12/20/2012 |
| KATHLEEN | LONG | LIPINSKI | 12/4/2017 | 1/16/2013 |
| KATHLEEN | | LISI | 12/12/2017 | 1/24/2013 |
| JILL | | LOCHREN | 3/8/2018 | 4/20/2013 |
| JULIET | ROSE | LOCKWOOD | 12/27/2017 | 2/8/2013 |
| VANESSA | | LOESCH | 10/25/2017 | 12/7/2012 |
| MICHAEL | | LOGIUDICE | 11/15/2016 | 6/17/2012 |
| JACQUELINE | | LOGRANDE | 11/2/2017 | 12/15/2012 |
| REBECCA | ANN | LONG | 10/23/2017 | 12/5/2012 |

| | | | | |
|---|---|---|---|---|
| SHAWNNA | M | LOOP | 11/13/2017 | 12/26/2012 |
| BLANCA | ESTALA | LOPEZ | 11/7/2017 | 12/20/2012 |
| CHRISTOPHER | | LOPEZ-WOLFE | 11/2/2017 | 12/15/2012 |
| JACQUELINE | KAREN | LORD | 11/13/2017 | 12/26/2012 |
| RAYMOND | | LOTHIAN | 11/13/2017 | 12/26/2012 |
| PEGGY | JEAN | LOVE BAINES | 12/7/2017 | 1/19/2013 |
| SANDRA | L | LOVELESS | 12/4/2017 | 1/16/2013 |
| ELIZABETH-ANNE | | LOVELL | 11/7/2017 | 12/20/2012 |
| DAVID | MICHAEL | LOWMAN | 10/23/2017 | 12/5/2012 |
| JUAN | RAY | LOZANO | 10/25/2017 | 12/7/2012 |
| DEREK | VINCENT | LUCAS | 10/17/2017 | 11/29/2012 |
| LORI | ANN | LUDWICK | 11/2/2017 | 12/15/2012 |
| JOYCE | M | LUDWIKOWSKI | 10/25/2017 | 12/7/2012 |
| CONSTANCE | COOK | LURRY | 10/25/2017 | 12/7/2012 |
| NATALIE | DAWN | LYNCH | 12/21/2017 | 2/2/2013 |
| BRANDON | NATHAN | MACCUMBEE | 11/15/2017 | 12/28/2012 |
| EVELIN | N | MACIAS | 11/2/2017 | 12/15/2012 |
| RAYMOND | MARK | MALADOWITZ | 12/15/2016 | 7/17/2012 |
| MIA | MARIE | MALAY | 12/8/2017 | 1/20/2013 |
| AUGUST | J | MALECHA | 12/4/2017 | 1/16/2013 |
| ALEXA | LYNN | MALINOWSKI | 11/2/2017 | 12/15/2012 |
| WILLIAM | J | MALONE JR | 11/9/2017 | 12/22/2012 |
| GUERDA | | MALVOISIN | 12/23/2016 | 7/25/2012 |
| LISA | KAY | MANNING | 11/7/2017 | 12/20/2012 |
| MARIA | | MANTOPOULOS | 11/1/2017 | 12/14/2012 |
| MAYRA | LUZ | MARIN | 10/18/2017 | 11/30/2012 |
| RACHEL | ROSE | MARINE | 12/8/2017 | 1/20/2013 |
| BERNADETTE | MARIE | MARRY | 12/23/2016 | 7/25/2012 |
| LORETTA | | MARSELLE | 10/23/2017 | 12/5/2012 |
| LAURA | MARIE | MARSH | 11/1/2017 | 12/14/2012 |
| MICHAEL | LEROY | MARSHALL | 10/25/2017 | 12/7/2012 |
| NICOLE | MONIQUE | MARSHALL | 10/25/2017 | 12/7/2012 |
| DIANE | L | MARTIN | 10/25/2017 | 12/7/2012 |
| MICHAEL | JERMAINE | MARTIN | 12/8/2017 | 1/20/2013 |
| PATRICK | C | MARTIN | 12/4/2017 | 1/16/2013 |
| ROSEMARY | DELENE | MARTIN | 11/7/2017 | 12/20/2012 |
| SHANE | TYLER | MARTIN | 10/18/2017 | 11/30/2012 |
| MONICA | S | MARTIN SCOTT | 2/15/2017 | 9/17/2012 |
| RAMON | | MARTINEZ | 11/6/2017 | 12/19/2012 |
| DOROTHY | K | MASK | 12/21/2017 | 2/2/2013 |
| SEAN | CHRISTOPHER | MATCHETT | 12/8/2017 | 1/20/2013 |
| CHARMAINE | | MATTHIAS | 11/9/2017 | 12/22/2012 |
| ROSIE | M | MAYBERRY | 11/6/2017 | 12/19/2012 |
| OCTAVIO | R RAY | MAYER | 10/25/2017 | 12/7/2012 |
| SELINA | LUCILLE | MAYES | 11/13/2017 | 12/26/2012 |
| MICHELE | | MAZZA | 10/25/2017 | 12/7/2012 |
| EBONICK | A | MCALLISTER (YORRICK) | 10/27/2017 | 12/9/2012 |
| BERNADETTE | | MCBRIDE | 11/2/2017 | 12/15/2012 |
| SUSAN | E | MCCLAIN | 11/2/2017 | 12/15/2012 |

| | | | | |
|---|---|---|---|---|
| JAMES | ANDREW | MCCONNELL | 10/25/2017 | 12/7/2012 |
| KEVIN | | MCCORMACK | 11/2/2017 | 12/15/2012 |
| CARRIE | COLLINS | MCCUE | 10/24/2017 | 12/6/2012 |
| DEBRA | ANN | MCGANN | 11/17/2017 | 12/30/2012 |
| LUANNE | B. | MCGEE | 10/23/2017 | 12/5/2012 |
| RICHARD | PAUL | MCGILL | 10/23/2017 | 12/5/2012 |
| VERONDA | KAY | MCGOWEN | 12/8/2017 | 1/20/2013 |
| EILEEN | WOLF | MCHENRY | 10/25/2017 | 12/7/2012 |
| CHARLOTTE | | MCKAY | 12/15/2017 | 1/27/2013 |
| ELIZABETH | ANN | MCKENNA | 10/25/2017 | 12/7/2012 |
| KATARA | FERLANDRIA | MCKENZIE | 12/7/2017 | 1/19/2013 |
| NORMA | | MCKENZIE | 3/10/2014 | 3/11/2011 |
| KIRK | PRESCOTT | MCKINLEY | 11/17/2017 | 12/30/2012 |
| DAVID | JOHNSON | MCKINNEY | 10/25/2017 | 12/7/2012 |
| PATRICIA | LYNN | MCMANUS | 11/9/2017 | 12/22/2012 |
| ASHLEY | PATRICE | MCMILLIAN | 11/9/2017 | 12/22/2012 |
| MICHELLE | ADINE | MCNEELEY | 11/17/2017 | 12/30/2012 |
| MICHAEL | | MCQUEEN | 10/25/2017 | 12/7/2012 |
| EMMANUEL | | MEDINA | 11/30/2017 | 1/12/2013 |
| SHARON | | MEDORO | 12/4/2017 | 1/16/2013 |
| ANGEL | GUIDO | MELENDEZ | 12/4/2017 | 1/16/2013 |
| VERNIA | S | MELIUS | 10/25/2017 | 12/7/2012 |
| CHELSEA | VAN NAHAM | MENDEZ | 6/12/2018 | 7/25/2013 |
| BEATRIZ | A | MENDOZA DE HOYOS | 11/9/2017 | 12/22/2012 |
| LYNN | TERESA | MENTH | 12/8/2017 | 1/20/2013 |
| DIANNE | KAYE | MERCER | 11/6/2017 | 12/19/2012 |
| ELYSE | MARY | MESSIER | 11/3/2017 | 12/16/2012 |
| JAMES | PAUL | MICHAEL | 11/28/2017 | 1/10/2013 |
| KAREN | ANN | MICHAEL | 11/9/2017 | 12/22/2012 |
| MARTHA | W. | MILLARD | 10/23/2017 | 12/5/2012 |
| JUNIOR | SYLVESTER | MILLER | 10/23/2017 | 12/5/2012 |
| KATHLEEN | M | MILLER | 12/8/2017 | 1/20/2013 |
| PAULA | | MILLER | 11/15/2017 | 12/28/2012 |
| SCOTT | M | MILLER | 12/8/2017 | 1/20/2013 |
| DOUGLAS | | MILLS | 12/4/2017 | 1/16/2013 |
| SANDRA | E | MINOR | 10/25/2017 | 12/7/2012 |
| ROSEMARIE | | MINTON | 11/2/2017 | 12/15/2012 |
| DONNA | MARIE | MITAYNES | 11/9/2017 | 12/22/2012 |
| WILLIAM | TODD | MITCHELL | 10/25/2017 | 12/7/2012 |
| VANESSA | | MOLINA | 11/2/2017 | 12/15/2012 |
| PATRICIA | K | MOLISEE REZMANN | 12/18/2017 | 1/30/2013 |
| FLOYD | EARL | MONCRIEF | 10/25/2017 | 12/7/2012 |
| DIANE | MARIE | MONIZ | 10/17/2017 | 11/29/2012 |
| LAURICIA | | MONTANE | 12/15/2017 | 1/27/2013 |
| GRICELDA | ZUMILA | MONTANO | 10/25/2017 | 12/7/2012 |
| CHRISTOPHER | | MONTEMAYOR | 11/21/2017 | 1/3/2013 |
| MICHAEL | | MONTGOMERY | 11/9/2017 | 12/22/2012 |
| MARGARITA | M | MONTOYA | 12/12/2017 | 1/24/2013 |
| NICOLE | ELIZABETH YVETTE | MONTS | 10/18/2017 | 11/30/2012 |

| | | | | |
|---|---|---|---|---|
| EVERTON | G | MOORE | 11/2/2017 | 12/15/2012 |
| JULIUS | | MOORE | 10/25/2017 | 12/7/2012 |
| VEDA | LAJUAN | MOORE | 10/27/2017 | 12/9/2012 |
| RUTH | | MORCUS | 11/6/2017 | 12/19/2012 |
| LEANN | | MORRIS | 10/25/2017 | 12/7/2012 |
| TAMIKA | | MORRISON | 11/6/2017 | 12/19/2012 |
| SHARITA | DENISE | MOSES | 11/21/2017 | 1/3/2013 |
| ARLENIA | | MOSS | 12/8/2017 | 1/20/2013 |
| DAYAN | | MOTOLINIA | 10/18/2017 | 11/30/2012 |
| JOLYN | ELIZABETH | MOTT | 11/2/2017 | 12/15/2012 |
| KAREN | MARIE | MOUTON | 12/12/2017 | 1/24/2013 |
| JANICE | | MUCE | 12/8/2017 | 1/20/2013 |
| GREG | | MUHLIG | 10/25/2017 | 12/7/2012 |
| DEBRA | S | MULLEN | 11/6/2017 | 12/19/2012 |
| ADA | | MUNCIL | 10/19/2017 | 12/1/2012 |
| GILBERTO | | MUNOZ JR | 11/2/2017 | 12/15/2012 |
| ARTURO | | MURGA NEVAREZ | 11/15/2017 | 12/28/2012 |
| ERIN | LYNN | MURPHY | 11/28/2017 | 1/10/2013 |
| DONNA | M | MURRAY | 11/21/2017 | 1/3/2013 |
| JAMIE | LYNN | MURRAY | 11/9/2017 | 12/22/2012 |
| NADIA | | MURRAY | 11/1/2017 | 12/14/2012 |
| SAM | | MURRAY JR | 11/3/2017 | 12/16/2012 |
| PHILLIP | GEORGE | MYERS | 12/4/2017 | 1/16/2013 |
| SHARITAH | | NAMALE | 12/4/2017 | 1/16/2013 |
| ELIZABETH | V | NARVAEZ | 11/17/2017 | 12/30/2012 |
| CHRIS | JAMAL | NELSON | 11/7/2017 | 12/20/2012 |
| ALICIA | DAWN | NEWMAN | 11/21/2017 | 1/3/2013 |
| BAO | | NGUYEN | 11/13/2017 | 12/26/2012 |
| THIEN | HOANG | NGUYEN | 10/23/2017 | 12/5/2012 |
| NICOLA | | NICHOL-DOWNER | 11/3/2017 | 12/16/2012 |
| AUDREY | | NICHOLS | 11/15/2017 | 12/28/2012 |
| CRYSTAL | R | NICHOLS | 11/7/2017 | 12/20/2012 |
| KRISTA | MARIE | NICOSIA | 11/17/2017 | 12/30/2012 |
| MOANNA | NINZ | NIETTO | 11/7/2017 | 12/20/2012 |
| KELLY | ANN | NODINE | 11/13/2017 | 12/26/2012 |
| TAMARA | ANN | NORDBY | 3/8/2018 | 4/20/2013 |
| ALBERTO | | NOVA | 11/9/2017 | 12/22/2012 |
| HALEY | DENISE | NUBEL | 11/7/2017 | 12/20/2012 |
| SAIMAR | | NUNEZ PEREZ | 11/6/2017 | 12/19/2012 |
| CANDICE | | NYAN | 12/15/2016 | 7/17/2012 |
| JANET | K | NYITRAY | 12/13/2017 | 1/25/2013 |
| MAUREEN | PATRICIA | O'BRIEN | 11/15/2017 | 12/28/2012 |
| SEAN | PATRICK | O'BRIEN | 11/6/2017 | 12/19/2012 |
| RICHARD | | O'CONNOR | 11/23/2016 | 6/25/2012 |
| SHAWN | R | O'CONNOR | 10/25/2017 | 12/7/2012 |
| MARIA | | OBUKHOVSKI | 12/13/2017 | 1/25/2013 |
| MELISSA | | OCHOCKI | 2/2/2017 | 9/4/2012 |
| PATRICIA | RUST | OGBURN | 11/2/2017 | 12/15/2012 |
| VICTOR | O | OJOMO | 11/15/2017 | 12/28/2012 |

| RHONDA | J | OLDS | 10/25/2017 | 12/7/2012 |
|---|---|---|---|---|
| ALVIN | N | OLIVER | 12/7/2017 | 1/19/2013 |
| SANTINKA | ADIA | OLIVER | 12/4/2017 | 1/16/2013 |
| GRISELL | | OLSEN | 11/6/2017 | 12/19/2012 |
| LARRY | | ONALAJA | 10/25/2017 | 12/7/2012 |
| TAIWO | A | ONIJESIKU | 11/2/2017 | 12/15/2012 |
| JEFFREY | LOUIS | ORTINO | 10/17/2017 | 11/29/2012 |
| AIDA ISABEL | GARCIA DE QUEREDO | ORTIZ | 12/4/2017 | 1/16/2013 |
| JOSEPH | | ORTIZ | 12/8/2017 | 1/20/2013 |
| OLUWAFEMI | O | OSEWA | 11/3/2017 | 12/16/2012 |
| SHAZAD | | OSMAN | 12/1/2017 | 1/13/2013 |
| THOMAS | ARTHUR | OSWALD | 11/21/2017 | 1/3/2013 |
| MICHELLE | | OWENS | 11/13/2017 | 12/26/2012 |
| IRENE | | PADILLA | 11/3/2017 | 12/16/2012 |
| MARGARITA | | PADILLA ROBLES | 11/2/2017 | 12/15/2012 |
| GLORIMAR | | PAGAN | 11/3/2017 | 12/16/2012 |
| MARYANN | | PAGANO | 11/2/2017 | 12/15/2012 |
| VALENCIA | A | PAGSON | 11/17/2017 | 12/30/2012 |
| MARTHA | RYAN | PAPAS | 12/12/2017 | 1/24/2013 |
| BEATA | | PARDA | 11/17/2017 | 12/30/2012 |
| DEBRA | PHILLIPS | PARDO | 10/19/2017 | 12/1/2012 |
| ELYSSA | | PARE | 11/21/2017 | 1/3/2013 |
| LORI | ANN | PARSONSON | 10/17/2017 | 11/29/2012 |
| DELORIS | B | PARTLOW | 11/2/2017 | 12/15/2012 |
| ANTHONY | THOMAS | PASSINI | 11/17/2017 | 12/30/2012 |
| LIA | S | PASTORINO | 12/8/2017 | 1/20/2013 |
| BHARTI | | PATEL | 12/21/2017 | 2/2/2013 |
| JESSICA | | PAVELKA | 11/2/2017 | 12/15/2012 |
| CHRISTOPHER | ANDY | PAYANO | 10/17/2017 | 11/29/2012 |
| CHRISTINA | MARIE | PELUSO | 11/3/2017 | 12/16/2012 |
| NOEMI | | PENA | 11/3/2017 | 12/16/2012 |
| CHARLENE | MARIA | PENLAND | 10/25/2017 | 12/7/2012 |
| BARBARA | A | PENNEWELL | 12/4/2017 | 1/16/2013 |
| JOHN | | PERCOCO | 12/26/2017 | 2/7/2013 |
| DIOSAMNIS | | PEREZ | 12/13/2017 | 1/25/2013 |
| INEZ | | PEREZ | 10/25/2017 | 12/7/2012 |
| BENJAMIN | | PEREZ JR | 3/8/2018 | 4/20/2013 |
| KIMBERLY | | PERKINS | 10/18/2017 | 11/30/2012 |
| STEPHEN | | PERLMAN | 12/4/2017 | 1/16/2013 |
| MISHELLE | | PERSAUD | 10/25/2017 | 12/7/2012 |
| LEE | ANDREW | PETERS | 10/20/2017 | 12/2/2012 |
| MICHAEL | EZELL | PETTET | 12/12/2017 | 1/24/2013 |
| STEVEN | EUGENE | PHILLIPS | 11/9/2017 | 12/22/2012 |
| LILY | | PICKELL | 10/25/2017 | 12/7/2012 |
| ASHLEY | RENEE | PICKETT | 11/13/2017 | 12/26/2012 |
| MARIA | | PIECHOCKI | 11/3/2017 | 12/16/2012 |
| NANCY | ANN | PIETRZAK | 10/25/2017 | 12/7/2012 |
| THOMAS | M | PINETTE MARTIN | 10/25/2017 | 12/7/2012 |
| GIANFRANCO | | PIROLO | 6/20/2014 | 6/21/2011 |

| | | | | |
|---|---|---|---|---|
| SUSAN | DAWN | PITMAN | 11/9/2017 | 12/22/2012 |
| CASPER | DAVID | PITTS JR | 10/25/2017 | 12/7/2012 |
| PAMELA | SUSAN | POGGIALI | 11/2/2017 | 12/15/2012 |
| LEAH | ALEXANDRIA | POLLACK | 1/8/2018 | 2/20/2013 |
| JEANETTE | SUSAN | POLZIN | 10/23/2017 | 12/5/2012 |
| CELITA | | POPE-CHRISTMAN | 12/12/2017 | 1/24/2013 |
| MIRANDA | LEIGH | PORTERFIELD | 12/8/2017 | 1/20/2013 |
| MARY | LYNNE | PORTO | 11/6/2017 | 12/19/2012 |
| RICHARD | ALEXANDER | POSADA | 11/28/2017 | 1/10/2013 |
| DUANE | MICHAEL | POSEY | 10/25/2017 | 12/7/2012 |
| MATTHEW | BRANDON | POTTER | 11/9/2017 | 12/22/2012 |
| BRIDGET | COLETTE | POUGES | 12/13/2017 | 1/25/2013 |
| JOSEPHINE | | POWELL | 12/4/2017 | 1/16/2013 |
| TALORIA | YVONNE | PRATHER | 11/13/2017 | 12/26/2012 |
| JAMES | LOUIS | PRESTON | 12/8/2017 | 1/20/2013 |
| JANICE | HUMPHREY | PRIDGEN | 11/30/2017 | 1/12/2013 |
| CONNIE | | PRIEST | 10/25/2017 | 12/7/2012 |
| KAREN | ELIZABETH | PROY (PHILLIPS) | 11/17/2017 | 12/30/2012 |
| MARIA | | PRUDENTE | 10/25/2017 | 12/7/2012 |
| SHERRY | LACHELLE | PUGH | 12/12/2017 | 1/24/2013 |
| ANN | CLAUDETTE | PYTEL | 12/4/2017 | 1/16/2013 |
| GEORGE | L | QUICK | 10/17/2017 | 11/29/2012 |
| JOHANYS | | QUILES | 10/18/2017 | 11/30/2012 |
| BELINDA | MARIALUISA | QUINTANA | 11/9/2017 | 12/22/2012 |
| STACY | MARIE | RAASCH | 10/25/2017 | 12/7/2012 |
| JASON | PETER | RAJKOVICH | 11/15/2017 | 12/28/2012 |
| ROSEANNA | FARIDA | RAMDASS | 12/4/2017 | 1/16/2013 |
| ANGELA | G | RAMIREZ | 2/10/2014 | 2/11/2011 |
| LUIS | ALBERTO | RAMIREZ | 11/9/2017 | 12/22/2012 |
| BRITTNEY | NICHOLE | RAMOS | 12/4/2017 | 1/16/2013 |
| DIANE | T | RAMOS | 11/17/2017 | 12/30/2012 |
| KAREEN | | RANDON-SHEHU | 12/4/2017 | 1/16/2013 |
| JACOB | | RANNEY | 12/4/2017 | 1/16/2013 |
| DERRIEL | ALLEN | RAPP | 12/4/2017 | 1/16/2013 |
| HENDRA | M | RAY | 11/21/2017 | 1/3/2013 |
| KAREN | | RAZZETTI-GIAIMIS | 2/19/2014 | 2/20/2011 |
| VERNON | | READUS | 11/9/2017 | 12/22/2012 |
| CANDYCE | JEAN | REED | 11/3/2017 | 12/16/2012 |
| PATTIE | | REED | 3/8/2018 | 4/20/2013 |
| ARIANA | RAE | REILLY | 11/2/2017 | 12/15/2012 |
| ANGELA | HELENE | RENKAS | 11/13/2017 | 12/26/2012 |
| RENATA | DE OLIVEIRA | RESTUCCIA | 10/20/2017 | 12/2/2012 |
| ANDREW | MATTHEW | REYES | 12/12/2017 | 1/24/2013 |
| ROBIN | ARLENE | REYNOLDS | 10/25/2017 | 12/7/2012 |
| BOBBIE | MICHELE | RICE | 11/28/2017 | 1/10/2013 |
| MARY | JANE | RICH | 10/25/2017 | 12/7/2012 |
| PATRICIA | | RICHARDSON | 10/25/2017 | 12/7/2012 |
| AUSTIN | | RICKARD | 11/9/2017 | 12/22/2012 |
| JEFFREY | | RIDDAGH | 10/25/2017 | 12/7/2012 |

| | | | | |
|---|---|---|---|---|
| HOLLY | E | RIGGS | 11/2/2017 | 12/15/2012 |
| JANICE | L | RILEY | 11/3/2017 | 12/16/2012 |
| PATTI | J | RILEY | 12/13/2017 | 1/25/2013 |
| CHERYL | B | RIMSTAD | 11/7/2017 | 12/20/2012 |
| ALMA | LETICIA | RIOJAS | 12/7/2017 | 1/19/2013 |
| CAROL | LOUISE | RISHELL | 11/2/2017 | 12/15/2012 |
| A. G. | | RIVERA | 12/4/2017 | 1/16/2013 |
| ADRIENNE | JOYCE | RIVERA | 11/17/2017 | 12/30/2012 |
| JOSE | J | RIVERA | 11/3/2017 | 12/16/2012 |
| YATHIRA | SANTINI | RIVERA | 12/13/2017 | 1/25/2013 |
| ANTONIO | JOSE | RIVERA DELEON | 12/13/2017 | 1/25/2013 |
| SYED | SAAD | RIZVI | 12/27/2017 | 2/8/2013 |
| EDWYNNA | MARIE | ROACH | 10/17/2017 | 11/29/2012 |
| JACQUELINE | RENEE | ROACH | 10/19/2017 | 12/1/2012 |
| BRENDA | ANN | ROBERTS | 11/13/2017 | 12/26/2012 |
| CAROLYN | MARY | ROBERTS | 12/1/2017 | 1/13/2013 |
| CELINA | H | ROBERTS | 12/17/2013 | 12/18/2010 |
| DECODA | A | ROBERTS | 11/21/2017 | 1/3/2013 |
| MARC | LOUIS | ROBERTS | 11/21/2016 | 6/23/2012 |
| MARTINEZ | | ROBERTS | 10/25/2017 | 12/7/2012 |
| TERRI-ANN | | ROBERTS | 11/9/2017 | 12/22/2012 |
| WILLIAM | CHARLES | ROBERTS | 10/25/2017 | 12/7/2012 |
| CRYSTAL | ANN | ROBINSON | 10/25/2017 | 12/7/2012 |
| GENE | DAVID | ROBINSON | 11/15/2017 | 12/28/2012 |
| SARA | JORDYN | ROCKEFELLER | 11/9/2017 | 12/22/2012 |
| ANTONIO | | RODRIGUEZ | 11/2/2017 | 12/15/2012 |
| HUGO | | RODRIGUEZ | 11/15/2017 | 12/28/2012 |
| JEFFREY | | RODRIGUEZ | 12/8/2017 | 1/20/2013 |
| MARCOS | | RODRIGUEZ | 11/13/2017 | 12/26/2012 |
| MELISSA | | RODRIGUEZ | 11/2/2017 | 12/15/2012 |
| MARINA | BEATRICE | ROESSELET | 12/4/2017 | 1/16/2013 |
| MICHAEL | JAMES | ROGERS | 12/8/2017 | 1/20/2013 |
| MONICA | | ROGERS | 11/13/2017 | 12/26/2012 |
| MARGARITA | | ROMAN | 11/17/2017 | 12/30/2012 |
| KELLY | | ROMANINI | 10/23/2017 | 12/5/2012 |
| JOANNA | PATRICE | ROMEO | 12/12/2017 | 1/24/2013 |
| TAMMY | | ROMEO | 11/2/2017 | 12/15/2012 |
| DEBORAH | S | RONALD | 11/9/2017 | 12/22/2012 |
| KEITH | LANDRUM | ROPER | 12/13/2017 | 1/25/2013 |
| JOSEPH | FRANCIS | ROSE | 11/15/2017 | 12/28/2012 |
| WENDY | FAITH | ROTH | 10/25/2017 | 12/7/2012 |
| SHELLY | GARDNER | ROTHHAAR | 10/25/2017 | 12/7/2012 |
| PATRICIA | D | ROYSTER | 12/8/2017 | 1/20/2013 |
| BETTY | ELAINE | RUBEN | 11/6/2017 | 12/19/2012 |
| IRMA | E | RUNDGREN | 11/2/2017 | 12/15/2012 |
| WALTER | J | RUSSELL | 11/30/2017 | 1/12/2013 |
| MAUREEN | MARIE | RUSSO | 10/23/2017 | 12/5/2012 |
| VIRGINIA | J | RUTAN | 11/13/2017 | 12/26/2012 |
| CAROL | A | RYAN | 11/15/2017 | 12/28/2012 |

| | | | | |
|---|---|---|---|---|
| GAYANE | | SAAKIAN | 11/2/2017 | 12/15/2012 |
| LISA | | SADDIG | 12/4/2017 | 1/16/2013 |
| JOLIONA | GRAY | SAFER | 11/17/2017 | 12/30/2012 |
| DINA | | SAIET | 11/21/2017 | 1/3/2013 |
| LINA | | SALAH | 10/25/2017 | 12/7/2012 |
| CARLOS | | SALAS | 11/6/2017 | 12/19/2012 |
| STACEY | JEAN | SALBERG | 10/25/2017 | 12/7/2012 |
| KIMBERLY | ROSE | SALIJOSKI | 10/23/2017 | 12/5/2012 |
| JANET | LYNN | SALTZ | 11/6/2017 | 12/19/2012 |
| DANIEL | | SALVADORI | 11/7/2017 | 12/20/2012 |
| KRISTEN | | SAMPLE | 11/2/2017 | 12/15/2012 |
| ROSHINA | HANEEFAH | SAMUELS | 10/25/2017 | 12/7/2012 |
| CATHERINE | | SANCHEZ | 11/9/2017 | 12/22/2012 |
| IRMA | LINDA | SANCHEZ | 12/12/2017 | 1/24/2013 |
| KARINA | | SANCHEZ | 12/14/2017 | 1/26/2013 |
| TANYA | RENEE | SANDERS | 10/25/2017 | 12/7/2012 |
| SANDRA | M | SANKEY-EDWARDS | 10/25/2017 | 12/7/2012 |
| DORIS | I | SANTIAGO PEREZ | 10/25/2017 | 12/7/2012 |
| LADY | D | SANTILLAN | 2/10/2014 | 2/11/2011 |
| VICTORIA | A | SAVAGE | 11/9/2017 | 12/22/2012 |
| ALFRED | | SCACCETTI | 12/4/2017 | 1/16/2013 |
| MARY | VIRGINIA | SCARLETT | 10/23/2017 | 12/5/2012 |
| JOHN | DAVID | SCHADT | 11/9/2017 | 12/22/2012 |
| JEFFERY | ALBERT | SCHAFFER | 10/17/2017 | 11/29/2012 |
| JESSICA | CATHERINE | SCHALLHORN | 10/25/2017 | 12/7/2012 |
| EDWARD | | SCHERL | 12/12/2017 | 1/24/2013 |
| JEFFREY | SCOTT | SCHIELKE | 11/6/2017 | 12/19/2012 |
| MADY | BETH | SCHIFFER | 11/15/2017 | 12/28/2012 |
| JANICE | F. | SCHIRK (FORMERLY DUELL) | 10/23/2017 | 12/5/2012 |
| KATHERINE | | SCHLEITER | 10/23/2017 | 12/5/2012 |
| ANDREA | JO | SCHLEMME | 11/21/2017 | 1/3/2013 |
| MICHAEL | ROBERT | SCHLICHTING | 11/15/2017 | 12/28/2012 |
| BEVERLY | | SCHMIEDER | 10/17/2017 | 11/29/2012 |
| LISA | MARIE | SCHOENTHAL | 12/12/2017 | 1/24/2013 |
| ROSINA | | SCHULERUD | 11/6/2017 | 12/19/2012 |
| CHRISTINE | MARIE | SCHWANDER | 10/25/2017 | 12/7/2012 |
| STEVEN | LAWRENCE | SCHWARTZ | 12/23/2016 | 7/25/2012 |
| ANTHONY | | SCIOTTO | 12/20/2013 | 12/21/2010 |
| GANZ | M | SCOTT | 10/25/2017 | 12/7/2012 |
| KENYATTA | DERON | SCOTT | 10/25/2017 | 12/7/2012 |
| APRIL | IRENE MICHELLE | SEABROOK | 11/17/2017 | 12/30/2012 |
| TORRI | | SEAY | 10/19/2017 | 12/1/2012 |
| DARLA | MARIE | SEBBENS | 11/2/2017 | 12/15/2012 |
| MELISSA | ANN | SEGURA | 11/15/2017 | 12/28/2012 |
| DIANA | C | SERRATO | 10/20/2017 | 12/2/2012 |
| FLORA | | SETAYESH | 10/25/2017 | 12/7/2012 |
| EUGENE | | SEXTON | 11/17/2017 | 12/30/2012 |
| SEYED | YASHAR | SHAYESTEH | 10/25/2017 | 12/7/2012 |
| DAVID | W | SHIRLEY | 11/3/2017 | 12/16/2012 |

| | | | | |
|---|---|---|---|---|
| SHERESE | | SHORTER | 11/9/2017 | 12/22/2012 |
| KATHARINE | HILL | SHUMAKER | 11/13/2017 | 12/26/2012 |
| HOLLY | VERNA | SHURICK | 11/30/2017 | 1/12/2013 |
| JOSEPH | O. | SIDELINGER JR. | 10/23/2017 | 12/5/2012 |
| TRACY | LYNN | SIMMONS | 12/4/2017 | 1/16/2013 |
| LORI | ANN | SINDA | 10/25/2017 | 12/7/2012 |
| LANA | JEAN | SINISKO | 11/3/2017 | 12/16/2012 |
| JOANNE | MARIE | SKALBA | 11/9/2017 | 12/22/2012 |
| NICOLE | S | SKERVIN | 11/21/2017 | 1/3/2013 |
| LESLIE | ANN | SLANKAS | 11/7/2017 | 12/20/2012 |
| DENISE | ELAINE | SMIGIELSKI | 12/4/2017 | 1/16/2013 |
| SANDRA | LEE | SMILEY | 11/9/2017 | 12/22/2012 |
| CHRISTINE | RAE | SMITH | 11/15/2017 | 12/28/2012 |
| GLORIA | G | SMITH | 12/22/2017 | 2/3/2013 |
| KAYLA | MICHELE | SMITH | 10/25/2017 | 12/7/2012 |
| KESHA | M. | SMITH | 10/23/2017 | 12/5/2012 |
| LOUISE | | SMITH | 11/6/2017 | 12/19/2012 |
| MICHAEL | SHANE | SMITH | 11/21/2017 | 1/3/2013 |
| PAMELA | SUE | SMITH | 11/2/2017 | 12/15/2012 |
| SHARON | ANN | SMITH | 12/8/2017 | 1/20/2013 |
| PATRICIA | A | SMOOTE | 11/9/2017 | 12/22/2012 |
| SONRESSA | R | SNOWDEN | 11/13/2017 | 12/26/2012 |
| CATHERINE | MICHELE | SOGGIE | 11/30/2017 | 1/12/2013 |
| VANESSA | PATRICIA | SOLANO | 11/21/2017 | 1/3/2013 |
| ICILDA | | SOLOMON | 12/13/2017 | 1/25/2013 |
| MARIA | ALEIDA | SORIANO | 10/23/2017 | 12/5/2012 |
| CHRIS | | SOTO | 10/23/2017 | 12/5/2012 |
| VERA | | SOUTHWELL | 11/1/2017 | 12/14/2012 |
| MARIA | A | SPEAKS | 11/21/2017 | 1/3/2013 |
| KELIA | KASHAWN | SPEIGHT | 11/2/2017 | 12/15/2012 |
| MARGARET | | SPREITZER | 10/23/2017 | 12/5/2012 |
| ELAIJAH | | ST. GERMAIN | 11/6/2017 | 12/19/2012 |
| JILL | | STAMPER | 10/25/2017 | 12/7/2012 |
| REGINA | | STANEK | 10/25/2017 | 12/7/2012 |
| KATRINA | LATRICE | STANLEY | 1/17/2018 | 3/1/2013 |
| CARIE | ANN | STARKE | 11/9/2017 | 12/22/2012 |
| TERESA | JUANITA | STARLIN | 11/2/2017 | 12/15/2012 |
| BERNITA | NICHOL | STATEN | 12/13/2017 | 1/25/2013 |
| MELANEE | | STEFFY | 11/21/2017 | 1/3/2013 |
| BRANDON | GERALD | STENGEL-LEBLANC | 10/20/2017 | 12/2/2012 |
| ILONA | | STEPHENS | 12/4/2017 | 1/16/2013 |
| STEPHEN | MITCHELL | STERLING | 12/4/2017 | 1/16/2013 |
| ERIN | ELIZABETH | STEUDE | 10/25/2017 | 12/7/2012 |
| ALICIA | MARLEE | STEVENSON | 12/4/2017 | 1/16/2013 |
| AISHA | | STEWART-CARPENTER | 3/8/2018 | 4/20/2013 |
| BRITTANY | LYNN | STIRE | 11/21/2017 | 1/3/2013 |
| SANDRA | ANN | STRACCIA | 12/13/2017 | 1/25/2013 |
| DIANE | M | STRATTON | 12/8/2017 | 1/20/2013 |
| LAURA | | STRUBE-PITTMAN | 11/21/2017 | 1/3/2013 |

| | | | | |
|---|---|---|---|---|
| NAHUM | | SUAREZ JR | 11/2/2017 | 12/15/2012 |
| GERMAINE | R | SUBLETTE | 12/4/2017 | 1/16/2013 |
| CATHLEEN | | SUESSER | 11/6/2017 | 12/19/2012 |
| BRANDY | | SUHOREPETZ | 11/9/2017 | 12/22/2012 |
| MARYALICE | | SULLIVAN | 12/15/2016 | 7/17/2012 |
| REBECCA | LYNN | SULLIVAN | 10/17/2017 | 11/29/2012 |
| MOMODOU | | SUWAREH | 11/28/2017 | 1/10/2013 |
| PAUL | | SWEENEY | 12/4/2017 | 1/16/2013 |
| SHERMAN | D | SWEENEY | 11/21/2017 | 1/3/2013 |
| LISA | ANN | SWEZEY | 11/6/2017 | 12/19/2012 |
| ABBEY | LAUREN | SYLVESTER | 11/1/2017 | 12/14/2012 |
| CATHERINE | | TAGARIS | 12/12/2017 | 1/24/2013 |
| ELLIOTT | R | TALAVERA | 10/17/2017 | 11/29/2012 |
| MARY | KASHMIR | TALLMADGE | 11/2/2017 | 12/15/2012 |
| DIANNA | LYNN | TALMADGE | 11/13/2017 | 12/26/2012 |
| MARCIA | | TATE-SMALL | 12/8/2017 | 1/20/2013 |
| KEVIN | | TAYLOR | 1/25/2018 | 3/9/2013 |
| LA-ASIA | | TAYLOR | 12/13/2017 | 1/25/2013 |
| TEINA | RENAE | TAYLOR | 11/30/2017 | 1/12/2013 |
| TOMEKA | NICOLE | TAYLOR | 10/23/2017 | 12/5/2012 |
| JACQUELINE | SUE | TEMKIN | 11/17/2017 | 12/30/2012 |
| GREGORY | PARK | TERRY | 11/15/2017 | 12/28/2012 |
| SHARIF | M | TERRY | 11/1/2017 | 12/14/2012 |
| STEPHANIE | | TERRY | 11/17/2016 | 6/19/2012 |
| JENNIFER | | TERZINI | 12/7/2017 | 1/19/2013 |
| NAYIBE | | TESTAMARCK | 11/15/2017 | 12/28/2012 |
| WARILINE | | THAN | 11/17/2017 | 12/30/2012 |
| MARY | DENISE | THEODOSOPOULOS (JONES) | 11/9/2017 | 12/22/2012 |
| JENNIFER | M | THOMAS | 11/21/2017 | 1/3/2013 |
| LAVERN | | THOMAS | 11/2/2017 | 12/15/2012 |
| SUSAN | A | THOMPSON | 12/4/2017 | 1/16/2013 |
| NANCY | I | THOMSON | 11/17/2017 | 12/30/2012 |
| JENNIFER | | TIRADO | 12/8/2017 | 1/20/2013 |
| DESTRA | ERIN | TONTALA | 12/8/2017 | 1/20/2013 |
| KENDRA | LEIGH | TOOMEY | 11/13/2017 | 12/26/2012 |
| CIARA | | TOONE | 11/7/2017 | 12/20/2012 |
| MARGO | LYNN | TORRES | 11/30/2017 | 1/12/2013 |
| MARIBEL | | TORRES | 11/9/2017 | 12/22/2012 |
| SONIA | Y | TOVAR-HEREDIA | 11/15/2017 | 12/28/2012 |
| MARGARITA | | TOVES | 11/30/2017 | 1/12/2013 |
| STEVEN | | TOWNS | 12/12/2017 | 1/24/2013 |
| LISA | | TOZZI | 11/15/2017 | 12/28/2012 |
| JAIME | | TRUJILLO | 10/25/2017 | 12/7/2012 |
| RAWLE | B | TUCKER | 11/3/2017 | 12/16/2012 |
| TIMOTHY | JOHN | TUCKER | 10/25/2017 | 12/7/2012 |
| MELISSA | DEE | TULLOS | 11/2/2017 | 12/15/2012 |
| ANGELA | | TURNER | 11/21/2017 | 1/3/2013 |
| FRANCINE | MARIE | TURNER | 11/6/2017 | 12/19/2012 |
| WILLIAM | LEONDER | TURNER | 10/25/2017 | 12/7/2012 |

| | | | | |
|---|---|---|---|---|
| SCOTT | JOHN | TYRALA | 11/9/2017 | 12/22/2012 |
| LYNN | MARIE | TYRRELL | 10/23/2017 | 12/5/2012 |
| WENDY | MICHELLE | UPTON ESTES | 11/9/2017 | 12/22/2012 |
| STEPHANIE | A | URBAN | 10/25/2017 | 12/7/2012 |
| CHRISTIAN | MICHAEL | URDAHL | 11/21/2017 | 1/3/2013 |
| ELIZABETH | ANNE | USIATYNSKI | 12/4/2017 | 1/16/2013 |
| JUSTIN | KYLE COLLO | VALDEZ | 10/20/2017 | 12/2/2012 |
| TERESA | IVEY | VAN DAMME | 11/2/2017 | 12/15/2012 |
| JAMES | E | VAN DUZER | 10/25/2017 | 12/7/2012 |
| GINA | LEANNE | VANETTA | 12/8/2017 | 1/20/2013 |
| GIORDANO | | VASQUES | 3/8/2018 | 4/20/2013 |
| HOPE | ELLEN | VAUGHN | 11/2/2017 | 12/15/2012 |
| NEDA | FAZL | VAZIRI-PRESTON | 10/25/2017 | 12/7/2012 |
| KIANA | | VELASQUEZ | 11/17/2017 | 12/30/2012 |
| ANGELA | M | VELEZ | 12/8/2017 | 1/20/2013 |
| IANA | B | VELKOVA | 10/25/2017 | 12/7/2012 |
| CAITLIN | NICOLE | VENTURELLA | 12/8/2017 | 1/20/2013 |
| ROSALBA | | VIAS | 10/23/2017 | 12/5/2012 |
| NIVALDO | PEREZ | VICHOT | 11/2/2017 | 12/15/2012 |
| FRANCIS | | VIERA | 11/2/2017 | 12/15/2012 |
| DANIEL | | VILLA | 11/13/2017 | 12/26/2012 |
| JESSICA | ALEX | VILLALOBOS | 11/15/2017 | 12/28/2012 |
| FORREST | SETH | VINSON | 12/12/2017 | 1/24/2013 |
| ELZBIETA | U | WALENSKA | 12/21/2017 | 2/2/2013 |
| MARSHA | LYNN | WALKER | 10/23/2017 | 12/5/2012 |
| MELISSA | JOY | WALKER | 10/17/2017 | 11/29/2012 |
| STEVEN | WILLIAM | WALKER | 11/17/2017 | 12/30/2012 |
| KRISTA | LEAH | WALLER | 12/4/2017 | 1/16/2013 |
| CATUNDRA | M | WALTON | 1/25/2018 | 3/9/2013 |
| CIENCIA | M | WARD | 11/30/2017 | 1/12/2013 |
| JUSTIN | MATTHEW | WARD | 11/7/2017 | 12/20/2012 |
| ANGEL | ANN | WARE | 12/4/2017 | 1/16/2013 |
| JANICE | DENISE | WARREN | 10/25/2017 | 12/7/2012 |
| MARK | | WARREN | 12/21/2017 | 2/2/2013 |
| DEIDRA | CALLIE | WASHINGTON | 11/9/2017 | 12/22/2012 |
| LESLINE | | WATKINS | 10/23/2017 | 12/5/2012 |
| KAYLA | IRENE | WATTS | 11/15/2016 | 6/17/2012 |
| SHANNON | ASHLEY | WAUGH | 11/15/2017 | 12/28/2012 |
| RICHARD | DENNIS | WAYNE JR | 12/4/2017 | 1/16/2013 |
| STEVEN | | WEIGEL | 12/7/2017 | 1/19/2013 |
| WENDY | L | WEISS | 11/21/2017 | 1/3/2013 |
| DIANE | LOIS | WEISSMAN | 10/23/2017 | 12/5/2012 |
| CHRISTON | DURLEY | WELCH | 10/23/2017 | 12/5/2012 |
| STEVIE | LARNELL | WESLEY | 10/23/2017 | 12/5/2012 |
| LISA | ELIZABETH | WEST | 11/2/2017 | 12/15/2012 |
| TORRIE | | WESTBROOK | 10/17/2017 | 11/29/2012 |
| SHARON | | WEYER | 11/23/2016 | 6/25/2012 |
| JENNIFER | | WHALEN | 11/2/2017 | 12/15/2012 |
| NORMAN | | WHALER | 12/12/2017 | 1/24/2013 |

| ANDRA | DIANNE | WHEELER | 11/21/2017 | 1/3/2013 |
|---|---|---|---|---|
| ADRIENNE | | WHITE | 10/25/2017 | 12/7/2012 |
| TIMOTHY | JOHN | WHITE | 10/25/2017 | 12/7/2012 |
| JAMIE | TAYLOR | WHITEHOUSE | 12/4/2017 | 1/16/2013 |
| JOHN | E | WHITING | 11/17/2017 | 12/30/2012 |
| MICHAEL | W | WHITLOCK | 11/6/2017 | 12/19/2012 |
| TERESA | TOMOE | WHITMILL | 12/8/2017 | 1/20/2013 |
| SARAH | MARIE | WILCOX | 10/20/2017 | 12/2/2012 |
| MARIA | M | WILKINS | 11/21/2017 | 1/3/2013 |
| ALEXIS | | WILLIAMS | 12/21/2017 | 2/2/2013 |
| ALVIN | | WILLIAMS | 10/23/2017 | 12/5/2012 |
| ARNOLD | | WILLIAMS | 5/12/2014 | 5/13/2011 |
| DEBRA | L | WILLIAMS | 11/2/2017 | 12/15/2012 |
| LIA'DAWN | | WILLIAMS | 11/9/2017 | 12/22/2012 |
| NINA | | WILLIAMS | 10/25/2017 | 12/7/2012 |
| STEVEN | TERRY | WILLIAMS | 11/7/2017 | 12/20/2012 |
| WILLIAM | JOSEPH | WILLIAMSON | 12/23/2016 | 7/25/2012 |
| SANDRA | | WILLIS | 11/2/2017 | 12/15/2012 |
| LYNNAE | JEAN | WILSON | 11/21/2017 | 1/3/2013 |
| SHOLANDA | S | WILSON | 11/21/2017 | 1/3/2013 |
| LEANNE | NICOLE | WILSON (ULREY) | 12/8/2017 | 1/20/2013 |
| CATHERINE | GRACE | WINDMILLER | 12/21/2017 | 2/2/2013 |
| MARK | EDMUND | WINTEREGG | 11/2/2017 | 12/15/2012 |
| REECIA | | WITCHER | 11/2/2017 | 12/15/2012 |
| ALYSSA | MICHELLE | WITTES | 11/17/2017 | 12/30/2012 |
| LINDA | ANN | WOLFE | 10/25/2017 | 12/7/2012 |
| TIFFANY | SHARIE | WOODS | 12/13/2017 | 1/25/2013 |
| MONICA | LEIGH | WOODWORTH | 11/3/2017 | 12/16/2012 |
| JANICE | L | WRIGHT | 10/17/2017 | 11/29/2012 |
| LYNETTE | ANN | WRIGHT | 12/4/2017 | 1/16/2013 |
| ROSIE | MARIE | WRIGHT | 11/17/2017 | 12/30/2012 |
| SHAWN | MICHAEL | WRIGHT | 10/17/2017 | 11/29/2012 |
| SAMUEL | J | WYATT | 12/7/2017 | 1/19/2013 |
| DANIEL | | YALLEY | 11/21/2017 | 1/3/2013 |
| SUSSANNE | | YEE | 12/12/2017 | 1/24/2013 |
| CAROL | ANN | YOUNG | 10/25/2017 | 12/7/2012 |
| ROBIN | R | YOUNG | 12/8/2017 | 1/20/2013 |
| OSWALDO | | ZABALU | 11/9/2017 | 12/22/2012 |
| ELIZABETH | ANNE | ZABBO | 10/20/2017 | 12/2/2012 |
| TOMMY | | ZAHTILA | 1/2/2014 | 1/3/2011 |
| KATRIN | MARY | ZAPPA | 11/15/2017 | 12/28/2012 |
| SCOTT | PHILIP | ZAVERSNIK | 10/25/2017 | 12/7/2012 |
| CYNTHIA | ANN | ZELLMER | 12/12/2017 | 1/24/2013 |
| CHARNA | SUE | ZIEGLER | 11/7/2017 | 12/20/2012 |
| DEBORAH | | ZIERENBERG | 12/21/2017 | 2/2/2013 |
| JAMES | JOSEPH | ZLOKOVITZ | 11/9/2017 | 12/22/2012 |