# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

---------------------------------------------------------------X
CELINA ROBERTS, ANTHONY SCIOTTO,
ERIC BURNS, KERI DICKEY, ANGELA
RAMIREZ, DIANA SANTILLAN, CAMILLE
GHANEM, ARNOLD WILLIAMS, TOMMY
ZAHTILA, and GIANFRANCO PIRILO,
individually, and on behalf of other persons
similarly situated,

                     Plaintiffs,        CIVIL ACTION NO. 1:13-CV-13142

    v.

THE TJX COMPANIES, INC., a Delaware
Corporation; MARSHALLS OF MA, INC.,
a Massachusetts Corporation; MARMAXX
OPERATING CORP., a Delaware Corporation,
d/b/a MARSHALLS HOMEGOODS, d/b/a
MARSHALLS, d/b/a T.J. MAXX HOMEGOODS;
HOMEGOODS, INC., a Delaware Corporation;

                     Defendants.
---------------------------------------------------------------X

## [PROPOSED] PRELIMINARY APPROVAL ORDER

WHEREAS, Plaintiffs Celina Roberts, Anthony Sciotto, Eric Burns, Keri Dickey, Angela Ramirez, Diana Santillan, Camille Ghanem, Tommy Zahtila, and Gianfranco Pirolo ("Plaintiffs") and Defendants The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and Homegoods, Inc. ("Defendants") (together, the "Parties") have entered into a Stipulation and Settlement Agreement ("Settlement Agreement") intended to resolve claims asserted in this action that Defendants: (1) allegedly misclassified Merchandise Assistant Store Managers ("MASMs"), Operations Assistant Store Managers ("Operations ASMs"), and Customer Experience Assistant Store Managers ("Customer Experience ASMs")

at Marshalls, HomeGoods, Marshalls/HomeGoods combination stores, and on the HomeGoods side of T.J. Maxx/HomeGoods combination stores outside of California, and failed to pay them overtime in violation of the Fair Labor Standards Act; and (2) allegedly misclassified MASMs, Operations ASMs, and Customer Experience ASMs at Marshalls stores and Marshalls/HomeGoods combination stores located in the State of New York, and failed to pay them overtime in violation of the New York Labor Law ("ASM Claims"); and

WHEREAS, the Settlement Agreement, together with its Exhibits, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the ASM Claims against Defendants; and

WHEREAS, for purposes of settlement only, Plaintiffs seek certification of the following opt-out settlement class pursuant to Fed. R. Civ. P. 23:

> **NEW YORK STATE LAW SETTLEMENT CLASS:** Any and all persons employed in an ASM Position[1] at a Marshalls store or a Marshalls/HomeGoods combination store located in the State of New York during the period from December 11, 2007 to March 28, 2020.

WHEREAS, the Court has before it Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement ("Plaintiffs' Motion") and papers in support thereof, together with the Settlement Agreement and its Exhibits; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement are the result of good faith, arms' length settlement negotiations between competent and experienced counsel for both the Plaintiffs and Defendants; and

WHEREAS, having reviewed and considered the Settlement Agreement and

---

[1] ASM Position refers to the Merchandise Assistant Store Manager, Operations Assistant Store Manager, and Customer Experience Assistant Store Manager positions, collectively.

accompanying Exhibits, Plaintiffs' Motion, and the declaration filed in support of Plaintiffs' Motion, and having heard and considered the argument of counsel, the Court makes the findings and grants the relief set forth below.

**IT IS HEREBY ORDERED AS FOLLOWS:**

*Jurisdiction, Preliminary Approval of the Settlement Agreement, Certification of New York State Law Settlement Class for Settlement Purposes, and Appointment of Plaintiffs and Class Counsel*

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. The Court has jurisdiction over the subject matter of this Litigation, including the ASM Claims, Plaintiffs, the members of the Settlement Classes[2], Defendants, and the implementation and administration of the Settlement Agreement.

3. The Court approves as to form and content the Parties' Settlement Agreement and its exhibits, and preliminarily adjudges the terms of the Settlement Agreement to be fair, reasonable and adequate, and in the best interests of Plaintiffs and members of the Settlement Classes, and directs consummation of its terms and provisions.

4. On the basis of the findings set forth below, the Court hereby conditionally certifies the following New York State Law Settlement Class pursuant to Fed. R. Civ. P. 23 for settlement purposes only in accordance with the terms of the Settlement Agreement:

---

[2] Settlement Classes refers to the New York State Law Settlement Class and the FLSA Collective. The FLSA Collective refers to individuals who: (1) were MASMs at Marshalls stores, HomeGoods stores, and Marshalls/HomeGoods combination stores outside of California; (2) timely and properly opted in to this action as party-plaintiffs; (3) were not subsequently dismissed from this Litigation by the Court; and (4) are members of the conditionally certified FLSA collective in this Litigation.

**NEW YORK STATE LAW SETTLEMENT CLASS:** Any and all persons employed in an ASM Position at a Marshalls store or a Marshalls/HomeGoods combination store located in the State of New York during the period from December 11, 2007 to March 28, 2020.

5. If the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement or this Court does not grant Final Approval of the Settlement Agreement, or the settlement is not consummated for any reason whatsoever, the certification of the New York State Law Settlement Class shall automatically be cancelled and shall be void, and Defendants, pursuant to the terms of the Settlement Agreement, shall have reserved all of their rights to challenge the propriety of collective action certification or class action certification for any purpose. Defendants shall have reserved all of their rights to move to decertify the Fair Labor Standards Act ("FLSA") collective action should the Settlement Agreement not become final. Additionally, Plaintiffs, pursuant to the terms of the Settlement Agreement, reserve all of their rights, including the right to continue with the litigation of the ASM Claims as set forth in the Settlement Agreement should the Settlement Agreement not be consummated.

6. For the purposes of settlement only, the Court further conditionally appoints Celina Roberts, Anthony Sciotto, Eric Burns, Keri Dickey, Angela Ramirez, Diana Santillan, Camille Ghanem, Tommy Zahtila, and Gianfranco Pirolo, who are named plaintiffs in the Third Amended Complaint, as "Plaintiffs" and representatives of the members of the Settlement Classes. Plaintiffs, together with Class Counsel, are hereby authorized to act on behalf of themselves and members of the Settlement Classes with respect to the Litigation and the Settlement Agreement.

7. For the purposes of settlement only, the Court further conditionally finds that Plaintiffs' Counsel are adequate to serve as Class Counsel and conditionally appoints the following as "Class Counsel" pursuant to Fed. R. Civ. P. 23(g): Sara Wyn Kane, Robert J. Valli, Jr., and James A. Vagnini of VALLI KANE & VAGNINI LLP, Seth R. Lesser, Fran L. Rudich and Christopher M. Timmel of KLAFTER OLSEN & LESSER LLP, Sam J. Smith and Loren B. Donnell of BURR & SMITH, LLP, Hillary Schwab of FAIR WORK, P.C., Cyrus Mehri and Michael D. Lieder of MEHRI & SKALET, PLLC, Marc S. Hepworth, Charles Gershbaum, and David A. Roth of HEPWORTH, GERSHBAUM & ROTH, PLLC, Gregg Shavitz, Camar Jones, and Alan L. Quiles of SHAVITZ LAW GROUP, PA, Emily E. Smith-Lee of SLN LAW, LLC, and Jay D. Ellwanger of ELLWANGER LAW, LLP.

*Notice to New York State Law Settlement Class*

8. The Court authorizes notice of the settlement set forth in the Settlement Agreement to members of the New York State Law Settlement Class, as the proposed settlement falls within the range of reasonableness, and may be adjudicated fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23 and the Class Action Fairness Act of 2005 ("CAFA"), upon final consideration thereof at the Final Approval Hearing provided for below.

9. The content of the proposed Settlement Notice to members of the New York State Law Settlement Class is hereby approved. The Settlement Notice is accurate, objective, informative and provides members of the New York State Law Settlement Class with the information necessary to make an informed decision regarding their participation in, exclusion from, or objection to the Settlement Agreement and its fairness.

10. The method of disseminating the Settlement Notice to be sent to members of the New York State Law Settlement Class, as set forth in the Settlement Agreement, is hereby found to be the best practicable means of providing notice of the settlement under the circumstances and, when sent, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all members of the New York State Law Settlement Class entitled to participate in the settlement, in full compliance with the notice requirements of Fed R. Civ. P. 23, due process, the Constitution of the United States, the laws of the Commonwealth of Massachusetts and all other applicable laws. The Parties are directed to ensure that the Settlement Notice is disseminated to members of the New York State Law Settlement Class according to the terms of Section VII of the Settlement Agreement. Such Settlement Notice shall issue on or before the date that is twenty (20) calendar days from the entry of this Order and after class data is finalized by the Claims Administrator.

*Appointment of Claims Administrator*

11. The Court approves and appoints JND Legal Administration (the "Claims Administrator") to serve as the Claims Administrator in accordance with the terms of the Settlement Agreement and this Order. By agreeing to serve as the Claims Administrator, JND Legal Administration voluntarily agrees to subject itself to the jurisdiction of this Court and waives any jurisdictional objections.

12. The Claims Administrator shall perform the duties of the Claims Administrator set forth in the Settlement Agreement, including but not limited to the distribution of the Settlement Notice to members of the New York State Law Settlement Class and all other duties enumerated in Section XV.D of the Settlement Agreement.

13. Prior to the Final Approval Hearing, the Claims Administrator shall provide to the Parties a sworn statement attesting to compliance with the terms of the Settlement Agreement, and the Parties shall file that statement with the Court.

*Requests for Exclusion from the New York State Law Settlement Class*

14. Members of the New York State Law Settlement Class may request exclusion from the Final New York State Law Settlement Class and the Settlement Agreement. Any member of the New York State Law Settlement Class who wishes to be excluded ("opt-out") must send a written opt-out request for exclusion to the Claims Administrator, so that it is received by the Claims Administrator at the address indicated in the Settlement Notice no later than forty-five (45) calendar days after the date on which the Claims Administrator mails the Settlement Notice to the members of the New York State Law Settlement Class, in accordance with the terms of the Settlement Agreement. In order to be effective, this Request for Exclusion must express the individual's desire to be excluded from the Final New York State Law Settlement Class, and include the individual's name (and former names, if any), current address, telephone number, and Social Security number, and the dates of employment, and must be signed by the individual who is electing to be excluded. Requests for Exclusion that do not include all required information, or that are not timely received by the Claims Administrator, will be deemed null, void, and ineffective.

15. By opting out, any member of the New York State Law Settlement Class who previously filed a consent form to join the FLSA Collective shall be deemed to have withdrawn that consent and will no longer be a member of the FLSA Collective for any purpose, including this Settlement Agreement.

16. Members of the New York State Law Settlement Class may not exclude themselves by filing requests for exclusion as a group or class, but must in each instance individually and personally execute a Request for Exclusion and timely transmit it to the Claims Administrator in accordance with the terms of the Settlement Agreement.

17. Any member of the New York State Law Settlement Class who does not properly and timely opt-out shall be bound by all the terms and provisions of the Settlement Agreement, the Final Approval Order, the Final Judgment, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement Agreement. All members of the New York State Law Settlement Class who do not personally, timely and validly opt-out as set forth in the Settlement Agreement are enjoined from proceeding against the Released Persons for the Released Claims.

18. All members of New York State Law Settlement Class who submit valid and timely notices of their intent to be excluded from the Final New York State Law Settlement Class, including but not limited to those who are also members of the FLSA Collective, shall not: (i) have any rights under the Settlement Agreement; (ii) be entitled to receive a Settlement Payment; (iii) have a right to object to the Settlement Agreement; and (iv) be bound by the Settlement Agreement, any Final Approval Order, or the Final Judgment.

19. Any member of the New York State Law Settlement Class who does not elect to be excluded from the Settlement Agreement may, but need not, enter an appearance through

his or her own attorney. Members of the New York State Law Settlement Class who do not enter an appearance through their own attorneys will be represented by Class Counsel.

*Objections by Members of the New York State Law Settlement Class to the Settlement*

20. Any member of the New York State Law Settlement Class who does not opt-out from the Final New York State Law Settlement Class may object to the Settlement Agreement. Each member of the New York State Law Settlement Class wishing to object to the Settlement Agreement shall submit a timely written notice of his or her objection, which shall set forth the Objector's name and address, a detailed statement of the basis for each objection asserted, the grounds on which the Objector desires to appear and be heard (if any), and, if the Objector is represented by counsel, the name and address of counsel, and further provide notice as to whether the Objector intends to appear at the Final Approval Hearing, and an entry of appearance. If counsel is appearing on behalf of more than one Objector, counsel must identify each such Objector and each such Objector must have individually complied with the requirements of this Order.

21. To be timely, written notice of an objection in the appropriate form must be sent so that it is received by the Claims Administrator no later than forty-five (45) calendar days after the date on which the Claims Administrator mails the Settlement Notice to the members of the New York State Law Settlement Class.

22. No member of the New York State Law Settlement Class shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement Agreement, and no written objections or materials submitted by any member of the New York State Law Settlement Class shall be received or considered by the

Court at the Final Approval Hearing, unless such written objections or materials complied with the requirements of this Order, are timely filed and served as set forth herein and detailed in the form of Settlement Notice attached to the Settlement Agreement as Exhibit A. Any member of the New York State Law Settlement Class who seeks to object but fails to comply with the requirements of this Order will be deemed to have waived any right to object.

*Schedule for Settlement and Claims Administration*

23. The Court adopts the following schedule:

| Event | Proposed Timing |
|---|---|
| Settlement Notice Sent to Members of the New York State Law Settlement Class | Twenty (20) calendar days after the entry of this Order and after data is finalized by the Claims Administrator |
| Deadline for Members of the New York State Law Settlement Class to File Requests for Exclusion or Object to the Settlement | Forty-five (45) calendar days after the date the Claims Administrator mails the Settlement Notices to the members of the New York State Law Settlement Class |
| Final Approval Hearing | Not earlier than one-hundred (100) calendar days after the date the Preliminary Approval Motion was filed with the Court |

*The Final Approval Hearing*

24. A hearing on Final Approval of the Settlement (the "Final Approval Hearing") is hereby scheduled to be held before this Court on ____ day of _____ 2021 at ___:__0 _.M. in Courtroom __ of the John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts, 02210, to determine whether: (a) the settlement set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the members of the Final Settlement Classes; and (b) a Final Judgment as to the ASM Claims as

provided in the Settlement Agreement should be entered granting final approval of the Settlement.

25. At the Final Approval Hearing, the Court shall also consider Class Counsel's application for attorneys' fees, costs and expenses and the Service Payment Recipients' application for Service Payments. Any application for an award of attorneys' fees, costs, and expenses, and any application for Service Payments to the Service Payment Recipients shall be filed with the Court in connection with the Motion for Final Approval of the Settlement Agreement.

26. The date and time of the Final Approval Hearing shall be set forth in the Settlement Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the New York State Law Settlement Class other than those who are Objectors.

27. Only members of the New York State Law Settlement Class who have filed and served valid and timely notices of objection shall be entitled to be heard (whether individually or through counsel) at the Final Approval Hearing. Any member of the New York State Law Settlement Class who does not timely file an objection in writing to the Settlement, entry of Final Judgment, Class Counsel's application for fees, costs, and expenses, or to the Service Payments proposed for the Service Payment Recipients, in accordance with the procedure set forth in the Settlement Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

*Other Provisions*

12

28.     Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.


**SO ORDERED,** this _____ day of _____, 2020


_____
Hon. Allison D. Burroughs
United States District Judge