**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

------------------------------------------------------------X
CELINA ROBERTS, ANTHONY SCIOTTO, ERIC BURNS, KERI DICKEY, ANGELA RAMIREZ, DIANA SANTILLAN, CAMILLE GHANEM, ARNOLD WILLIAMS, and OLUWATOSIN BABALOLA, individually, and on behalf of other persons similarly situated,

Plaintiffs,

v.

CIVIL ACTION NO. 1:13-CV-13142

THE TJX COMPANIES, INC., a Delaware Corporation; MARSHALLS OF MA, INC., a Massachusetts Corporation; MARMAXX OPERATING CORP., a Delaware Corporation, d/b/a MARSHALLS HOMEGOODS, d/b/a MARSHALLS, d/b/a T.J. MAXX HOMEGOODS; HOMEGOODS, INC., a Delaware Corporation;

Defendants.
------------------------------------------------------------X

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND IN SUPPORT OF AWARD OF CLASS COUNSEL'S FEES, COSTS AND EXPENSES, SERVICE PAYMENTS, AND PAYMENT OF THE CLAIMS ADMINISTRATOR**

Plaintiffs Celina Roberts, Anthony Sciotto, Eric Burns, Keri Dickey, Angela Ramirez, Diana Santillan, Camille Ghanem, Tommy Zahtila, and Gianfranco Pirolo ("Plaintiffs"), by and through their counsel, hereby move the Court for final approval of the class and collective action settlement with set forth in the Stipulation and Settlement Agreement ("Settlement Agreement") attached as Exhibit 1 to the Preliminary Approval Declaration of Seth R. Lesser, ECF No. 369-2 ("Lesser Prelim. Dec."). Defendants The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and Homegoods, Inc. ("Defendants") do not oppose this motion.

Plaintiffs respectfully request that the Court enter the proposed Final Approval Order, consented to by Defendants, which, *inter alia*, pursuant to Federal Rules of Civil Procedure 23(e), 23(h), and 54(d)(2), seeks the following relief: (1) final approval of the preliminarily approved class and collective action settlement ("Settlement") and adjudging the terms of the Stipulation and Settlement Agreement ("Settlement Agreement") to be fair, reasonable, and adequate as to the Final Fair Labor Standards Act ("FLSA") Settlement Class and the Final New York State Law Settlement Class (together, the "Final Settlement Classes"); (2) final approval of the Settlement Classes for purposes of settlement only; (3) dismissal of the Released Claims from the Litigation on the merits and with prejudice and permanently enjoining all members of the Final Settlement Classes from prosecuting against Defendants and the Released Persons any Released Claims; (4) approval to pay the Claims Administrator, JND Class Action Administration, LLC ("JND"), in an amount of $60,000; (5) approval of an award of Class Counsel's Fees, Costs and Expenses, in the amount of $10,500,000 ($153,493.02 in costs and $10,346,506.98 in fees); (6) approval of an award of Service Payments, as set forth in the proposed Final Approval Order; and (7) assertion and retention of jurisdiction over the claims alleged, the Parties in the Litigation and the implementation and administration of the Parties' Settlement Agreement.

Defendants The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and Homegoods, Inc. ("Defendants") do not oppose this motion or the relief sought.[1]

[1] Though Defendants would, in the course of litigation, vigorously oppose Plaintiffs' claims on the merits, seek decertification of the FLSA collective, and oppose Plaintiffs' motion for Rule 23 certification of the putative New York state law class, they do not oppose the instant motion for settlement purposes only. Defendants reserve the right to raise any argument with respect to the merits of Plaintiffs' claims, the appropriateness of the final certification of the FLSA Collective, the propriety of certification of the putative Rule 23 New York state law class, and to make arguments contrary to any of Plaintiffs' positions in their memorandum.

In support of this relief, Plaintiffs have contemporaneously filed a memorandum of law in support of this motion for final approval of the class and collective action settlement. The proposed agreed-to Final Approval Order and Final Judgment is attached to Plaintiffs' memorandum as Exhibit A.

Date: December 24, 2020

Respectfully submitted,

/s/ *Seth R. Lesser*

**KLAFTER OLSEN & LESSER LLP**
Seth R. Lesser**
Fran L. Rudich
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200

**VALLI KANE & VAGNINI LLP**
Sara Wyn Kane*
Robert J. Valli, Jr.*
James A. Vagnini*
600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: (516) 203-7180

**BURR & SMITH, LLP**
Sam J. Smith*
Loren B. Donnell*
111 2nd Ave. N.E., Suite 1100
St. Petersburg, FL 33701
Telephone: (813) 253-2010

**MEHRI & SKALET, PLLC**
Cyrus Mehri*
1250 Connecticut Ave., NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100

**ELLWANGER LAW LLP**
Jay D. Ellwanger*
8310-1 N. Capital of Texas Hwy., Ste. 190
Austin, Texas 78731
Telephone: (737) 808-2262

**FAIR WORK, P.C.**
Hillary Schwab
192 South Street, Suite 450
Boston, MA 02111
Telephone: (617) 607-3260

**HEPWORTH, GERSHBAUM & ROTH, PLLC**
Marc S. Hepworth*
David A. Roth*
192 Lexington Avenue, Suite 802
New York NY 10016
Telephone: (212) 545-1199

**SHAVITZ LAW GROUP PA**
Gregg Shavitz*
Alan Quiles*
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888

***Attorneys for Plaintiffs***

* Admitted *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I, Seth R. Lesser, hereby certify that a true copy of the above document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on December 24, 2020.

/s/ *Seth R. Lesser*
Seth R. Lesser

*Attorney for Plaintiffs*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

----------------------------------------------------------X
CELINA ROBERTS, ANTHONY SCIOTTO, ERIC BURNS, KERI DICKEY, ANGELA RAMIREZ, DIANA SANTILLAN, CAMILLE GHANEM, ARNOLD WILLIAMS, TOMMY ZAHTILA, and GIANFRANCO PIRILO, individually, and on behalf of other persons similarly situated,

Plaintiffs,

CIVIL ACTION NO. 1:13-CV-13142

v.

THE TJX COMPANIES, INC., a Delaware Corporation; MARSHALLS OF MA, INC., a Massachusetts Corporation; MARMAXX OPERATING CORP., a Delaware Corporation, d/b/a MARSHALLS HOMEGOODS, d/b/a MARSHALLS, d/b/a T.J. MAXX HOMEGOODS; HOMEGOODS, INC., a Delaware Corporation;

Defendants.
------------------------------------------------------------X

**[PROPOSED] FINAL APPROVAL ORDER**

WHEREAS, Plaintiffs Celina Roberts, Anthony Sciotto, Eric Burns, Keri Dickey, Angela Ramirez, Diana Santillan, Camille Ghanem, Tommy Zahtila, and Gianfranco Pirolo ("Plaintiffs") and Defendants The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and Homegoods, Inc. ("Defendants") (together, the "Parties") have entered into a Stipulation and Settlement Agreement ("Settlement Agreement") intended to resolve claims asserted in this action that Defendants: (1) allegedly misclassified Merchandise Assistant Store Managers ("MASMs"), Operations Assistant Store Managers ("Operations ASMs"), and Customer Experience Assistant Store Managers ("Customer Experience ASMs") at Marshalls, HomeGoods,

Marshalls/HomeGoods combination stores, and on the HomeGoods side of T.J. Maxx/HomeGoods combination stores outside of California, and failed to pay them overtime in violation of the Fair Labor Standards Act; and (2) allegedly misclassified MASMs, Operations ASMs, and Customer Experience ASMs at Marshalls stores and Marshalls/HomeGoods combination stores located in the State of New York, and failed to pay them overtime in violation of the New York Labor Law ("ASM Claims"); and

WHEREAS, the Settlement Agreement, together with its Exhibits, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the ASM Claims against Defendants; and

WHEREAS, the Settlement Agreement, together with its Exhibits, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the ASM Claims against Defendants; and

WHEREAS, for purposes of settlement only, Plaintiffs seek certification of the following opt-out settlement class pursuant to Fed. R. Civ. P. 23:

> **NEW YORK STATE LAW SETTLEMENT CLASS:** Any and all persons employed in an ASM Position[1] at a Marshalls store or a Marshalls/HomeGoods combination store located in the State of New York during the period from December 11, 2007 to March 28, 2020.

WHEREAS, the Court has before it Plaintiffs' Unopposed Motion for Final Approval of Class and Collective Action Settlement and in Support of Award of Class Counsel's Fees, Costs and Expenses, Service Payments, and Payment of the Claims Administrator ("Plaintiffs' Motion") and papers in support thereof, together with the Settlement Agreement and its Exhibits; and

[1] ASM Position refers to the Merchandise Assistant Store Manager, Operations Assistant Store Manager, and Customer Experience Assistant Store Manager positions, collectively.

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement are the result of good faith, arms' length settlement negotiations between competent and experienced counsel for both the Plaintiffs and Defendants; and

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, Plaintiffs' Motion, and the declarations filed in support of Plaintiffs' Motion, and having heard and considered the argument of counsel, the Court makes the findings and grants the relief set forth below.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of this action and over all Parties to this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a), including the following opt-out settlement class pursuant to Fed. R. Civ. P. 23 that was preliminarily certified by virtue of the Court's July 27, 2020 Preliminary Approval Order for settlement purposes:

**NEW YORK STATE LAW SETTLEMENT CLASS:** Any and all persons employed in an ASM Position at a Marshalls store or a Marshalls/HomeGoods combination store located in the State of New York during the period from December 11, 2007 to March 28, 2020.

and the following opt-in collective action pursuant to Section 216(b) of the FLSA conditionally certified by the Court's March 31, 2017 Order:

**FLSA COLLECTIVE**: Individuals who: (1) were MASMs at Marshalls stores, HomeGoods stores, and Marshalls/HomeGoods combination stores outside of California; (2) timely and properly opted in to this Litigation as party-plaintiffs; (3) were not subsequently dismissed from this Litigation by the Court; and (4) are members of the conditionally certified FLSA collective in this Litigation.

2. The Court finds, for settlement purposes only, that the New York State

Law Settlement Class, as defined above, satisfies the requirements of Fed. R. Civ. P. Rule 23(a) and is maintainable under Rule 23(b)(3), and that those members of the New York State Law Settlement Class who did not timely and validly exclude themselves from the class incompliance with the opt-out and exclusion procedures set forth in the Settlement Agreement constitute the Final New York State Law Settlement Class, as that term is used in the Settlement Agreement.

3. The Court finds, for settlement purposes only, that the FLSA Collective, as defined above, satisfies the requirements to be maintainable as a settlement collective action under 29 U.S.C. § 216(b), and that those members of the FLSA Collective as that term is used in the Settlement Agreement constitute the Final FLSA Settlement Class, as that term is used in the Settlement Agreement.

4. Together, the Final New York State Law Settlement Class and the Final FLSA Settlement Class shall be referred to herein, as in the Settlement Agreement, together as the Final Settlement Classes and are finally certified, for final settlement purposes only, to effectuate the terms of the Settlement Agreement.

5. The Court finds and determines Class Counsel and Plaintiffs are adequate counsel and representatives for settlement purposes, respectively, and hereby authorizes them to act on behalf of the Final Settlement Classes with respect to the Litigation and the Settlement Agreement.

6. The Settlement Notice, as authorized by the July 27, 2020 Preliminary Approval Order, and as disseminated by the Claims Administrator, adequately informed members of the New York State Law Settlement Class of, among other things, the terms of the Settlement Agreement, the process available to them to receive settlement

proceeds, and informed members of the New York State Law Settlement Class of their right to exclude themselves from the Settlement and to pursue their own remedies, as well as their opportunity to file written objections and to appear and be heard at the January 5, 2021 Final Approval Hearing. The Settlement Notice also adequately informed the members of the New York State Law Settlement Class of a toll-free number for the Claims Administrator for inquiries about the Settlement. The Court hereby finds that the Settlement Notice satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

7. The Court hereby approves the proposed Settlement Agreement and finds that the settlement is fair, reasonable and adequate to the FLSA Collective and New York State Law Settlement Class. The Court finds that sufficient investigation, research and litigation has been conducted such that counsel for the parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with the further prosecution of this action. The Court further finds that the Settlement Agreement has been reached as the result of intensive, arms-length negotiations, including mediation with an experienced third-party neutral.

8. In accordance with the Settlement Agreement, Defendants shall provide to the Claims Administrator funds equal to the Maximum Gross Settlement Amount, less any pre-paid Mediation Expenses (as defined in the Settlement Agreement), which shall be deposited in a non-interest bearing Qualified Settlement Fund, within ten (10) business days after the Final Effective Date (as defined in the Settlement Agreement) or August 16, 2021, whichever date is later.

9. Also in accordance with the Settlement Agreement, within twenty (20) business days after Defendants fund the Qualified Settlement Fund, the Claims

Administrator shall mail Settlement Payments to members of the Final Settlement Classes.

10. The Court further orders that the Claims Administrator will send a copy of this Final Approval Order to members of the Final Settlement Classes at the same time the Claims Administrator mails the Settlement Payments to those individuals.

11. Class Counsel shall be awarded thirty-three and one-third percent (33 and 1/3%) ($10,500,000) of the Maximum Gross Settlement Amount for fair and reasonable attorneys' fees, costs and expenses incurred in the prosecution of this Litigation, such award to be paid from the Maximum Gross Settlement Amount in full compromise and satisfaction of any and obligations by Released Persons to pay any person, attorney, or law firm (including but not limited to Class Counsel) for attorneys' fees, expenses or costs (including but not limited to any fees, costs, and expenses related to testifying and non-testifying experts and consultants) incurred on behalf of all members of the Settlement Classes regarding the Released Claims and shall relieve Released Persons of any other claims or liability to any person for any attorneys' fees, expenses, and costs (including but not limited to any fees, costs, and expenses related to testifying and non-testifying experts and consultants) to which any person may claim to be entitled on behalf of any members of the Settlement Classes in the Litigation. It is further ordered that the Claims Administrator shall provide payment via electronic means of these Class Counsel's Fees, Costs and Expenses within twenty (20) business after Defendants fund the Qualified Settlement Fund, provided that Class Counsel has met their obligations in Sections X.E & X.F of the Settlement Agreement.

12. The Settlement Claims Administrator shall be paid its costs and expenses

of $60,000 from the Maximum Gross Settlement Amount within twenty (20) business after Defendants fund the Qualified Settlement Fund.

13. Service Payments, as set forth in the Settlement Agreement, are approved as follows: $10,000 each to Named Plaintiffs Celina Roberts, Anthony Sciotto, Eric Burns, Keri Dickey, Angela Ramirez, Diana Santillan, Camille Ghanem, Tommy Zahtila, and Gianfranco Pirolo; $3,500 each to three of the FLSA Collective members who appeared for deposition, Eugene Costa, Jr., Norma McKenzie, and Shawn Corway; and $7,500 to a fourth FLSA Collective member who also provided deposition testimony in the case, Karen Razzetti-Giaimis, due to their performance of substantial services for the benefit of the FLSA Collective and New York State Law Settlement Class. Such awards are to be paid from the Maximum Gross Settlement Amount, as specified in the Settlement Agreement. Also in accordance with the Settlement Agreement, within twenty (20) business days after Defendants fund the Qualified Settlement Fund, the Claims Administrator shall mail these Court-approved Service Payments to the Service Payment Recipients.

14. In accordance with the Settlement Agreement, any funds distributed to a member of the Final Settlement Classes that are unclaimed (i.e., unclaimed within 120 calendar days following the mailing date) shall escheat to the appropriate state agency applicable to that individual one hundred (100) calendar days from the date on which the Settlement Payment check has expired.

15. The Court finds and determines that the Settlement Payments to be made to the Final Settlement Classes, as provided in the Settlement Agreement are fair, reasonable and adequate, and gives final approval to and orders that those Settlement

Payments be made to the Final Settlement Classes in accordance with the terms of the Settlement Agreement.

16. The Released Claims, and all provisions related thereto, set forth in the Settlement Agreement are approved by the Court and fully incorporated in this Order. In accordance with the Settlement Agreement, the Released Claims are effective as of the Final Effective Date. Plaintiffs, and all Releasing Persons[2] hereby forever completely settle, compromise, release, and discharge the Released Persons from any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action of any kind whatsoever as defined below in i-vii, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any Releasing Person has or might have, known or unknown, asserted or unasserted, of any kind whatsoever as defined in i-vii, even if presently unknown and/or unasserted, that occurred at any time up to and including July 27, 2020. This includes the following "Released Claims":

i. any and all claims asserted in the Litigation or that could have been asserted in the Litigation that those individuals employed in an ASM Position were not properly classified as exempt employees;

[2] "Released Persons" refers to The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and HomeGoods Inc., as well as to each of their past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners, joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of its/their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and HomeGoods Inc., divisions, units, branches and any other persons or entities acting on their behalf, including any entity that was a customer of The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and HomeGoods Inc., for which any member of the Settlement Classes performed work or services during their employment with The TJX Companies, Inc., Marshalls of MA, Inc., Marmaxx Operating Corp., and HomeGoods Inc.

ii. any and all claims for unpaid wages, minimum wages, liquidated damages, retaliation for raising any complaints about wage and hour issues, attorneys' fees, costs and expenses, pre- and post-judgment interest, overtime, or non-payment of wages, or any other wage-related or recordkeeping-related claims, damages or relief of any kind arising from the allegation that those individuals employed in an ASM Position were misclassified as exempt from overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.;

iii. any and all claims under the wage and hour laws and regulations of the state of New York arising from the allegation that those individuals employed in an ASM Position were misclassified as exempt from overtime including, but not limited to, Articles 6 and 19 of the New York Labor Law; 12 New York Codes, Rules and Regulations Parts 137-142; New York General Business Law § 399-H; and any and all state statutory or common law wage claims,[3] including, but not limited to claims of unjust enrichment, quantum meruit, retaliation for raising any complaints about wage and hour issues, and any and all claims for wages, paid time off, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and any and all claims for failure to reimburse business expenses, any and all claims for failure to provide wage statements, any and all claims for failure to provide any compensation-related notice, and any and all claims for penalties or damages available under the wage and hour laws of the state of New York, or any state statutory or common law wage claims, including but not limited to claims for attorneys' fees, costs and/or expenses, liquidated damages, punitive damages, civil penalties, equitable remedies, and/or pre- or post-judgment interest;

iv. any and all claims under state and federal law for breach of express contract or labor agreement (for earned wages, overtime, and/or missed or interrupted meal breaks), implied contract, money had and received in assumpsit, quantum meruit/unjust enrichment,

[3] For those Plaintiffs and Releasing Persons who were employed by Defendants in the Commonwealth of Massachusetts, this release includes, but is not limited to, the wage and hour laws and regulations of the Commonwealth of Massachusetts, including but not limited to the Massachusetts Payment of Wages Law, Mass. Gen. Laws Ch. 149 § 148 *et seq*., the Massachusetts Minimum Fair Wage Law, Mass. Gen. Laws Ch. 151 § 1 *et seq.*, the Massachusetts Overtime Law, Mass. Gen. Laws Ch. 151 § 1A *et seq.*, the Minimum Wage Regulations, 455 CMR § 2.01 *et. seq*., Mass. Gen. Laws Ch. 149 § 100, the Massachusetts Prevailing Wage Laws, including Mass. Gen. Laws Ch. 149 § 26 *et seq.*, and any state common law wage claims, including, but not limited to claims of unjust enrichment, and any and all claims for wages, bonuses, commissions, overtime, vacation pay, severance pay, or any other form of compensation of any kind, and retaliation for raising any complaints about wage and hour issues.

fraud, retaliation for raising any complaints about wage and hour issues, negligent misrepresentation, equitable estoppel, promissory estoppel, conversion, and failure to keep accurate records arising from the allegation that those individuals employed in an ASM Position were misclassified as exempt from overtime;

v. any and all claims for benefits or other amounts under any compensation or benefit plan, program, arrangement, or agreement based on any alleged failure to pay wages or accrued time off, including but not limited to minimum wages or overtime wages arising from the allegation that those individuals employed in an ASM Position were misclassified as exempt from overtime;

vi. any and all wage-and-hour laws or wage-related claims of any kind under any other laws, including but not limited to any and all such claims pursuant to other federal, local, or other states' laws and/or regulations arising from the allegation that those individuals employed in an ASM Position were misclassified as exempt from overtime or that any Plaintiff or Releasing Person was retaliated against for raising any complaints about wage and hour issues; and

vii. any and all claims for attorneys' fees, costs and expenses arising from any of the Released Claims.

17. The Court further approves the release by Plaintiffs Celina Roberts, Anthony Sciotto, Eric Burns, Keri Dickey, Angela Ramirez, Diana Santillan, Camille Ghanem, Tommy Zahtila, and Gianfranco Pirolo, and FLSA Collective members Eugene Costa, Jr., Norma McKenzie, Shawn Corway, and Karen Razzetti-Giaimis, set forth in the Section XII.B.(1)-(2) and Section XII.C of the Settlement Agreement and hereby fully incorporates the same in this Order.

18. As provided in the Settlement Agreement, if pursuant to the Grounds for Settlement Termination set forth in Section XVI.A(1)-(2) of the Settlement Agreement, it is cancelled, rescinded, terminated, voided, or nullified, however that may occur, or the Settlement is barred by operation of law, is invalidated, or otherwise is ordered not to be carried out by any Court, then: (i) the Settlement Agreement shall be terminated and shall have no force or effect, and no party shall be bound by any of its terms; (ii) Defendants

shall have no obligation to make any payments to any Party, Plaintiff, member of the FLSA Collective, or member of the New York State Law Settlement Class, or Class Counsel, except that the Parties shall be jointly responsible (*i.e.*, each Party will be responsible for fifty percent (50%) of fees, costs and expenses due) for (a) paying the Claims Administrator for services rendered up to the date the Claims Administrator is notified that the Settlement Agreement has been terminated, and (b) paying Mediation Expenses (as defined in the Settlement Agreement); (iii) the July 27, 2020 Preliminary Approval Order, this Order and Judgment, including any order of class or collective certification, shall be vacated; (iv) the Settlement Agreement and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties, all of whom shall be restored to their respective positions in the Litigation prior to the settlement; and (v) neither the Settlement Agreement, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in this Litigation or any other action for any purpose whatsoever. In addition, the certification of the Settlement Classes provided for herein and in the July 27, 2020 Preliminary Approval Order will be vacated and the Litigation shall proceed as though the Settlement Classes had never been certified, without prejudice to any party's position on the issue of class or collective action certification or any other issue, including Defendants' ability to oppose class or collective action certification, or to move to decertify any FLSA collective action or Rule 23 class action. Further, if the Settlement Agreement is terminated pursuant to Section XVI of the Settlement Agreement, it shall not be offered, received, or construed as an admission of any kind concerning whether any class or

collective is certifiable or any other matter.

19. This Court enters final judgment consistent with this Order and hereby dismisses the Released Claims (as defined in the Settlement Agreement) on the merits and with prejudice, and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement. The Court hereby permanently enjoins all members of the Final Settlement Classes from prosecuting against Defendants and the Released Persons any Released Claims.

20. The Court retains jurisdiction over this claims alleged, the Parties in the Litigation, and the implementation and administration of the Settlement Agreement.

DONE AND ORDERED, this ___ day of _______, 2021.

____________________________________
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE